IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE M. PAGANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2024-CV-13320 |
| | ) | |
| SHERIFF OF COOK COUNTY THOMAS J. DART, | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | |
| THOMAS J. DART, in his Official Capacity as SHERIFF | ) | **JURY TRIAL DEMANDED** |
| OF COOK COUNTY, and COOK COUNTY, | ) | |
| as Indemnitor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, NICOLE M. PAGANI, by and through her Attorneys,

BRIAN J GRABER LLC and HAWKS QUINDEL S.C., and complaining of the Defendants,

SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE,

THOMAS J. DART, in his Official Capacity as SHERIFF OF COOK COUNTY, and COOK

COUNTY, as indemnitor, as follows:

### NATURE OF THE ACTION

1. Plaintiff, NICOLE M. PAGANI, is a sergeant employed by the Cook County Sheriff's

Office and brings this action against Defendants, SHERIFF OF COOK COUNTY, THOMAS J.

DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as

SHERIFF OF COOK COUNTY, and COOK COUNTY, as indemnitor for sex discrimination and

retaliation for her protected activities in violation of her rights under Title VII of Civil Rights Act

of Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, et seq., and the

Illinois Human Rights Act, 755 ILCS 5/1-101, et seq. Plaintiff NICOLE M. PAGANI brings

1

claims for retaliation under the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/14(c), against the Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART, in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as indemnitor. Plaintiff NICOLE M. PAGANI brings claims against Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART, in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as indemnitor, for retaliation in violation of the Illinois Whistleblower Act, 740 ILCS 174/1, et seq.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over Count I – sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-2(a) and (b) and Count II – retaliation in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-3(a) of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. §2000e-5(f)(3).

3. This Court has supplemental jurisdiction over Count III – sex discrimination in violation of the Illinois Human Rights Act, (hereinafter referred to as "IHRA"), 775 ILCS 5/2-102(A) and Count IV – retaliation in violation of the IHRA, 775 ILCS 5/6-101 pursuant to 28 U.S.C. §1367(a).

4. This Court has subject matter jurisdiction over Count V – Retaliation, Fair Labor Standards Act, (hereinafter referred to as "FLSA"), 29 U.S.C. §215(a)(3), pursuant to 28 U.S.C. §1331, and 29 U.S.C. §216(b).

5. This Court has supplemental jurisdiction over Count VI – Retaliation, Illinois Wage

2

Payment and Compensation Act, (hereinafter referred to as "IWPCA"), 820 ILCS 115/14(c), pursuant to 28 U.S.C. §1367(a).

6. This Court has supplemental jurisdiction over Count VII – Illinois Whistleblower Act, (hereinafter referred to as "IWA"), 740 ILCS 174/1, et seq., pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because all Defendants reside in the District and all the events giving rise to this suit occurred therein.

**PARTIES**

8. At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, employ Plaintiff, NICOLE M. PAGANI, as a sergeant in the Cook County Sheriff's Office.

9. At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, are an employer as the term is defined by 42 U.S.C. §2000e(a) and (b) employing Plaintiff, NICOLE M. PAGANI, as a sergeant in the Cook County Sheriff's Office having fifteen or more employees for each working day in each of the twenty or more calendar weeks in 2023 or 2024.

10. At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, are an employer as defined by IHRA, 775 ILCS 5/2-101(B)(1)(c) employing Plaintiff, NICOLE M. PAGANI, as a sergeant in the Cook County Sheriff's Office since September of 2013.

11. At all times mentioned herein, Plaintiff, NICOLE M. PAGANI, is an employee of the Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, as the term is defined by 42 U.S.C. §2000e(f), IHRA, 775 ILCS 5/2-101(A), and IWA, 740 ILCS 740 ILCS 174/5.

12. At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY and each of them, are employers as the term is defined by IWA, 740 ILCS 174/5 employing Plaintiff, NICOLE M. PAGANI, as a sergeant in the Cook County Sheriff's Office.

13. At all times mentioned herein, Plaintiff, NICOLE M. PAGANI, is a protected class, female, under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-2(a)(1) and (2) and IHRA, 775 ILCS 5/1-103(O) and (Q).

14. At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, were "employers" as the term is defined by IWA, 740 ILCS 174/5 as a unit of local government.

**ALLEGATIONS COMMON TO ALL CLAIMS**

15. On or about November 14, 2014, through January 8, 2024, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, employed Plaintiff, NICOLE M. PAGANI as a senior investigator in the Office of Professional

Review, criminal and confidential Squad 4, which involves the following terms, conditions, duties and responsibilities:

a) Investigation high level criminal administrative and official investigations of sworn and civilian employees throughout the Cook County Sheriff's Office involving but not limited to high profile/media attention cases involving criminal sexual assault, introduction of contraband into a penal institution, excessive use of force, theft of government property, ghost payrolling, civil rights violations and official misconduct;

b) Handling cases deemed confidential in nature involving high ranking members of the Sheriff's Office;

c) Working significant overtime, between 213.4 hours – 777.66 hours per year;

d) Issuance of laptop and cell phone issued by the Cook County Sheriff's Office.

16. In November or December of 2019, Plaintiff, NICOLE M. PAGANI, as part of the terms and conditions of her position with Squad 4 of the Office of Professional Review, Criminal and Confidential Unit with the Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, was required to pass a background process to become a Task Force Officer with the Federal Bureau of Investigation (FBI), Public Corruption and Civil Rights Violation Squad (WC-3). As a Task Force Officer, Plaintiff, NICOLE M. PAGANI's terms, conditions, duties, and responsibilities as a Task Force Officer assigned to Squad 4 include:

a) On July 6, 2022, being sworn in and receiving a special appointment with the United States Marshall Services;

b) In October 27, 2022, being granted top secret clearance with the FBI;

c) Being granted FBI credentials with access to a badge that would provide entry into federal facilities;

d) Being provided with a covert FBI take-home vehicle and a gas card;

e)      The FBI reimbursed the Defendants up to $17,000.00 per year for overtime Plaintiff worked as Task Force Officer and provided Plaintiff federally-issued equipment;

f)      Being provided with access federal parking facilities in downtown Chicago;

g)      Being provided with professional law enforcement training hosted by or through the FBI both in and out of State;

h)      Being provided with opportunities to work on major investigations involving other governmental agencies, including, but not limited to the Chicago Police Department, Chicago Fire Department, and other suburban agencies and municipalities;

i)      Being provided with opportunities to travel out of State and, in some cases out of the Country;

j)      The ability to establish strong working relationships with the FBI and U.S. Attorney's Office;

k)      The ability to work with the FBI after retirement from employment with the Defendants conducting background checks for prospective Task Force Officers.

17.      Between November 14, 2014, through January 7, 2024, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees had not taken any disciplinary action against Plaintiff, NICOLE M. PAGANI.

18.      On or about July of 2021, Plaintiff, NICOLE M. PAGANI, and other members of OPR Squad 4 learn from a confidential informant that several Cook County Sheriff employees were ghost payrolling and working secondary employment as security. This investigation expanded significantly from July of 2021, through January of 2024 to include:

a)      More than 20 employees were clocking in and/or out employees other than themselves for their shifts with the Cook County Sheriff's Office;

b)      Allegations expended to include fraud, information was being received implicating staff with committing theft of government relief funds, including Covid-19 pandemic funds;

c)      While reviewing hundreds of thousands of emails, forensic telephone dumps it was discovered that 3-months of schedules had been falsified in order for employees to receive hazard pay through the Federal Cares Act;

d)      Cook County Sheriff Office was training staffs' personal dogs with Cook County Sheriff's Office staff and County resources. While conducting surveillance it was discovered that the Cook County Sheriff's Office was training the personal dog of the owner of a supply company the Cook County Sheriff does business with;

e)      A staff member was discovered to have committed computer fraud by knowingly falsifying paperwork and signing that paperwork to obtain over $9,000.00 by fraud.

f)      Ghost payrolling during Covid.

19.     In late 2021, Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/15(b) and with other members of Squad 4 by contacting the FBI Public Corruption Squad and assisting the FBI in 2021, by using federal grand jury subpoenas to gather evidence and through the use of the forensic phone dumps discovered evidence that many of the targets of the investigation were working on Thomas J. Dart's 2022 re-election campaign.

