| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br><br># 25M1025.37 | AGENCY<br>☒ IDHR<br><br>☐ EEOC | CHARGE NUMBER<br>*ICC5LF0533* |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br><br>## Ms. Nicole M. Pagani | TELEPHONE NUMBER (include area code)<br><br>## (847) 912-7979 | |
|---|---|---|
| STREET ADDRESS · CITY, STATE AND ZIP CODE<br><br>## 5939 S. Edgewood Lane, LaGrange Highlands, IL 60525 | | DATE OF BIRTH<br><br>MM / DD / YYYY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br><br>Thomas J Dart in his Official Capacity as Sheriff of Cook County | NUMBER OF EMPLOYEES, MEMBERS 15+ 100 | TELEPHONE NUMBER (include area code)<br><br>## (312) 603-6444 | |
|---|---|---|---|
| STREET ADDRESS · CITY, STATE AND ZIP CODE<br><br>## 50 W. Washington, Room 704, Chicago, IL 60602 | | | COUNTY<br><br>## Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>sex discrimination and retaliation under the IHRA and Title VII | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>1/8/24<br>■ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

<u>S E E   A T T A C H E D</u>

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION
OCT. 25, 2024
**RECEIVED**
BY:

**Page 1 of 2**

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>OFFICIAL SEAL<br>Tammy L Kroll<br>NOTARY PUBLIC, STATE OF ILLINOIS<br>My Commission Expires 10/17/2025 | Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true. [735 ILCS 5/1-109]<br><br>X _____ 25 Oct 2024<br>SIGNATURE OF COMPLAINANT     DATE |
|---|---|

EEO-5 FORM (Rev. 4/2022-INT)                    **RETURN THIS COPY**

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION
OCT. 25, 2024

**RECEIVED**

IN THE MATTER OF                                    )
                                                    )    BY:_____
NICOLE PAGANI,                                      )
                                                    )
COMPLAINANT                                         )
                                                    )
AND                                                 )    CHARGE NO: 2025CF0533
                                                    )
SHERIFF OF COOK COUNTY, THOMAS J. DART;             )    EEOC NO.:
COOK COUNTY SHERIFF'S OFFICE; THOMAS J.             )
DART in his Official Capacity, as SHERIFF OF COOK   )
COUNTY; and COOK COUNTY, as Indemnitor,            )
                                                    )
RESPONDENTS                                         )
                                                    )

## APPEARANCE

I, M. NIEVES BOLANOS, an attorney, hereby enter the appearance of NICOLE

PAGANI, Complainant and our Appearance as her attorney, and request that copies of all

Pleadings, Orders, and other documents be served upon the undersigned for said Party in lieu

service upon the Party.

I consent to service of all pleadings, orders, and other documents by the Department via

electronic mail and understand that electronic service to this Email Address is deemed complete

upon transmission.

M. Nieves Bolanos
HAWKS QUINDEL SC
111 E. Wacker Drive, Suite 2300
Chicago, IL 60601
(312) 224-2423
Email: mnbolanos@hq-law.com

DATED: 10/25/2024                          By: _____

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

CHICAGO OFFICE
DEPARTMENT OF HUMAN RIGHTS
555 W. Monroe Street
7th Floor
Chicago, IL 60661
(312) 814-6200

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| NICOLE M. PAGAINI, | ) |
| | ) |
| COMPLAINANT | ) |
| | ) CHARGE NO.: |
| AND | ) |
| | ) **TO BE DUAL FILED** |
| | ) **WITH THE EEOC** |
| SHERIFF OF COOK COUNTY, THOMAS J. DART; | ) |
| COOK COUNTY SHERIFF'S OFFICE; THOMAS J. | ) |
| DART in his Official Capacity as SHERIFF OF COOK | ) |
| COUNTY; and COOK COUNTY, as Indemnitor, | ) |
| | ) |
| | ) |
| RESPONDENTS. | ) |
| | ) |