20.     In approximately November or December of 2021, Plaintiff NICOLE M. PAGANI engages in protected activity under IWA, 740 ILCS 174/15(b) by providing Peter G. Lisuzzo, Executive Director of Professional Review of the Cook County Sheriff's Office that the Director of OPR was covering up, fixing, or failing to investigate OPR complaints filed against the Assistant Executive Director, DAC, and the Chief of Operations' subordinate, and that the Director should not be allowed to have access to any part of the on-going investigation because the Director would likely deliberately sabotage the on-going investigation demonstrating a reasonable belief there has been and will be future violations of Official Misconduct, 720 ILCS

5/33-3, Intimidation, 720 ILCS 5/12-6(a)(6), Obstruction of Justice, 720 ILCS 720 ILCS 5/31-4, and Law Enforcement Misconduct, 720 ILCS 5/33-9.

21. On or about March 23, 2022, in the morning, Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/15(b) along with other members of Squad 4 by providing Bradley Curry, Chief of Staff of the Cook County Sheriff, with information from the criminal investigation that the Cook County Sheriff's Office is providing training for the personal dog of the owner of a supply company who is doing business with the Cook County Sheriff's Office. Bradley Curry became visibly upset stating these weren't his people they were Tarry's.

22. On or about March 23, 2022, the investigation goes overt and seventeen employees are de-deputized, including four exempt rank employees.

23. On or about March 23, 2022, during the afternoon, Plaintiff, NICOLE M. PAGANI, engages in protected activity under IWA, 740 ILCS 174/15(b) with other employees of Squad 4 by providing Bradley Curry and Helen Burke, Chief Legal Officer for the Cook County Sheriff information about some of the evidence against the de-deputized employees and the exempt rank employees. Helen Burke requests Squad 4 provide a draft memorandum which could be used to terminate the four exempt de-deputized employees.

24. Between April of 2022, through December of 2023, Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/15(b) by providing Peter G. Lisuzzo, Executive Director of Professional Review with evidence that a corrections officer "RM" falsified official documents that she sent to the Cook County Sheriff's Office's payroll department and was compensated for hours she never worked.

25.     In the days following the de-deputization of Squad 4's targets, Peter G. Lisuzzo, advises Plaintiff, NICOLE M. PAGANI, that he had a phone call with Helen Burke who is very concerned that the documents that had already been submitted for reimbursement could expose the Cook County Sheriff's Office to being responsible for paying back millions of dollars in COVID relief funds.

26.     Later, Peter G. Lisuzzo informs Plaintiff, NICOLE M. PAGANI, that on a very regular basis, pretty much every time he talks to Helen Burke, that she is very concerned about the ongoing investigation and would inquire about the status of the investigation and while on a conference call on unrelated matters, Bradley Curry, had to tell Helen Burke to stop talking about the investigation.

27.     Throughout 2022, Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by providing Peter G. Lisuzzo with updates on the evidence found in forensic phone dumps, official Cook County Sheriff's Office email dumps including the discovery of members of the executive office along with members of their families were utilizing Cook County Sheriff's Office resources for personal gain by having Cook County Sheriff's Office employees train their personal dogs while on the clock and working for the Cook County Sheriff's Office indicating a good faith belief there were violations of Official Misconduct 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes),Theft of Labor 720 ILCS 5/16-1, 5 ILCS 430/70-5, (requiring adoption of County Ethics Act), Cook County Ethics Ordinance Sec. 2-561(a)(6), Sec. 2-576 County Owned Property; See *People v. Mehelic*, 152 Ill. App. 3d 843 (5th Dist. 1987) (township highway commissioner committed official misconduct by directing township employees to repair his

personal automobile in the township garage during working hours obtaining a personal advantage).

28.     Throughout 2022, Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by informing Peter G. Lisuzzo that Jennifer Black, First Deputy Chief of Staff for Administration for the Cook County Sheriff was manipulating job postings with the Cook County Sheriff's Office for members of the executive staffs' family members.

29.     Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by informing Peter G. Lisuzzo that email correspondence was discovered between Jennifer Black and Tarry Williams, Cook County Sheriff's Office Chief of Operations manipulating job postings for jobs so that two of Tarry Williams' sons would be hired indicating a reasonable belief of violations of Official Misconduct 720 ILCS 5/33-3, 720 ILCS 5/12-6(a)(6), 5 ILCS 430/70-5, (requiring adopt of County Ethics Act), and Cook County Code Sec. 2-582.

30.     Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by informing Peter G. Lisuzzo that Jennifer Black had a niece hired for an administrative assistant position where she was assigned to work directly for Bradley Curry. Jennifer Black's niece was then sent through the correctional officer's academy, given certification, and was never obligated to work in the capacity as an officer. These hirings took place between 2020-2022 when the Cook County Sheriff's Office was claiming to be short of officers in the jail and according to an email sent out by the Cook County Sheriff Administration under a hiring freeze indicating a reasonable belief of violations of Official Misconduct 720 ILCS 5/33-3, 720 ILCS 5/12-6(a)(6), 5 ILCS 430/70-5, (requiring adopt of County Ethics Act), and Cook County Code Sec. 2-582.

31.     In 2023, there were numerous times when Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by informing the FBI that she reasonably believes in good faith Peter G. Lisuzzo was giving information protected by Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) involving Squad 4 and the FBI joint investigation to Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Jennifer Black, and Erica Dillon indicating violations of Official Misconduct, 720 ILCS 5/33(a) and (b), Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and 18 U.S.C. §3322.

32.     On or about September 19, 2023, at approximately 2:45 p.m., Plaintiff, NICOLE M. PAGANI, and another member of Squad 4 were meeting with Peter G. Lisuzzo to go over the federal criminal investigation so Peter G. Lisuzzo could up-date Tom Dart and Bradley Curry.

33.     During this meeting Plaintiff engages in protected activity under IWA, 740 ILCS 174/15(b) by informing Peter G. Lisuzzo about the following evidence discovered during the pending investigations:

a)     Numerous employees including some holding executive positions were utilizing Cook County Sheriff's resources for personal gain by having their personal dogs trained by Cook County Sheriff's Office employees. This also included the owner of a supply company was allowed to have his personal dog trained by Cook County Sheriff's Office employees indicating violations of Official Misconduct 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes),Theft of Labor 720 ILCS 5/16-1, 5 ILCS 430/70-5, (requiring adopt of County Ethics Act), Cook County Ethics Ordinance Sec. 2-561(a)(6), Sec. 2-576 County Owned Property; See *People v. Mehelic*, 152 Ill. App. 3d 843 (5th Dist. 1987) (township highway commissioner committed official misconduct by directing township employees to repair his personal automobile in the township garage during working hours obtaining a personal advantage).

b)     Advised that the Executive Director of Electronic Monitoring was attending the Chicago Metro Police Academy and there may have had fraudulent documents submitted to the Illinois Law Enforcement Training and Standards Board, she was utilizing a County issued vehicle, was still on CCSO payroll, and she was using her IVR to clock in for the day. Evidence was starting to suggest that she may be involved in ghost payrolling indicating violations of Official Misconduct, 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be

used for public purposes),Theft of Government funds, 720 ILCS 5/16-1, Wire Fraud, 720 ILCS 5/17-24, Computer Fraud, 720 ILCS 5/17-50.

c) Advised that the Chief Deputy Sheriff sent a racist comment and picture to other members of the executive staff on County issues electronic devices evidencing violations of Hate Crime, 720 ILCS 5/12-7.1, Civil Rights Act of 2003, 740 ILCS 23/5(a)(1) and (2), 42 U.S.C. §1983 and Equal Protection violation of 14th Amendment of the U.S. Constitution and 42 U.S.C. §1981, and violations of 775 ILCS 5/2-102 the IHRA and Title VII.

34. During this meeting Peter G. Lisuzzo advises Plaintiff that he will discuss with Bradley Curry the status of the Executive Director of Electronic Monitoring's status and where she was reporting to work every day. Later, Peter G. Lisuzzo advises Plaintiff NICOLE M. PAGANI that Bradley Curry advised Peter G. Lisuzzo to leave it alone and that we were not to continue investigating the information we were receiving.

35. On or about that day or several days after Peter G. Lisuzzo has his meeting with Thomas J. Dart and Bradley Curry in late September of 2023, Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, that going forward he will be giving Thomas J. Dart regular up-dates on the federal criminal investigation stating to Plaintiff that "the Sheriff's is our boss and if he asks questions and wants to know about a case we are going to tell him" and Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, that as she starts to gather information from the results of the federal grand jury search warrants she is to tell him so he can in turn let Defendant, Thomas J. Dart know. Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, that if the evidence shows that Cook County Sheriff employees are committing acts in which they were accused of he needs to have that information immediately so he can brief Thomas J. Dart and Bradley Curry.

36. Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/20 telling Peter G. Lisuzzo that she refuses to violate Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) by providing grand jury material that cannot be shared.

37. On or about October 16, 2023, Peter G. Lisuzzo arrives at the office and tells Plaintiff. NICOLE M. PAGANI, he wants a copy of the signed grand jury search warrant and affidavit because he needs to know exactly what information Squad 4 and the FBI had requested and what they were looking at.

38. Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/15(b) by stating she wants to check with the FBI supervisor to make sure the information Peter G. Lisuzzo was demanding was not protected by Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and she can legally turn this information over.

39. Peter G. Lisuzzo became enraged with the Plaintiff, NICOLE M. PAGANI, yelling that she is the affiant of the grand jury search warrant and an employee of the Cook County Sheriff's Office and she is the only TFO (Task Force Officer) for the FBI.

40. Plaintiff, NICOLE M. PAGANI, engages in protected activity under IWA, 740 ILCS 174/20 refusing to turn over the information demanded by Peter G. Lisuzzo until she verifies with the FBI supervisor she would not be in violation of Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and 18 U.S.C. §3322.

41. Peter G. Lisuzzo became very unprofessional screaming at the Plaintiff that she needs to stop the secretive stuff and he wants the affidavit and grand jury search warrant on his desk.

42. At all times mentioned herein, Peter G. Lisuzzo knew or should have known that Plaintiff, NICOLE M. PAGANI, was going to engage in protected activity under 740 ILCS 174/15(b) by reporting that she reasonably and honestly believed to the FBI that he was trying to get information protected by federal rules, including Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and 18 U.S.C. §3322 and provide grand jury protected information to persons like

Thomas J. Dart, Bradley Curry, Nicholas Scouffas, Helen Burke, and Jennifer Black in violation of the law.

43. On or about October 16, 2023, Plaintiff, NICOLE M. PAGANI, engages in protected activity under 740 ILCS 174/15(b) by going to the FBI and reporting Peter G. Lisuzzo is demanding she provide him with access to an affidavit and search warrant she reasonably believes is protected by Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) so he can provide confidential information to persons in the Cook County Sheriff's Department that are not entitled to that confidential information indicating a violation of Official Misconduct, 720 ILCS 5/33-3, Fed. R. Crim Pro. 6(e)(3)(A)(ii), 18 U.S.C. §3322, and 720 ILCS 5/33-3(b).

44. On or about October 16, 2023, the FBI supervisor informs Plaintiff, NICOLE M. PAGANI, that he will meet with Peter G. Lisuzzo and determine what information he would be given and that Peter G. Lisuzzo would not be given any grand jury protected materials.

45. On or about October 16, 2023, Plaintiff, NICOLE M. PAGANI, engages in protected activity under 740 ILCS 174/20 by refusing to give Peter G. Lisuzzo the affidavit and grand jury search warrant in violation of Federal Rules, including Federal Rule of Criminal Procedure 6(e)(3)(A)(ii).

46. On or about October 23, 2023, Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, that she is no longer to provide the FBI with any information pertaining to any violations of law committed by employees of the Cook County Sheriff's Office and in violation of 740 ILCS 174/20.1 and 740 ILCS 174/20.2 engages in adverse action by threatening her that she would be in trouble if she reported any more evidence of crimes committed by Cook County Sheriff's employees to the FBI.

47. On or about October 23, 2023, under 740 ILCS 174/10 along with 740 ILCS 174/25, it is a class A misdemeanor for Peter G. Lisuzzo and the Defendants to make, adopt, or enforce any rule or policy preventing the Plaintiff. NICOLE M. PAGANI, from disclosing information to a government or law enforcement agency like the FBI if she has a reasonable cause to believe that the information discloses a violations of a State or federal law, rule or regulation.

48. On or about October 23, 2023, under 18 U.S.C. §4 makes it a crime for a person who has knowledge of the actual commission of a felony conceal or not make known to a judge or other person in civil or military authority under the United States. Plaintiff NICOLE M. PAGANI engages in protected activity under the IWA, 740 ILCS 174/20 by refusing to follow Peter G. Lisuzzo's order to violate 740 ILCS 174/10, 740 ILCS 174/25 and 18 U.S.C. §4. Plaintiff NICOLE M. PAGANI engages in protected activity under IWA, 740 ILCS 174/15(b) by informing the FBI that Peter G. Lisuzzo instructed her not to report crimes committed by Cook County Sheriff's employees to the FBI in violation of the law.

49. On or about December 6, 2023, Peter G. Lisuzzo calls the Plaintiff, NICOLE M. PAGANI, into his office with Erica Dillon to discuss Case No. SO-21-00077963 and refuses to allow investigator Michael Reed to attend the meeting.

50. During the meeting on or about December 6, 2023, Plaintiff, NICOLE M. PAGANI, engages in protected activity under IWA, 740 ILCS 174/20 by refusing Peter G. Lisuzzo's demand to provide details about a grand jury search warrant protected by Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and 18 U.S.C. §3322.

51. On or about December 13, 2023, Plaintiff, NICOLE M. PAGANI, engaged in protected activity under 740 ILCS 174/15(b) by providing Kim Foxx's Cook County State's

Attorney's Office with evidence of the crimes reasonably believed to be committed by Cook County Sheriff's Office employees, including Assistant Director, DAC, Assistant Executive Director DRC, Director AG, Correctional Officer, RM, and Correctional Officer AN, suggesting violations of Official Misconduct, 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes), Theft of Government funds, 720 ILCS 5/16-1, Wire Fraud, 720 ILCS 5/17-24, Computer Fraud, 720 ILCS 5/17-50 and evidence suggesting payroll tax fraud was being committed. To the extent federal funds were used to pay hazard pay or overtime and were stolen. 18 U.S.C. §641, Wire Fraud, 18 U.S.C. §1343, 18 U.S.C. §666, 18 U.S.C. §981, and 28 U.S.C. §2461. Despite significant evidence of crimes committed Cook County Sheriff's employees, the representative from Kim Foxx's Cook County State's Attorney's Office took no notes and appeared to be very disinterested in prosecuting these crimes.

52. On or about December 20, 2023, Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by providing Peter G. Lisuzzo, Erica Dillon, Bradley Curry, Helen Burke, and Nicholas Scouffas, General Counsel for the Cook County Sheriff with the following evidence of public corruption and wrongdoing under 740 ILCS 174/20.1:

a) Several Cook County Sheriff's Office employees committed several crimes including but not limited to wire fraud, computer fraud, and theft. There is evidence in the form of text messages recovered from a forensic phone dump that was performed on Cook County Sheriff issued devices that Cook County Sheriff's employees conspired to engage in falsification of official documents to obtain Covid relief funds. Cook County Sheriff employees admitted to submitting official documents to CCSO payroll for reimbursement after they knowingly provided false information on those documents. Cook County Sheriff employees admitted to submitting official documents to CCSO payroll for reimbursement after they knowingly provided false information on those documents. Information was being uncovered in the FBI investigation that millions of dollars in funds that the Cook County Sheriff's Office received under the Cares Act was misappropriated by employees ghost payrolling and individuals being investigated working over 200 hours in a single 2 week pay period which equals upwards of

16

over 120 hours over overtime and 1 and ½ times the regular hourly salary. Numerous employees were working 200 hours in a single two-week pay period. Many individuals were found to have exceeded their regular salary in overtime pay, which exceeded $75,000 over their regular base pay. Still images taken from covert cameras showing employees who conspired to clock someone other than themselves in and/or out for their shifts. There is evidence that payroll tax fraud was being committed. There is evidence that Director AG had an electronic signature for Thomas J. Dart that could be used to forage his signature on any documents. There is evidence these Cook County Sheriff's employees committed several crimes including Official Misconduct, 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes), Theft of Government Funds, 720 ILCS 5/16-1, Forgery and Wire Fraud, 720 ILCS 5/17-24, and Computer Fraud, 720 ILCS 5/17-50. To the extent federal funds were used to pay hazard pay or overtime and were stolen, federal crimes involve violations of 18 U.S.C. §641, Wire Fraud, 18 U.S.C. §1343, 18 U.S.C. §666, 18 U.S.C. §981, and 28 U.S.C. §2461.