**CHARGE NO:** _____
**CHARGE OF DISCRIMINATION**

| **COMPLAINANT** | **COMPLAINANT'S ATTORNEYS** |
|---|---|
| Nicole M. Pagani | Brian J. Graber |
| 5939 S. Edgewood Lane | BRIAN J GRABER LLC |
| LaGrange Highlands, IL 60525 | 200 E. Randolph Street |
| (847) 912-7979 | Suite 5100 |
| Email: nmp2711@gmail.com | Chicago, IL 60601 |
| | (312) 291-4648 |
| | Email: graberlaw1973@gmail.com |
| | |
| | Maria de las Nieves Bolaños |
| | HAWKS QUINDEL S.C. |
| | 111 E. Wacker Drive, Ste 2300 |
| | Chicago, IL 60601 |

1

(312) 262-7517
Email: mnbolanos@hq-law.com

I will advise the agency if I change my address or telephone number and I will cooperate fully with them in the processing of my charge with its procedures.

## RESPONDENTS:

SHERIFF OF COOK COUNTY, THOMAS J. DART
50 W. Washington
Room 704
Chicago, IL 60602
(312) 603-6444

COOK COUNTY SHERIFF'S OFFICE
50 W. Washington
Room 704
Chicago, IL 60602
(312) 603-6444

THOMAS J. DART in his Official Capacity As SHERIFF OF COOK COUNTY
50 W. Washington
Room 704
Chicago, IL 60602
(312) 603-6444

COOK COUNTY, as Indemnitor
c/o Cedric Giles
69 W. Washington
Suite 500
Chicago, IL 60602

### ALLEGATIONS COMMON TO ALL CLAIMS

1.      On or about November 14, 2014, through present, Respondents, SHERIFF OF

COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE;

and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of

them, are employers as the term is defined by 775 ILCS 5/2-101(B)(1)(c) employing

Complainant, NICOLE M. PAGAINI, as a senior investigator with the rank of sergeant Office of

Professional Review (OPR).

2.    On or about November 14, 2014, through present, Respondents, SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, are employers as the term is defined by 42 U.S.C. §2000e(a) and (b) with fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year.

3.    At all times mentioned herein, Complainant NICOLE M. PAGAINI, is a female, a protected class under 775 ILCS 5/1-103(O) and 775 ILCS 5/1-103(Q) defines "unlawful discrimination" means discrimination against a person, including the Complainant because of her sex, female.

4.    At all times mentioned herein, Complainant NICOLE M. PAGANI, is a female a protected class under the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e-2(1) and (2).

5.    On or about November 14, 2014, through January 8, 2024, Respondents, SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, employed Complainant NICOLE M. PAGANI as a sergeant and senior investigator in the Office of Professional Review, criminal and confidential Squad 4, which involves the following terms, conditions, duties and responsibilities:

   a) Investigating high level criminal and official investigations of sworn and civilian employees throughout the Cook County Sheriff's Office involving high profile cases involving criminal sexual assault, introduction of contraband into a penal institution, excessive use of force, theft of government property, ghost payrolling, civil right violations and official misconduct;

   b) Handling cases deemed confidential in nature involving high ranking members of the Sheriff's Office;

   c) Working significant overtime, between 213.4 hours – 777.66 hours per year;

3

d) Issuance of a laptop and cell phone issued by the Cook County Sheriff's Office.

6.     In November or December of 2019, Complainant NICOLE M. PAGANI, as part of the terms and conditions of her position with Squad 4 of the Office of Professional Review, Criminal and Confidential position with the Respondents, SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, was required to pass a background process to becomes a Task Force Officer with the Federal Bureau of Investigation (FBI), Public Corruption and Civil Rights Violation Squad (WC-3). As a Task Force Officer, Complainant NICOLE M. PAGANI'S terms, conditions, duties, and responsibilities as a Task Force Officer assigned to Squad 4 included:

a) On July 6, 2022, being sworn in and receiving a special appointment with United States Marshall Services;

b) In October 27, 2022, being granted top secret clearance with the FBI;

c) Being granted FBI credentials with access to a badge that would provide entry into federal facilities;

d) Being provided with a covert FBI take-home vehicle and a gas card;

e) The FBI reimbursed Respondents up to $17,000.00 per years for overtime Complainant worked as a Task Force Officer and for federally-issued equipment she was provided;

f) Being provided access to federal parking facilities in downtown Chicago;

g) Being provided with professional law enforcement training hosted by or through the FBI both in and out of State;

h) Being provided with opportunities to work on major investigations involving other governmental agencies, including, but not limited to the Chicago Police Department, Chicago Fire Department, and other suburban agencies and municipalities;

i) Being provided with opportunities to travel out of State and, in some cases, out of the country;

4

j) The ability to establish strong working relationships with the FBI and U.S. Attorney's office;

k) The ability to work with the FBI after retirement from employment with Respondents conducting background checks for prospective Task Force Officers.