b) Evidence showing employees doing political work for Sheriff's Dart's re-election campaign in 2022 and a review of the Workforce Timekeeping system for several of the CCSO employees had not submitted time off requests until after the fact and therefore were likely conducting political business while they should have been working for CCSO. Some of these employees claim they were forced to work on Sheriff Dart's 2022 re-election campaign. Those employees eventually put in and were approved for time off requests. There are email dumps showing evidence Cook County Sheriff's Office employees were using Cook County Sheriff's Office resources – communication devices to work on Thomas J. Dart's 2022 re-election campaign. Helen Burke and the others were provided with evidence County resources were being used for purposes in the form of screenshots taken from County issued cell phones that showed the employees were sending Thomas J. Dart's campaign flyers and conversations about working on Thomas J. Dart's campaign. These facts indicate a reasonable belief that there are violations of the following laws: Official Misconduct, 720 ILCS 5/33-3, ILConst. Art. 8, §1, Political Rights Protected, 50 ILCS 135/10, Abuse of Political Influence Prohibited, 55 ILCS 5/3-14037, 55 ILCS 5/3-12011(d), 55 ILCS 5/3-12009(a)(2), 55 ILCS 5/3-14039, Intimidation, 720 ILCS 5/12-6(a)(6), 5 ILCS 430/70-5 (requiring all Illinois Counties to adopt an ethics code that mirrors 5 ILCS 430/5-15 Prohibited Political Activities), Cook County Code Sec. 2-583 – Political Activity, and violations of the Hatch Act, 5 U.S.C. §1502(a)(1).

c) Provided evidence that executive staff were using Cook County Sheriff's Office resources for their own personal benefit. Executive employees were bringing their personal dogs in to be trained by Cook County Sheriff's employees on working time. There was evidence that Cook County Sheriff's employees would drive to a Chicago supply company owner's place of business and pick up his personal dog and take it to Cook County Sheriff's campus to train the dog and at the end of the day drive the dog back to the owner's company and drop it off. This all occurred

17

while Cook County Sheriff's employees were on the clock. During the presentment of the evidence Helen Burke became upset and admitted to having her dog trained by Cook County Sheriff's Office employees claiming Tarry Williams approved of employees having their personal dogs trained by CCSO employees. Additional evidence of FBI interviews were provided. This includes evidence that owner of a supply company doing business with the CCSO was having his personal dog trained by CCSO employees. These facts evidence a reasonable belief the following laws were being violated: Official Misconduct, 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes), theft of labor, 720 ILCS 5/16-1, Intimidation, 720 ILCS 5-12-6(a)(6), 5 ILCS 430/70-5 (requiring all counties to adopt an ethics code), Cook County Ethics Code Sec. 2-561(a)(6), Sec. 2-576. See *People v. Mehelic,* 152 Ill. App. 3d 843 (5th Dist. 1987) (holding township highway commissioner committed Official Misconduct by directing township employees to repair his personal vehicle in the township garage during working hours obtaining a personal advantage).

d)   Plaintiff started to bring up issues of nepotism and improper hiring discovered in the email dumps involving Jennifer Black and Tarry Williams indicating violations of Official Misconduct, 720 ILCS 5/33-3, Intimidation, 720 ILCS 5/12-6(a)(6), 5 ILCS 43070-5 (requiring all Illinois counties to adopt an ethics code) and Cook County Code Sec. 2-582.

e)   Plaintiff advised that the Assistant Executive Director had numerous cases sent to OPR that were closed by the Director without doing any kind of an investigation. One of these cases had to do with the security jobs and intimidating civilians in the neighborhoods and the Assistant Executive Director bribing the head of security for Federal Express not to report the intimidation. Peter G. Lisuzzo cut-off further discussion but Helen Burke wanted more information. This indicates violations of Official Misconduct, 720 ILCS 5/33-3, Intimidation, 720 ILCS 5/12-6(a)(6), Obstruction of Justice, 720 ILCS 5/31-4, and Law Enforcement Misconduct, 720 ILCS 5/33-9.

f)   Helen Burke wanted to know if there was any evidence that rosters submitted for reimbursement of Covid funds on behalf of the emergency response team had been falsified. Plaintiff advises Helen Burke there is some evidence and was advised that text messages were sent on Cook County Sheriff's devices evidencing the Assistant Executive Director DAC and Director AG conspiring to add names without verifying if those members of ERT were actually working. The text messages mentioned it was being done in case of any potential audits by the federal government in the future. Plaintiff advises that she has more work to do on that part of the investigation and that her access to the Oracle database had been taken away so she needed her access restored so she could complete that part of the investigation.

53.   On or about December 20, 2023, Helen Burke directed the Plaintiff, NICOLE M.

PAGANI, to draft a final report in the next few weeks.

54.     On or about December 20, 2023, at approximately 1:15 p.m., Peter G. Lisuzzo calls Plaintiff, NICOLE M. PAGANI, into his office with Erica Dillon to discuss the meeting they had earlier with Bradley Curry, Helen Burke, and Nicholas Scouffas.

55.     During this meeting, Peter G. Lisuzzo claims he met with Bradley Curry, Helen Burke, and Nicholas Scouffas and they discussed what should not be included in the report. Peter G. Lisuzzo directs Plaintiff, NICOLE M. PAGANI, to complete the report by January 22, 2024.

56.     Peter G. Lisuzzo hears Plaintiff, NICOLE M. PAGANI, express her concerns about writing a report that left out important information about Cook County Sheriff's Office employees violating laws, getting the report done between the up-coming holidays and her scheduled time off, and the move of Squad 4 from Building 5.

57.     Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, to do whatever she needed to do to get the report done.

58.     Peter G. Lisuzzo and Erica Dillon then became upset with the Plaintiff, NICOLE M. PAGANI, because she engaged in protected activity under IWA, 740 ILCS 174/15(b) reporting to Bradley Curry, Helen Burke, and Nicholas Scouffas about Cook County Sheriff's Office executive staff having their personal dogs trained with CCSO resources and threatened Plaintiff, NICOLE M. PAGANI, that it should never be brought up again.

59.     On or about January 3, 2024, at approximately 12:48 p.m., Peter G. Lisuzzo calls the Plaintiff NICOLE M. PAGANI with Erica Dillon on the line and begins screaming at Plaintiff for a time sheet that she submitted for working overtime on December 24, 2023, on the report that he told Plaintiff to do whatever she needed to do to get the report done.

60. Peter G. Lisuzzo screams at the Plaintiff, NICOLE M. PAGANI, that he is denying her earned overtime on December 24th along with the earned overtime she worked on January 2nd and 3rd of 2024, on the report.

61. On January 3, 2024, Plaintiff, NICOLE M. PAGANI, engages in protected activity under the Fair Labor Standards Act, (FLSA), 29 U.S.C. §215(a)(3) and Illinois Wage Payment and Collection Act, (IWPCA), 820 ILCS 115/14(c) stating that it is a violation of law for her not to be compensated for the overtime she worked as Peter G. Lisuzzo continues to yell at her.

62. On January 4, 2024, Plaintiff, NICOLE M. PAGANI, engages in protected activity under FLSA, 29 U.S.C. §215(a)(3) and the IWPCA, 820 ILCS 115/14(c) by drafting and emailing Peter G. Lisuzzo and Erica Dillon explaining why she believes Peter G. Lisuzzo gave her authority to work overtime to complete the report.

63. On or about January 8, 2024, Peter G. Lisuzzo angrily tells Plaintiff NICOLE M. PAGANI that he wants to talk to her and orders her to get into his office.

64. Peter G. Lisuzzo hears Plaintiff NICOLE M. PAGANI request union representation.

65. While Plaintiff NICOLE M. PAGANI is walking down the hall looking for her union representative, Peter G. Lisuzzo yells at Plaintiff NICOLE M. PAGANI that she does not need a union representative and she needs to get into his office.

66. Peter G. Lisuzzo orders Plaintiff's union representative to leave thereby denying Plaintiff's request for union representation and claiming that Plaintiff NICOLE M. PAGANI was not being disciplined, subjected to Article U, or de-deputized.

20

67.     Peter G. Lisuzzo kicks Plaintiff NICOLE M. PAGANI's union representative out and closes the door to his office.

68.     Peter G. Lisuzzo tells Plaintiff NICOLE M. PAGANI that she is being transferred to Squad 3and that her access to the FBI as a Task Force Officer is revoked which is a demotion.