7. At all times mentioned herein, Peter G. Lisuzzo, a male, was employed by Respondents, SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE, and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, as Executive Director of Office of Professional Review (OPR) and, on information and belief, has authority to take adverse employment actions against Complainant NICOLE M. PAGANI.

8. Between November 14, 2014 through January 8, 2024, Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees had not taken any disciplinary action against Complainant NICOLE M. PAGANI.

9. On or about January 8, 2024, Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Executive Director, Peter G. Lisuzzo angrily told Complainant NICOLE M. PAGANI that he wanted to talk to her and ordered Complainant to get into his office.

10. Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as

SHERIFF OF COOK COUNTY, and each of them, acting through their Executive Director, Peter G. Lisuzzo, heard Complainant NICOLE M. PAGANI request union representation.

11.     While Complainant NICOLE M. PAGANI was walking down the hall looking for her union representative, Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their Executive Director, Peter G. Lisuzzo, yelled at Complainant NICOLE M. PAGANI that she does not need a union rep and again demanded that Complainant get into his office.

12.     Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their Executive Director, Peter G. Lisuzzo ordered Complainant's union representative to leave thereby denying Complainant's request for union representation and claiming Complainant NICOLE M. PAGANI was not being disciplined, subjected to article U, or de-deputized.

13.     Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them,, acting through their Executive Director, Peter G. Lisuzzo, kicked the union representative out and closed the door to his office.

14.     Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their Executive Director, Peter G. Lisuzzo, told Complainant NICOLE PAGANI that she was being transferred to Squad 3

6

and that her access to the FBI as a Task Force Officer was being revoked by the Respondent, which is a demotion.

15.    Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their Executive Director, Peter G. Lisuzzo hears Complainant, NICOLE M. PAGANI immediately request union representation which RESPONDENTS, through Executive Director Peter G. Lisuzzo, denied.

16.    Respondents, SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, heard Complainant continue to request union representation, including but not limited to requests she made to RESPONDENTS' agents Dillon, Rentas, and Parks. Her requests were ignored as were her protestations that by denying her union representation her rights were being violated. Ultimately, because her requests were being ignored, Complainant walked out of Executive Director, Peter G. Lisuzzo's office to find her union representative.

17.    Complainant NICOLE PAGANI returned to Executive Director, Peter G. Lisuzzo's office with her union representative just a short time later and Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their Executive Director, Peter G. Lisuzzo, told Complainant NICOLE M. PAGANI that she was being article U'd out of OPR, contrary to his previous statements, and ordered her to go sit in the conference room.

18.    Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART;

COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as

SHERIFF OF COOK COUNTY, and each of them, acting through their Executive Director,

Peter G. Lisuzzo, brought Complainant NICOLE M. PAGANI back into his office and told her

that she was not going to be article U'd after all, but she was still being transferred and demoted

to Squad 3, demanded Complainant turn in her work cellphone and work computer, over her

protestations that she needed to keep them for use in ongoing cases with outside agencies

Respondents, through Executive Director Peter G. Lisuzzo, had Complainant escorted out to

Building 5 to gather her personal belongings because she was no longer in Squad 4.

19.     Respondents, SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART;

COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as

SHERIFF OF COOK COUNTY, and each of them, following the transfer and demotion of

Complainant NICOLE M. PAGANI, from Squad 4 to Squad 3 and revoking her FBI access

through the Task Force, the Respondents acting through its managerial and executive employees,

including but not limited to Peter G. Lisuzzo, replaced Complainant, NICOLE M. PAGANI and

filled her position on Squad 4 with a male employee who was given Complainant's office and at

least one of her cases. Complainant was denied any opportunity to advise the FBI of her forced

transfer and demotion - Executive Director, Peter G. Lisuzzo told her that he would be the one to

communicate with the FBI going forward.