69.     Peter G. Lisuzzo hears Plaintiff NICOLE M. PAGANI immediately requests union representation which he denies.

70.     Peter G. Lisuzzo and Defendants agents Dillon, Rentas, and Parks hear Plaintiff NICOLE M. PAGANI continue to request union representation but they ignore her requests as well as her protests that her union representation rights were being violated. Ultimately, because Plaintiff's requests were being ignored, she walked out of Peter G. Lisuzzo's office to find her union representative.

71.     Plaintiff NICOLE M. PAGANI returns to Peter G. Lisuzzo's office with her union representative just a short time later and Peter G. Lisuzzo tells Plaintiff NICOLE M. PAGANI that she is being Article U'd out of OPR, contrary to his previous statements, and orders her to go sit in the conference room.

72.     Peter G. Lisuzzo brings Plaintiff NICOLE M. PAGANI back into his office after several hours and tells her that she is not going to be Article U'd after all, but she was still being transferred and demoted to Squad 3, he demands Plaintiff turn in her work cellphone and work computer, over her protestations that she needs to keep them for use in ongoing cases with outside agencies. Peter G. Lisuzzo then has Plaintiff NICOLE M. PAGANI escorted out of Building 2 to Building 5 to gather her personal belongings because she is no longer in Squad 4.

73.     Following the transfer and demotion of Plaintiff NICOLE M. PAGANI from Squad 4 to Squad 3 and the revoking her FBI access through the Task Force, Peter G. Lisuzzo

replaces Plaintiff NICOLE M. PAGANI and filled her position on Squad 4 with a male employee who was given Plaintiff's office and at least one of her cases. Plaintiff NICOLE M. PAGANI was denied any opportunity to advise the FBI of her forced transfer and demotion – Peter G. Lisuzzo told her that he would be the one to communicate with the FBI going forward.

74. Following the forced transfer and demotion of Plaintiff NICOLE M. PAGANI from Squad 4 to Squad 3 and the forced revocation of her FBI access through the Task Force, Defendants provide Plaintiff NICOLE M. PAGANI with another desk with no privacy partition. Plaintiff was the only one that did not have a privacy partition.

75. Following the Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, acting through its executive management including but not limited to Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Erica Dillon, and/or Peter G. Lisuzzo and each of them forcing the transfer and demotion of Plaintiff NICOLE M. PAGANI from Squad 4 to Squad 3 adversely affected the terms and conditions of her employment because, *inter alia*, Plaintiff NICOLE M. PAGANI received very little overtime work and was relegated to merely investigating administrative cases involving detainee grievances, use of force, and failure to protect. Any cases that rose to the level of criminal charges would be immediately forwarded to Squad 4 for criminal investigation.

76. Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, acting through its executive management including but not limited to Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Erica Dillon, and/or Peter G. Lisuzzo and each of them forcing the transfer and demotion of Plaintiff NICOLE M. PAGANI

22

from Squad 4 to Squad 3 adversely affects Plaintiff's terms and conditions of employment, *inter alia*, the following ways:

    a)    Plaintiff was no longer allowed to be involved in high-level criminal and official investigation of sworn and civilian employees throughout the Cook County Sheriff's Office involving high-profile cases of criminal sexual assault, introduction of contraband into a penal institution, excessive use of force, theft of government property, ghost payrolling, civil rights violations and other serious official misconduct;

    b)    Plaintiff was no longer allowed to handle cases deemed confidential in nature that involved high ranking members of the Cook County Sheriff's Office;

    c)    Plaintiff suffered a significant loss of overtime between 213.4 hours – 777.66 hours per year;

    d)    Plaintiff's laptop and cell phone issued by the Cook County Sheriff's Office were taken.

77.    Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, acting through its executive management including but not limited to Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Erica Dillon, and/or Peter G. Lisuzzo and each of them forcing the transfer and demotion of Plaintiff NICOLE M. PAGANI from Squad 4 to Squad 3 adversely affects Plaintiff's terms and conditions of employment, *inter alia*, the following ways:

    a)    Plaintiff's special appointment to the United States Marshall Services was revoked;

    b)    Plaintiff's FBI credential and access badge that allows her access into federal facilities was revoked;

    c)    Plaintiff's covert FBI take-home vehicle and gas card were taken away;

    d)    Plaintiff no longer receives a $17,000.00 reimbursement from the FBI and the Defendants for overtime she works as a Task Force Officer;

    e)    Plaintiff lost the use of all federally-issued equipment;

f)      Plaintiff lost access to federal parking facilities in downtown Chicago;

g)      Plaintiff lost all professional law enforcement training hosted by the or through the FBI both in and out of State;

h)      Plaintiff lost all opportunities to work on major investigations involving other governmental agencies, including, but not limited to the Chicago Police Department, Chicago Fire Department, and other suburban agencies and municipalities;

i)      Plaintiff lost all opportunities to travel out of State and in some cases out of the country;

j)      Plaintiff lost the ability to continue to establish strong working relationships with the FBI and the U.S. Attorney's Office;

k)      Plaintiff lost the ability to work with the FBI after her retirement from employment with the Defendants conducting background checks for prospective Task Force Officers.

78.     On or about January 10th and 16th of 2024, and February 6, 2024, Plaintiff NICOLE M. PAGANI engages in protected activity under the Title VII, 42 U.S.C. §2000e-3(a), and the Illinois Human Rights Act, (IHRA), 775 ILCS 5/6-101(A) by raising sex discrimination and harassment claims against Peter G. Lisuzzo and other with Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them through their management and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager.

79.     At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them acting through their management and executive employees including but not limited to Peter G. Lisuzzo, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Scouffas, Erica Dillon, Kelly

24

Smeltzer, and Soo Choi knew or should have known about Plaintiff NICOLE M. PAGANI'S protected activities under Title VII, 42 U.S.C. §2000e-3(a) and the IHRA, 775 ILCS 5/6-101(A).

80.     On or about January 16, 2024, Plaintiff NICOLE M. PAGANI engaged in protected activity under the FLSA, 29 U.S.C. §215(a)(3), and the IWPCA, 820 ILCS 115/14(c), by filing a grievance with Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for Peter G. Lisuzzo denying her earned overtime for which Plaintiff was later awarded the overtime that Peter G. Lisuzzo wrongfully denied.

81.     At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them acting through their management and executive employees including but not limited to Peter G. Lisuzzo, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Scouffas, Erica Dillion, Kelly Smeltzer and Soo Choi knew or should have known about Plaintiff NICOLE M. PAGANI'S protected activities under FLSA, 29 U.S.C. §215(a)(3), and the IWPCA, 820 ILCS 115/14(c).

82.     On or about January 10th and 16th of 2024, and February 6, 2024, Plaintiff NICOLE M. PAGANI engages in protected activity under the IWA, 740 ILCS 174/15(b) and 740 ILCS 174/20 by reporting retaliation Peter G. Lisuzzo and others engaged in against her by forcibly removing and demoting Plaintiff from Squad 4 to Squad 3 and removing her from the Task Force for her protected activities under 740 ILCS 174/15(b) and 740 ILCS 174/20 to Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK

25

COUNTY, and each of them through their management and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager. At all times mentioned herein, violations of the IWA, 740 ILCS 174/25 is a class A misdemeanor.

83. At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them acting through their management and executive employees including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Scouffas, Kelly Smeltzer and Soo Choi knew or should have known about Plaintiff NICOLE M. PAGANI'S protected activities under the IWA, §§15(b) and 20.

84. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo retaliates against Plaintiff NICOLE M. PAGANI because of her protected activities under Title VII, 42 U.S.C. §2000e-3(a), IHRA, 775 ILCS 5/6-101(A), FLSA, 29 U.S.C. §215(a)(3), the IWPCA, 820 ILCS 115/14(c), and the IWA, §15(b) and §20, and §20.1 *inter alia,* by filing an OPR Complaint against the Plaintiff NICOLE M. PAGANI that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further may prevent Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

85. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF

26

OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continues to retaliate against Plaintiff NICOLE M. PAGANI because of her protected activities under Title VII, 42 U.S.C. §2000e-3(a), IHRA, 775 ILCS 5/6-101(A), FLSA, 29 U.S.C. §215(a)(3), the IWPCA, 820 ILCS 115/14(c), and the IWA, §15(b) and §20, and §20.1 by forcing her to defend herself and her career from the false, pretextual, and phony OPR complaint that Defendants refuse to state the factual basis for, which has resulted in ongoing emotional distress and other damages to the Plaintiff.