20.     Following Respondents, SHERIFF OF COOK OF COOK COUNTY, THOMAS

J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official

Capacity as SHERIFF OF COOK COUNTY'S forced transfer and demotion of Complainant

NICOLE M. PAGANI from Squad 4 to Squad 3 and the forced revocation of her FBI access

8

through the Task Force, Respondents provided Complainant with another desk that had no privacy partition. Complainant was the only one that did not have a privacy partition.

21. Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S forced transfer and demotion of Complainant NICOLE PAGANI from Squad 4 to Squad 3 adversely affected the terms and conditions of her employment because, *inter alia*, Complainant NICOLE M. PAGANI received very little overtime work and was relegated to merely investigating administrative cases involving detainee grievances, use of force, and failure to protect. Any cases that rose to the level of criminal charges would be immediately forwarded to Squad 4 for criminal investigation.

22. Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S forced transfer and demotion of Complainant NICOLE PAGANI from Squad 4 to Squad 3 adversely affected Complainant's terms and conditions of employment in, *inter alia*, the following ways:

   a) Complainant was no longer allowed to be involved in high-level criminal and official investigations of sworn and civilian employees throughout the Cook County Sheriff's Office involving high-profile cases of criminal sexual assault, introduction of contraband into a penal institution, excessive use of force, theft of government property, ghost payrolling, civil right violations and other serious official misconduct;

   b) Complainant was no longer allowed to handle cases deemed confidential in nature that involved high ranking members of the Cook County Sheriff's Office;

   c) Complainant suffered a significant loss of overtime, between 213.4 hours – 777.66 hours per year;

   d) Complainant's laptop and cell phone issued by the Cook County Sheriff's Office taken.

22. Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART;

COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as
SHERIFF OF COOK COUNTY'S forced transfer and demotion of Complainant NICOLE
PAGANI from Squad 4 to Squad 3 adversely affected the terms and conditions of her
employment, *inter alia*, in the following ways:

a) Complainant's special appointment to the United States Marshall Services was revoked;

b) Complainant's FBI credentials and access badge that allowed her access into federal facilities was revoked;

c) Complainant's covert FBI take-home vehicle and gas card were taken away;

d) Complainant no longer received a $17,000.00 reimbursement from the FBI and to Respondents for overtime she worked as a Task Force Officer;

e) Complainant lost the use of all federally-issued equipment;

f) Complainant lost access to federal parking facilities in downtown Chicago;

g) Complainant lost all professional law enforcement training hosted by or through the FBI both in and out of State;

h) Complainant lost all opportunities to work on major investigations involving other governmental agencies, including, but not limited to the Chicago Police Department, Chicago Fire Department, and other suburban agencies and municipalities;

i) Complainant lost all opportunities to travel out of State and in some cases out of the country;

j) Complainant lost the ability to continue to establish strong working relationships with the FBI and U.S. Attorney's office;

k) Complainant lost the ability to work with the FBI after her retirement from employment with the Respondents conducting background checks for prospective Task Force Officers.

23. On or about January 10, 2024, January 16, 2024, and February 6, 2024,

Complainant NICOLE M. PAGANI engaged in protected activity under the IHRA, 775 ILCS 5/6-101(A) and Title VII, 42 U.S.C. §2000e-3(a) by raising sex discrimination and harassment claims against Executive Director Peter G. Lisuzzo and others with Respondents, SHERIFF OF

COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, through their management and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager.

24.     At all times mentioned herein, Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Peter G. Lisuzzo, Kelly Smeltzer, Soo Choi, Nick Scouffas, Jennifer Black, Brad Curry, and Helen Burke, knew or should have known about Complainant NICOLE M. PAGANI'S protected activities under the IHRA, 775 ILCS 5/6-101(A) and Title VII, 42 U.S.C. §2000e-3(a).

25.     Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, retaliated against Complainant NICOLE PAGANI because of her protected activity under 775 ILCS 5/6-101(A) and Title VII, 42 U.S.C. §2000e-3(a), *inter alia*, by filing an OPR Complaint against Complainant NICOLE M. PAGANI that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and

11

prevents Complainant from bidding out to other open positions where the bidding process requires no pending disciplinary action.