86. Thomas J. Dart has made comments during an interview with Live From the Heartland indicating he and executive management at the Cook County Sheriff's Office have a history of retaliatory behavior when it comes to employees.

87. As a direct result of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, forcing Plaintiff NICOLE M. PAGANI's transfer/demotion from Squad 4 to Squad 3 and her forced removal from the FBI Task Force, Plaintiff was effectively stopped from engaging in any further investigation of the Cook County Sheriff's Office employees engaging in violations of Illinois and federal laws, rules, and regulations and public corruption going on in the Sheriff's Office reported to Peter G. Lisuzzo, Erica Dillon, Bradley Curry, Helen Burke, and Nicolas Scouffas on December 20, 2023.

## COUNT I

### TITLE VII – SEX DISCRIMINATION

### SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them violated her civil rights under Title VII, 42 U.S.C. §2000e-2(a)(1) and (2) by discriminating against her on the basis of her sex in the discipline, terms, conditions, and privileges of employment and states as follows:

1-87.    Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-87 as Paragraphs 1-87 of Count I against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.[1]

88.    At all times mentioned herein, pursuant to 42 U.S.C. §2000e-2(a)(1) and (2) it was an unlawful employment practice for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to discriminate against

---

[1] On October 25, 2024, Plaintiff dual filed her Charge of Discrimination against the Defendants with the IDHR and the EEOC through the IDHR. On November 27, 2024, the IDHR issued the Notice of Opt Out of the Investigation and Administrative Process and the Right to Commence an action in a Court of Competent Jurisdiction. On December 6, 2024, Plaintiff submitted copies of the IDHR's finding and Notice of Opt Outs and copies of the Charges of discrimination requesting the Right-to-Sue from the EEOC. On December 13, 2024, the EEOC acknowledge receipt of the requests for issuance of the Right-to-Sue pertaining the findings of the IDHR and will be issuing the Right-to-Sue letters. As of December 30, 2024, Plaintiff has not received copies of the Right-to-Sue Letters from the EEOC but anticipates the Right-to-Sue Letters will be received shortly.

Plaintiff NICOLE M. PAGANI in the terms, conditions, or privileges of employment because of her sex, female.

89.     On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executives employees, including but not limited to Peter G. Lisuzzo violated 42 U.S.C. §2000e-2(1) and (2) by discriminating against Plaintiff NICOLE M. PAGANI on the basis of her sex by forcing her transfer and demotion from Squad 4 to Squad 3 and removing Plaintiff as a Task Force Officer.

90.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo violated 42 U.S.C. §2000e-2(a)(1) and (2) by discriminating against Plaintiff NICOLE M. PAGANI on the basis of her sex by filing a false and phony OPR complaint against the Plaintiff.

91.     At all times mentioned herein, pursuant to 42 U.S.C. §2000e-2(m), Plaintiff NICOLE M. PAGANI's sex was the motivating factor for the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's decision to take adverse action against Plaintiff.

92.     As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violations of 42 U.S.C. §2000e-2(a)(1)

29

and (2), pursuant to 42 U.S.C. §2000e-5(g)(1), the Plaintiff NICOLE M. PAGANI seeks an Order requiring the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to reinstate her to Squad 4 and to the federal Task Force Officer position with the FBI or a comparable position as well as all lost backpay, wages, overtime, and fringe benefits, earned medical and paid time off that she was forced to take, plus interest and any equitable relief deemed necessary and proper to clear her professional reputation.

93. As a direct and proximate cause of Defendant SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violation of 42 U.S.C. §2000e-2(a)(1) and (2), pursuant to 42 U.S.C. §2000e-5(k), and 42 U.S.C. §1988(b) and (c), Plaintiff NICOLE M. PAGANI seeks reasonable attorney's fees, costs, and expert witness fees from Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

94. As a direct and proximate cause of the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violation of 42 U.S.C. §2000e-2(a)(1) and (2), pursuant to 42 U.S.C. §1981a(a)(1) and (b), Plaintiff NICOLE M. PAGANI seeks compensatory damages flowing from the forced transfer/demotion from Squad 4 and the termination of her position with the federal Task Force Officer with the FBI and the

emotional distress flowing from the false, pretextual, and phony OPR complaint and the damage to her professional reputation.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A.    Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B.    Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C.    Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D.    Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

## COUNT II

## TITLE VII – RETALIATION

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY**

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, retaliated

31

against her in violation of Title VII, 42 U.S.C. §2000e-3(a) and in support thereof the Plaintiff states as follows:

1-87.   Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-87 as Paragraphs 1-87 of Count II against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.[2]

88.   At all times mentioned herein, pursuant to 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to retaliate against their employees, including Plaintiff NICOLE M. PAGANI because she opposed any practice made unlawful by this subchapter, or because she made a charge, assisted, or participated in any manner in an investigation or proceeding under this subchapter.

89.   On or about January 10th and 16th of 2024 and February 6, 2024, Plaintiff NICOLE M. PAGANI engages in protected activity under 42 U.S.C. §2000e-3(a) by raising sex discrimination and harassment claims against Peter G. Lisuzzo and others with Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of

---

[2] On October 25, 2024, Plaintiff dual filed her Charge of Discrimination against the Defendants with the IDHR and the EEOC through the IDHR. On November 27, 2024, the IDHR issued the Notice of Opt Out of the Investigation and Administrative Process and the Right to Commence an action in a Court of Competent Jurisdiction. On December 6, 2024, Plaintiff submitted copies of the IDHR's finding and Notice of Opt Outs and copies of the Charges of discrimination requesting the Right-to-Sue from the EEOC. On December 13, 2024, the EEOC acknowledge receipt of the requests for issuance of the Right-to-Sue pertaining the findings of the IDHR and will be issuing the Right-to-Sue letters. As of December 30, 2024, Plaintiff has not received copies of the Right-to-Sue Letters from the EEOC but anticipates the Right-to-Sue Letters will be received shortly.

them, through their management and executive employees, including Kelly Smeltzer, Employee Relations Manager for the forced transfer and demotion from Squad 4 to Squad 3 and her forced removal from the FBI Task Force position.

90.     At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, and Jennifer Black along with Kelly Smeltzer and Soo Choi knew or should have known about Plaintiff, NICOLE M. PAGANI'S protected activities under 42 U.S.C. §2000e-3(a).

91.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Peter G. Lisuzzo retaliated against Plaintiff NICOLE M. PAGANI in violation of 42 U.S.C. §2000e-3(a) by filing a pretextual OPR Complaint against Plaintiff NICOLE M. PAGANI that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

92.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continue to retaliate against Plaintiff

NICOLE M. PAGANI because of her protected activities under 42 U.S.C. §2000e-3(a) by forcing her to defend herself and her career from false, pretextual, and phone OPR complaint that Defendants refuse to even state the factual basis for, resulting in ongoing emotional distress.

93. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violations of 42 U.S.C. §2000e-3(a), pursuant to 42 U.S.C. §2000e-5(g)(1), the Plaintiff NICOLE M. PAGANI seeks an Order requiring the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to reinstate her to Squad 4 and to the federal Task Force Officer position with the FBI or a comparable position as well as all lost backpay, wages, overtime, and fringe benefits, earned medical and paid time off that she was forced to take, plus interest and any equitable relief deemed necessary and proper to clear her professional reputation.

94. As a direct and proximate cause of Defendant SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violation of 42 U.S.C. §2000e-3(a), pursuant to 42 U.S.C. §2000e-5(k), and 42 U.S.C. §1988(b) and (c), Plaintiff NICOLE M. PAGANI seeks reasonable attorney's fees, costs, and expert witness fees from Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

95. As a direct and proximate cause of the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violation of 42 U.S.C. §2000e-3(a), pursuant to 42 U.S.C. §1981a(a)(1) and (b), Plaintiff NICOLE M. PAGANI seeks compensatory damages flowing from the forced transfer/demotion from Squad 4 and the termination of her position with the federal Task Force Officer with the FBI and the emotional distress flowing from the false, pretextual, and phony OPR complaint and the damage to her professional reputation.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A. Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B. Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C. Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D. Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

## COUNT III

## IHRA – SEX DISCRIMINATION

## SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys,

BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF

COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS

J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violated

the Illinois Human Rights Act, (IHRA), 775 ILCS 5/2-102(A) by discriminating against her on

the basis of her sex in the discipline, tenure, terms, privileges, and conditions of employment and

states as follows:

1-87.    Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-87 as Paragraphs 1-87 of

Count III against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK

COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF

OF COOK COUNTY, and each of them.