26.     Respondents SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, continues to retaliate against Complainant NICOLE M. PAGANI because of her protected activity under 775 ILCS 5/6-101(A) and Title VII, 42 U.S.C. §2000e-3(a) forcing her to defend herself and her career from the false, pretextual, and phony OPR complaint that Respondent refuses state factual basis for, which has resulted in ongoing emotional distress and other damages to the Complainant.

27.     Under Illinois law, Respondents, SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, have authority to settle and compromise claims brought against the Sheriff of Cook County, however, Respondent, COOK COUNTY, is required to pay a judgment entered against the Respondents, SHERIFF OF COOK OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, and therefore, Respondent, COOK COUNTY, must be named as an indispensable party to this litigation so Respondent, COOK COUNTY, can veto improvident settlements proposed at their expense by independently elected officers.[1]

---

[1] See *Carver v. The Sheriff of La Salle Co.*, 203 Ill.2d 497 (2003); *Carver v. The Sheriff of La Salle Co.*, 324 F.3d 947 (7th Cir. 2003); and *Askew v. Sheriff of Cook County, Illinois*, 568 F.3d 632 (7th Cir. 2009).

## COUNT I

## ILLINIOIS HUMAN RIGHTS ACT – SEX DISCRIMINATION

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY**

NOW COMES the Complainant, NICOLE M. PAGANI, Charging Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOAMS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, with violations of the Illinois Human Rights Act, 775 ILCS 5/2-102(A) for sex discrimination in the discipline, tenure, terms, privileges, and conditions of employment and states as follows:

1-27. Complainant, NICOLE M. PAGANI, realleges Paragraph 1-27 as Paragraphs 1-27 of Count I against Respondents. SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

28.     At all times mentioned herein, it was civil rights violation of 775 ILCS 5/2-102(A) for Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful sex discrimination.

13

29.     On or about January 8, 2024, Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, violated 775 ILCS 5/2-102(A) by discriminating against Complainant NICOLE M. PAGANI on the basis of her sex by forcing her transfer and demotion from Squad 4 to Squad 3 and removing Complainant as a Task Force Officer.

30.     Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, continues to violate 775 ILCS 5/2-102(A) by discriminating against Complainant NICOLE M. PAGANI on the basis of her sex by filing a false, pretextual, and phony OPR complaint the Complainant.

31.     As a direct and proximate cause of Respondent, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S sex discrimination in violation of 775 ILCS 5/2-102(A), the Complainant NICOLE M. PAGANI seeks damages pursuant to 775 ILCS 5/8A-104(A) through (J) for the forced transfer and demotion from Squad 4 to Squad 3, removal from the Task Force position with the FBI, lost overtime benefits, and false, pretextual, and phony OPR complaint that has had a significant negative affect on her employment and future employment prospects, negative affect on her professional reputation, caused emotional distress flowing directly from unlawful discrimination, actual and compensatory damages, and interest on all her damages.

14

32.     Complainant NICOLE M. PAGANI seeks damages under 775 ILCS 5/8A-104(A) through (J), including reinstatement to Squad 4 with lost overtime, fringe benefits, and seniority, as well as reinstatement as a Task Force Officer with lost overtime, earned sick, PTO, and other leave she was forced to take, and fringe benefits against Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them for their violations of 775 ILCS 5/2-102(A).

33.     As a direct and proximate cause of Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S sex discrimination against Complainant NICOLE M. PAGANI in violation of 775 ILCS 5/2-102(A) as alleged herein, Complainant seeks attorney's fees, expert witness fees, and litigation costs pursuant to 775 ILCS 5/8A-104(A) through (J).