88.      At all times mentioned herein, it was a civil rights violation of 775 ILCS 5/2-

102(A) for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY

SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK

COUNTY, and each of them, to act with respect to recruitment, hiring, promotion, renewal of

employment, selection for training or apprenticeship, discharge, discipline, tenure or terms,

privileges or conditions of employment on the basis of unlawful sex discrimination.

89.      On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY,

THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his

Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo violated 775 ILCS 5/2-102(A) by discriminating against Plaintiff NICOLE M. PAGANI on the basis of her sex by forcing her transfer and demotion from Squad 4 to Squad 3 and removing her as a Task Force Officer.

90. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continue to violate 775 ILCS 5/2-102(A) by discriminating against Plaintiff NICOLE M. PAGANI on the basis of her sex by filing false, pretextual, and a phony OPR Complaint against the Plaintiff.

91. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's sex discrimination in violation of 775 ILCS 5/2-102(A), Plaintiff NICOLE M. PAGANI seek damages pursuant to 775 ILCS 5/8A-104(A) through (J) for the forced transfer and demotion for Squad 4 to Squad 3, removal from the Task Force position with the FBI, lost overtime benefits, false, pretextual, and phony OPR complaint that has had a significant effect on her professional reputation, causing emotional distress flowing directly from the unlawful discrimination, actual and compensatory damages and interest on all her damages.

92. Plaintiff NICOLE M. PAGANI seeks damages under 775 ILCS 5/8A-104(A) through (J), including reinstatement to Squad 4 with lost overtime, fringe benefits, and seniority, as well as reinstatement as a Task Force Officer with lost overtime, earned sick time and personal

37

time off, and other leave she was forced to take or reinstatement into a comparable position from the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for their violations of 775 ILCS 5/2-102(A).

93. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S sex discrimination against the Plaintiff NICOLE M. PAGANI in violation of 775 ILCS 5/2-102(A) as alleged herein, Plaintiff seeks attorney's fees, expert witness fees, and litigation costs pursuant to 775 ILCS 5/8A-104(A) through (J).

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A. Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B. Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C. Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D. Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

## COUNT IV

## IHRA – RETALIATION

### SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violated the Illinois Human Rights Act, (IHRA), 775 ILCS 5/6-101(A) and (B), by retaliating against her, and in support thereof, states as follows:

1-87. Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-87 as Paragraphs 1-87 of Count IV against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

88. At all times mentioned herein, pursuant to the Illinois Human Rights Act, (IRHA), 775 ILCS 5/6-101(A) it is a civil rights violation for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo to retaliate against Plaintiff NICOLE M. PAGANI because she opposed that which she reasonably and in good faith believed to be an unlawful sex discrimination and harassment in employment by making a charge or filing a complaint by raising sex discrimination and harassment claims against Peter G. Lisuzzo and others with the Defendants SHERIFF OF COOK

COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, through its management and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager.

89.     At all times mentioned herein, pursuant to the Illinois Human Rights Act, (IHRA), 775 ILCS 5/6-101(B), it was a civil rights violation for two or more managerial or executive employees of the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to aid, abet, or coerce a person to commit any violations of this Act.

90.     On or about January 10th and 16th of 2024, and February 6, 2024, Plaintiff NICOLE M. PAGANI engages in protected activities under 775 ILCS 5/6-101(A) by raising sex discrimination and harassment claims against Peter G. Lisuzzo and others with the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, through their managerial and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager for the forced transfer and demotion from Squad 4 to Squad 3 and her forced removal from the FBI Task Force Officer position.

91.     At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bradley Curry, Nicholas Scouffas, Helen Burke, Jennifer Black, Kelly

40

Smeltzer and Soo Choi knew or should have known about Plaintiff NICOLE M. PAGANI'S protected activities under 775 ILCS 5/6-101(A).

92. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo retaliates against Plaintiff NICOLE M. PAGANI in violation of 775 ILCS 5/6-101(A) and (B) by filing a pretextual OPR complaint against Plaintiff that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents the Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

93. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continues to retaliate against Plaintiff NICOLE M. PAGANI because of her protected activities under 77 ILCS 5/6-101(A) and (B) by forcing her to defend herself and her career from a false, pretextual, and phony OPR Complaint while Defendants refuse to even state the factual basis for the OPR Complaint, resulting in ongoing emotional distress.

94. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's sex discrimination in violation of 775 ILCS 5/6-101(A) and (B), Plaintiff NICOLE M. PAGANI seek damages pursuant to 775 ILCS

41

5/8A-104(A) through (J) for the forced transfer and demotion for Squad 4 to Squad 3, removal from the Task Force position with the FBI, lost overtime benefits, false, pretextual, and phony OPR complaint that has had a significant effect on her professional reputation, causing emotional distress flowing directly from the unlawful discrimination, actual and compensatory damages and interest on all her damages.

95. Plaintiff NICOLE M. PAGANI seeks damages under 775 ILCS 5/8A-104(A) through (J), including reinstatement to Squad 4 with lost overtime, fringe benefits, and seniority, as well as reinstatement as a Task Force Officer with lost overtime, earned sick time and personal time off, and other leave she was forced to take or reinstatement into a comparable position from the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for their violations of 775 ILCS 5/6-101(A) and (B).

96. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S retaliation against the Plaintiff NICOLE M. PAGANI in violation of 775 ILCS 5/6-101(A) and (B) as alleged herein, Plaintiff seeks attorney's fees, expert witness fees, and litigation costs pursuant to 775 ILCS 5/8A-104(A) through (J).

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

42

A.  Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B.  Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C.  Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D.  Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

**COUNT V**

**FLSA – RETALIATION**

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY**

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violated the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), by retaliating against her, and in support thereof, states as follows:

1-87.  Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-87 as Paragraphs 1-87 of Count V against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

88.  At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his

Official Capacity as SHERIFF OF COOK COUNTY, and each of them, are a "person" as the term is defined by 29 U.S.C. §203(a).

89.     At all times mentioned herein, pursuant to 29 U.S.C. §215(a)(3) it was unlawful for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to discharge or in any other manner discriminate or retaliate against Plaintiff NICOLE M. PAGANI because she has filed an oral and written complaints or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding.

90.     On or about January 3rd, 4th, and 16th of 2024, the Plaintiff NICOLE M. PAGANI engaged in protected activities under 29 U.S.C. §215(a)(3) disputing Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive agent Peter G. Lisuzzo's decision to refuse to pay her earned overtime.

91.     Plaintiff NICOLE M. PAGANI engaged in protected activity under 29 U.S.C. §215(a)(3) on January 16, 2204, by filing a grievance against Peter G. Lisuzzo disputing his decision to deny her earned overtime and testified and assisted in the investigations and grievance proceeding and was awarded the disputed overtime.

92.     On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive agents including but not limited to Peter G. Lisuzzo discriminated and

44

retaliated against Plaintiff NICOLE M. PAGANI in violation of 29 U.S.C. §215(a)(3) by retaliating against Plaintiff NICOLE M. PAGANI because of her protected activities by forcing her transfer and demotion from Squad 4 to Squad 3 and removing her as a Task Force Officer.

93.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo retaliates against Plaintiff NICOLE M. PAGANI in violation of 29 U.S.C. §215(a)(3) because of her protected activities by filing a pretextual OPR complaint against Plaintiff that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents the Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

94.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continues to retaliate against Plaintiff NICOLE M. PAGANI because of her protected activities under 29 U.S.C. §215(a)(3) by forcing her to defend herself and her career from a false, pretextual, and phony OPR Complaint while Defendants refuse to even state the factual basis for the OPR Complaint, resulting in ongoing emotional distress.

95.     As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, retaliating against Plaintiff

NICOLE M. PAGANI in violation of 29 U.S.C. §215(a)(3), pursuant to 29 U.S.C. §216(b), the Plaintiff seeks all legal and equitable relief as may be appropriate including reinstatement to Squad 4 and reinstatement as a Task Force Officer or reinstatement to any other comparable positions lost wages, overtime, future lost overtime, seniority, lost fringe benefits, and compensatory damages for the emotional pain and suffering, loss of normal life, and damage to her professional reputation and any other pecuniary and non-pecuniary losses with interest and attorney's fees and litigation costs against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, jointly and severally.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A.  Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B.  Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C.  Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D.  Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

## COUNT VI

## IWPCA – RETALIATION

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY**

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violated the Illinois Wage Payment and Collections Act, (IWPCA), 820 ILCS 115/14(c), by retaliating against her, and in support thereof, states as follows:

1-87. Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-87 as Paragraphs 1-87 of Count VI against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

88. At all times mentioned herein, the Illinois Wage Payment and Collection Act, (IWPCA), 820 ILCS 115/1, et seq., applies to Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

89. At all times mentioned herein, it was a violation of the IWPCA, 820 ILCS 115/14(c) for the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive agents, including but not limited to Defendant PETER G. LISUZZO discharge or in any other manner

47

discriminate against the Plaintiff NICOLE M. PAGANI because she made a complaint to the Defendants or their authorized representative Defendant PETER G. LISUZZO that she had not been paid her earned overtime wages.