WHEREFORE, Complainant NICOLE M. PAGANI, seeks judgment against Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and COOK COUNTY, as Indemnitor, and each of them, pursuant to 775 ILCS 5/8A-104 for the following damages:

    A. Backpay, lost wages and benefits;

    B. Actual damages and compensatory damages;

    C. Reinstatement to Squad 4 and the Task Force with the FBI with seniority and any equitable relief deemed necessary to clear and repair Complainant's professional reputation;

    D. Attorney's fees, costs, and expert witness fees;

15

E. Interest.

## COUNT II

### TITLE VII – SEX DISCRIMINATION

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY**

NOW COMES the Complainant, NICOLE M. PAGANI, Charging Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOAMS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, with violations of Title VII, 42 U.S.C. §2000e-2(a)(1) and (2) for sex discrimination in the discipline, terms, conditions, and privileges of employment and states as follows:

1-27. Complainant NICOLE M. PAGANI realleges Paragraph 1-27 as Paragraphs 1-27of Count II against Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

28.     At all times mentioned herein pursuant to 42 U.S.C. §2000e-2(a)(1) and (2) it is an unlawful employment practice for Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to discriminate against

Complainant NICOLE M. PAGANI in the terms, conditions, or privileges of employment because of her sex.

29. On or about January 8, 2024, Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, violated 42 U.S.C. §2000e-2(a)(1) and (2) by discriminating against Complainant NICOLE M. PAGANI on the basis of her sex by forcing her transfer and demotion from Squad 4 to Squad 3 and removing Complainant as a Task Force Officer.

30. Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, continues to violate 775 ILCS 5/2-102(A) by discriminating against Complainant NICOLE PAGANI on the basis of her sex by filing a false and phony OPR complaint the Complainant.

31. At all times mentioned herein, pursuant to 42 U.S.C. §2000e-2(m), Complainant, NICOLE M. PAGANI's sex was the motivating factor for the Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S decisions to take adverse employment action against the Complainant.

32. As a direct and proximate cause of Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S violations of 42 U.S.C. §2000e-2(a)(1)

17

and (2), pursuant to 42 U.S.C. §2000e-5(g)(1) the Complainant NICOLE M. PAGANI seeks an order requiring Respondents to reinstate her to Squad 4 and to the federal Task Force Officer position with the FBI as well as all lost backpay, wages, overtime, and fringe benefits, earned medical and paid time off she was forced to take, plus interest and any equitable relief deemed necessary to clear her professional reputation.

33.     As a direct and proximate cause of Respondent, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S violation of 42 U.S.C. §2000e-2(a)(1) and (2), pursuant to 42 U.S.C. §2000e-5(k), Complainant NICOLE PAGANI, reasonable attorney's fees, costs, and expert witness fees from Respondent, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, and COOK COUNTY.

34.     As a direct and proximate cause of Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S violation of 42 U.S.C. §2000e-2(a)(1) and (2), pursuant to 42 U.S.C. §1981a(a)(1) and (b) Complainant NICOLE PAGANI seeks compensatory damages for the emotional distress and other compensatory damages flowing from the forced transfer from Squad 4 and the termination of her position as federal Task Force Officer with the FBI, the emotional distress flowing from the false, pretextual, and phony OPR complainant and the damage to her professional reputation.

WHEREFORE, Complainant, NICOLE M. PAGANI, seeks judgment against

Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY

SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK

COUNTY; and COOK COUNTY, as Indemnitor, and each of them, for the following damages:

    A.    Back pay, lost wages and benefits, and front pay;

    B.    Actual damages and compensatory damages;

    C.    Equitable relief, including reinstatement to Squad 4 and as a federal Task Force
          Officer with the FBI with seniority, and lost fringe benefits, and equitable relief to
          repair her damaged professional reputation;

    D.    Attorney's fees, costs, and expert witness fees;

    E.    Interest.

**COUNT III**

**ILLINOIS HUMAN RIGHTS ACT – RETALIATION**

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S
OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK
COUNTY**

NOW COMES the Complainant, NICOLE M. PAGANI, Charging Respondent,

SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE;

AND THOAMS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each

of them with retaliation in violation of the Illinois Human Rights Act, 775 ILCS 5/6-101(A) and

(B), and in support thereof, states as follows:

    1-27. Complainant NICOLE M. PAGANI realleges Paragraph 1-27 as Paragraphs 1-27 of

Count III against Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK

COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF

OF COOK COUNTY, and each of them.

28.     At all times mentioned herein, pursuant to the Illinois Human Rights Act, 775

ILCS 5/6-101(A) it was a civil rights violation for Respondents, SHERIFF OF COOK

COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J.

DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting

through their managerial and executive employees, including but not limited to Peter G. Lisuzzo

to retaliate against Complainant, NICOLE M. PAGANI, because she opposed that which she

reasonably and in good faith believed to be unlawful sex discrimination and harassment in

employment by making a charge or filing a complaint by raising sex discrimination and

harassment claims against Executive Director, Peter G. Lisuzzo, and others with Respondents

SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE;

and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of

them, through its management and executive employees, including but not limited to Kelly

Smeltzer, Employee Relations Manager.

29.     At all times mentioned herein, pursuant to the Illinois Human Rights Act, 775

ILCS 5/6-101(B), it is a civil rights violation two or more managerial or executive employees of

Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY

SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK

COUNTY, and each of them, to aid, abet, or coerce a person to commit any violations of this

Act.

30.     On or about January 10, 2024, January 16, 2024, and February 6, 2024,

Complainant, NICOLE M. PAGANI, engages in protected activity under 775 ILCS 5/6-101(A)

by raising sex discrimination and harassment claims against Executive Director, Peter G.

Lisuzzo, and others with Respondent, SHERIFF OF COOK COUNTY, THOMAS J. DART;

COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, through their management and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager for the forced transfer and demotion from Squad 4 to Squad 3 and her forced removal from the FBI Task Force officer position.

31.     At all times mentioned herein, Respondent, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Peter G. Lisuzzo, Kelly Smeltzer, Soo Choi, Nick Scouffas, Jennifer Black, Brad Curry, and Helen Burke knew or should have known about Complainant NICOLE M. PAGANI'S protected activities under 775 ILCS 5/6-101(A).

32.     Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo retaliated against Complainant NICOLE M. PAGANI violated 775 ILCS 5/6-101(A) and (B) by filing a pretextual OPR Complaint against Complainant NICOLE M. PAGANI that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents Complainant from bidding out to other open positions where the bidding process requires no pending disciplinary action.

33.     Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF

OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continue to retaliate against Complainant, NICOLE M. PAGANI after and because of her protected activities under 775 ILCS 5/6-101(A) & (B) forcing her to defend herself and her career from false, pretextual, and phony OPR complaint while Respondents refuse to even state the factual basis for the OPR Complaint, resulting in ongoing emotional distress.

34. As a direct and proximate cause of Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S retaliation in violation of 775 ILCS 5/6-101(A) and (B), the Complainant NICOLE M. PAGANI seeks damages under 775 ILCS 5/8A-104(A) through (J) for the forced transfer and demotion from Squad 4 to Squad 3 removal from the Task Force position with the FBI, lost overtime benefits, and false, pretextual, and phony OPR complaint that has a significant negative affect on her employment and future employment prospects, negative affect on her professional reputation, emotional distress flowing directly from unlawful discrimination, actual and compensatory damages, and interest on all her damages.

35. Complainant NICOLE M. PAGANI seeks damages under 775 ILCS 5/8A-104(A) through (J), including reinstatement to Squad 4 with lost overtime, fringe benefits, lost earned and paid time off that Complainant was forced to use, and seniority and reinstatement as a Task Force Officer with lost overtime and fringe benefits against Respondent, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for their violations of 775 ILCS 5/2-102(A).

36. As a direct and proximate cause of Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S retaliation against Complainant NICOLE M. PAGANI in violation of 775 ILCS 5/6-101(A) & (B) as alleged herein, Complainant seeks attorney's fees, expert witness fees, and litigation costs pursuant to 775 ILCS 5/8A-104(A) through (J).

WHEREFORE, Complainant NICOLE M. PAGANI, seeks judgment against Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor, and each of them, pursuant to 775 ILCS 5/8A-104 for the following damages:

F.   Backpay, lost wages and benefits;

G.   Actual damages and compensatory damages;

H.   Reinstatement to Squad 4 and the Task Force with the FBI with seniority and any equitable relief deemed necessary to clear and repair Complainant's professional reputation;

I.   Attorney's fees, costs, and expert witness fees;

J.   Interest.

## COUNT IV

## TITLE VII – RETALIATION

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY**

NOW COMES the Complainant NICOLE M. PAGANI charging Respondent, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and

THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, with retaliation in violation of Title VII, 42 U.S.C. §2000e-3(a) and in support thereof, states as follows:

1-27. Complainant, NICOLE M. PAGANI, realleges Paragraph 1-27 as Paragraphs 1-27 of Count IV against Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE, AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

28.     At all times mentioned herein, pursuant to 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to retaliate against their employees, including Complainant, NICOLE M. PAGANI, because she has opposed any practice made unlawful by this subchapter, or because she made a charge, assisted or participated in any manner in an investigation, or proceeding under this subchapter.