90. On or about January 3rd, 4th, and 16th of 2024, the Plaintiff NICOLE M. PAGANI engaged in protected activities under the IWPCA, 820 ILCS 115/14(c) by disputing Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive agent Peter G. Lisuzzo's decision to refuse to pay her earned overtime.

91. Plaintiff NICOLE M. PAGANI engaged in protected activity under 820 ILCS 115/14(c) on January 16, 2204, by filing a grievance against Peter G. Lisuzzo disputing his decision to deny her earned overtime and testified and assisted in the investigations and grievance proceeding and was awarded the disputed overtime.

92. On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive agents including but not limited to Peter G. Lisuzzo discriminated and retaliated against Plaintiff NICOLE M. PAGANI in violation of 820 ILCS 115/14(c) by retaliating against Plaintiff NICOLE M. PAGANI because of her protected activities by forcing her transfer and demotion from Squad 4 to Squad 3 and removing her as a Task Force Officer.

93. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive

48

employees, including but not limited to Peter G., Lisuzzo retaliates against Plaintiff NICOLE M. PAGANI in violation of 820 ILCS 115/14(c) because of her protected activities by filing a pretextual OPR complaint against Plaintiff that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents the Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

94.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continues to retaliate against Plaintiff NICOLE M. PAGANI because of her protected activities under 820 ILCS 115/14(c) by forcing her to defend herself and her career from a false, pretextual, and phony OPR Complaint while Defendants refuse to even state the factual basis for the OPR Complaint, resulting in ongoing emotional distress.

95.     As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, retaliating against Plaintiff NICOLE M. PAGANI in violation of 820 ILCS 115/14(c), pursuant to §14(c), the Plaintiff seeks all legal and equitable relief as may be appropriate including reinstatement to Squad 4 and reinstatement as a Task Force Officer or reinstatement to any other comparable positions lost wages, overtime, future lost overtime, seniority, lost fringe benefits, and compensatory damages for the emotional pain and suffering, loss of normal life, and damage to her professional reputation and any other pecuniary and non-pecuniary losses with interest and

attorney's fees and litigation costs against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, jointly and severally.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A. Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B. Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C. Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D. Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

## COUNT VII

## ILLINOIS WHISTLEBLOWER ACT

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY.**

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them for

50

retaliating against her in violation of the Illinois Whistleblower Act, (IWA), 740 ILCS 174/1, et seq., in support thereof, the Plaintiff states as follows:

1-87. Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-87 as Paragraphs 1-87 of Count VII against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

88. At all times mentioned herein, it was a violation of the IWA, 740 ILCS 174/15(b) for the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and their agents and employees to retaliate against Plaintiff NICOLE M. PAGANI for disclosing information to a government or law enforcement agency where she has a reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

89. At all times mentioned herein, it was a violation of the IWA, 740 ILCS 174/20 for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and their agents and employees to retaliate against Plaintiff NICOLE M. PAGANI for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation.

90. At all times mentioned herein, Plaintiff NICOLE M. PAGANI engaged in protected activities under the IWA, §15(b), §20, and §20.1, including disclosure of public corruption or wrongdoing.

91.     At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and their agents and employees knew or should have known about Plaintiff NICOLE M. PAGANI's protected activities under the IWA, §15(b), §20, and §20.1, including disclosure of public corruption or wrongdoing.

92.     On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executives employees, including but not limited to Peter G. Lisuzzo, Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Jennifer Black, and Erica Dillon violated the IWA, §15(b), §20, and §20.1 by retaliating against Plaintiff NICOLE M. PAGANI for her protected activities and reporting public corruption and wrongdoing by forcing her transfer and demotion from Squad 4 to Squad 3 and removing Plaintiff as a Task Force Officer.

93.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo violated the IWA, §15(b), §20, and §20.1 by retaliating against Plaintiff NICOLE M. PAGANI for her protected activities and reporting public corruption and wrongdoing by filing a false and phony OPR complaint against the Plaintiff that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents Plaintiff from bidding out to other positions where the bidding process requires no pending disciplinary action.

94.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo violated the IWA, §15(b), §20, and §20.1 by continuing to retaliate against Plaintiff NICOLE M. PAGANI for her protected activities and reporting public corruption and wrongdoing by forcing her to defend herself and her career from false, pretextual, and phony OPR complaint that Defendants refuse to even state the factual basis for, resulting in ongoing emotional distress.

95.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, took the adverse employment action against Plaintiff NICOLE M. PAGANI to stop any further exposure of Cook County Sheriff's employees violating the Illinois and federal laws and public corruption in the Cook County Sheriff's Office.

96.     As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their executive and managerial employees violating the IWA, §15(b), §20, and §20.1, pursuant to 740 ILCS 174/30(1) and (2), the Plaintiff NICOLE M. PAGANI seeks an Order requiring the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to reinstate her to Squad 4 and to the federal Task Force Officer

position with the FBI or a comparable position as well as all lost backpay, wages, overtime, and fringe benefits, earned medical and paid time off that she was forced to take, plus interest and any equitable relief deemed necessary and proper to clear her professional reputation.

97. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violating the IWA, §15(b), §20, and §20.1, pursuant to 740 ILCS 174/30(3), Plaintiff NICOLE M. PAGANI seeks reasonable attorney's fees, costs, and expert witness fees from Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

98. As a direct and proximate cause of the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violating the IWA, §15(b), §20, and §20.1, pursuant to 740 ILCS 174/30(3), Plaintiff NICOLE M. PAGANI seeks compensatory damages flowing from the forced transfer/demotion from Squad 4 and the termination of her position with the federal Task Force Officer with the FBI and the emotional distress flowing from the false, pretextual, and phony OPR complaint and the damage to her professional reputation.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A.   Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B.   Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C.   Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D.   Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

## COUNT VIII

## COOK COUNTY

## INDEMNIFICATION

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN J GRABER LLC and HAWKS QUINDEL S.C., and seeks indemnification from Defendant, COOK COUNTY, for any damages awarded to the Plaintiff against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY and each of them, as follows:

1-87.   Plaintiff NICOLE M. PAGANI realleges paragraphs 1-87 against Defendant, COOK COUNTY.

88.   Plaintiff NICOLE M.PAGANI realleges Counts I through VII against Defendant COOK COUNTY.

89.   Defendant COOK COUNTY is a necessary party to this Complaint because it is responsible for any judgment entered against Defendants SHERIFF OF COOK COUNTY,

55

THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, under Counts I through VII.

90. Defendant COOK COUNTY has a duty to indemnify Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for any damages recovered by Plaintiff NICOLE M. PAGANI in relation to this Complaint, whether through judgment or settlement, including attorney's fees, expert witness fees, and litigation costs.

WHEREFORE, Plaintiff NICOLE M. PAGANI prays this Court will enter judgment on her behalf against Defendant COOK COUNTY and Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, in the amounts awarded to the Plaintiff NICOLE M. PAGANI against the Defendants as damages, attorney's fees, expert witness fees, litigation costs, and interest and grant any equitable relief deemed necessary and proper.

## JURY DEMAND

Plaintiff, NICOLE M. PAGANI, hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims and pursuant to 775 ILCS 5/8-111(A)(3) on her claims for sex discrimination and retaliation under the Illinois Human Rights Act.

Dated: December 30, 2024.                     Respectfully Submitted,


                                             /s/ Brian J. Graber
                                             One of Plaintiff's Attorneys


56

Brian J. Graber
BRIAN J GRABER LLC
200 E. Randolph Street
Suite 5100
Chicago, IL 60601
(312) 291-4648
Email: graberalw1973@gmail.com

M. Nieves Bolanos
HAWKS QUINDEL SC
111 E. Wacker Drive Ste 2300
Chicago, IL 60601
(312) 262-7517
Email: mnbolanos@hq-law.com

57