29.     On or about January 10, 2024, January 16, 2024, and February 6, 2024, Complainant NICOLE M. PAGANI engages in protected activity under 42 U.S.C. §2000e-3(a) by raising sex discrimination and harassment claims against Executive Director, Peter G. Lisuzzo, and others with Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, through their management and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager for the forced transfer and demotion from Squad 4 to Squad 3 and her forced removal from the FBI Task Force officer position.

31.     At all times mentioned herein, Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Peter G. Lisuzzo, Kelly Smeltzer, Soo Choi, Nick Scouffas, Jennifer Black, Brad Curry, and Helen Burke knew or should have known about Complainant NICOLE M. PAGANI'S protected activities under 42 U.S.C. §2000e-3(a).

32.     Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo retaliated against Complainant NICOLE M. PAGANI, violated 42 U.S.C. §2000e-3(a) by filing a pretextual OPR Complaint against Complainant NICOLE M. PAGANI that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents Complainant from bidding out to other open positions where the bidding process requires no pending disciplinary action.

33.     Respondents SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continue to retaliate against Complainant NICOLE M. PAGANI after and because of her protected activities under 42 U.S.C. §2000e-3(a) forcing her to defend herself and her career from false, pretextual, and phony OPR

25

complaint that Respondents refuse to even state the factual basis for, resulting in ongoing emotional distress.

34. As a direct and proximate cause of Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S violations of 42 U.S.C. §2000e-3(a) pursuant to 42 U.S.C. §2000e-5(g)(1) the Complainant NICOLE M. PAGANI seeks an order requiring Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to reinstate her to Squad 4 and to the federal Task Force Officer position with the FBI and all lost backpay, wages, overtime, and fringe benefits, including lost earned sick and paid time off she was forced to take, plus interest and any equitable relief deemed necessary to clear her professional reputation.

35. As a direct and proximate cause of Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S violation of 42 U.S.C. §2000e-3(a), pursuant to 42 U.S.C. §2000e-5(k), Complainant NICOLE PAGANI reasonable attorney's fees, costs, and expert witness fees from Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

36. As a direct and proximate cause of Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S violation of 42 U.S.C. §2000e-3(a), pursuant to 42 U.S.C. §1981a(a)(1) and (b) Complainant NICOLE PAGANI seeks

compensatory damages for the emotional distress flowing from the forced transfer and demotion from Squad 4 and the termination of her position as federal Task Force Officer with the FBI, the emotional distress flowing from the false, pretextual, and phony OPR complainant and the damage to her professional reputation.

WHEREFORE, Complainant, NICOLE M. PAGANI, seeks judgment against Respondents, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and COOK COUNTY, as Indemnitor, and each of them, for the following damages:

F.  Back pay, lost wages and benefits, and front pay;

G.  Actual damages and compensatory damages;

H.  Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority, and lost fringe benefits, and equitable relief to repair her damaged professional reputation;

I.  Attorney's fees, costs, and expert witness fees;

J.  Interest.

27

## CERTIFICATION

I, NICOLE M. PAGANI, Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true. I also want this Charge of Discrimination dual filed with the EEOC.

_____                          25 Oct 2024
NICOLE M. PAGANI                                    DATE

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 25th DAY OF October, 2024

_____

OFFICIAL SEAL
Tammy L Kroll
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires   10/17/2025

NOTARY SIGNATURE

Brian J. Graber                                     Maria de las Nieves Bolanos
BRIAN J GRABER LLC                                  HAWKS QUINDEL S.C.
Attorney for Complainant, Nicole M. Pagani          Attorney for Complainant, Nicole M. Pagani
200 E. Randolph Street                              111 E. Wacker Drive, Ste 2300
Suite 5100                                          Chicago, IL 60601
Chicago, IL 60601                                   (312) 262-7517
(312) 291-4648                                      Email: mnbolanos@hq-law.com
Email: graberlaw1973@gmail.com

28