IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE M. PAGANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2024-CV-13320 |
| | ) | |
| SHERIFF OF COOK COUNTY | ) | Judge John J. Tharp, Jr. |
| THOMAS J. DART, | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | Magistrate Judge Jeffery T. Gilbert |
| THOMAS J. DART, in his Official Capacity | ) | |
| as SHERIFF OF COOK COUNTY, and | ) | |
| COOK COUNTY, as Indemnitor, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT COOK COUNTY SHERIFF OFFICE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Cook County Sheriff's Office (the "Sheriff's Office" or "Defendant") by and through its Attorneys, Hinshaw & Culbertson LLP, and in response to Plaintiff's Second Amended Complaint as to the issues not challenged by the Defendant in its *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*, states the following:[1]

### NATURE OF THE ACTION

1. Plaintiff, NICOLE M. PAGANI, is a sergeant employed by the Cook County Sheriff's Office and brings this action against Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and COOK COUNTY, as indemnitor for sex discrimination and

---

[1] The claims against named defendants "Sheriff of Cook County Thomas J. Dart" and "Thomas J. Dart, in his Official Capacity as Sheriff of Cook County" are subject to *Defendant's Motion to Partially Dismiss Plaintiff's Second Amended Complaint*; therefore, the responses and other information contained in this Answer is provided on behalf of Defendant Cook County Sheriff's Office only, as the claims are not ripe against the other two aforementioned defendants.

retaliation for her protected activities in violation of her rights under Title VII of Civil Rights Act of Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, et seq., and the Illinois Human Rights Act, 755 ILCS 5/1-101, et seq. Plaintiff NICOLE M. PAGANI brings claims for retaliation under the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/14(c), against the Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART, in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as indemnitor. Plaintiff NICOLE M. PAGANI brings claims against Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART, in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as indemnitor, for retaliation in violation of the Illinois Whistleblower Act, 740 ILCS 174/1, et seq.

**ANSWER:** Defendant admits only that Plaintiff was employed by the Sheriff's Office as a Senior Investigator in the Cook County Sheriff's Office of Professional Review ("OPR"), as alleged in Paragraph 15 of Plaintiff's Second Amended Complaint, and denies that she is employed in the capacity of a sergeant, denies that the SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY are separate entities, as addressed in Defendant's Motion to Partially Dismiss Plaintiff's Second Amended Complaint, and admits that Plaintiff purports to

2

bring the above alleged claims against the Sheriff's Office, but denies Plaintiff's claims in their entirety and denies any related liability.[2][3]

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Count I – sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-2(a) and (b) and Count II – retaliation in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-3(a) of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. §2000e-5(f)(3).

**ANSWER:** Defendant admits that the court has subject matter jurisdiction over the purported Title VII sex discrimination and retaliation claims.

3. This Court has supplemental jurisdiction over Count III – sex discrimination in violation of the Illinois Human Rights Act, (hereinafter referred to as "IHRA"), 775 ILCS 5/2-102(A) and Count IV – retaliation in violation of the IHRA, 775 ILCS 5/6-101 pursuant to 28 U.S.C. §1367(a).

**ANSWER:** Defendant admits that the Court has supplemental jurisdiction over the IHRA state claims of sex discrimination and retaliation.

4. This Court has subject matter jurisdiction over Count V – Retaliation, Fair Labor

---

[2] For every paragraph herein that contains allegations concerning the following two named defendants "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart, in his Official Capacity as Sheriff of Cook County," Defendant hereby incorporates the following response: pursuant to its *pending Motion to Partially Dismiss Plaintiff's Second Amended Complaint* against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart, in his Official Capacity as Sheriff of Cook County," they make no response to the allegations, and the response is provided on behalf of the Cook County Sheriff's Office only.

[3] As to certain paragraphs in Plaintiff's Second Amended Complaint, Defendant objects and makes its answers without waiver to any applicable attorney-client and/or work product privileges that belong only to the Cook County Sheriff's Office. Defendant also reserves any independent legal rights or remedies associated with any improper waiver of the Office's attorney-client and work product privileges by Plaintiff.

09016\325931651.v1

Standards Act, (hereinafter referred to as "FLSA"), 29 U.S.C. §215(a)(3), pursuant to 28 U.S.C. §1331, and 29 U.S.C. §216(b).

**ANSWER:** Defendant admits that the Court has subject matter jurisdiction over the FLSA retaliation claim.

5. This Court has supplemental jurisdiction over Count VI – Retaliation, Illinois Wage Payment and Compensation Act, (hereinafter referred to as "IWPCA"), 820 ILCS 115/14(c), pursuant to 28 U.S.C. §1367(a).

**ANSWER:** Defendant admits that the Court has supplemental jurisdiction over the state IWPCA claim.

6. This Court has supplemental jurisdiction over Count VII – Illinois Whistleblower Act, (hereinafter referred to as "IWA"), 740 ILCS 174/1, et seq., pursuant to 28 U.S.C. §1367(a).

**ANSWER:** Defendant admits that the Court has supplemental jurisdiction over the state IWA claims.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because all Defendants reside in the District and all the events giving rise to this suit occurred therein.

**ANSWER:** Defendant denies that all Defendants "reside" in the District, but admits that Defendant Sheriff's Office is located in the District and that all purported events giving rise to Plaintiff's lawsuit allegedly occurred therein, and that venue is proper.

## PARTIES

8. At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY,

09016\325931651.v1

THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official

Capacity, as SHERIFF OF COOK COUNTY,  and each of them, employ Plaintiff, NICOLE M.

PAGANI, as a sergeant in the Cook County Sheriff's Office.

**ANSWER:**    Defendant admits only that at all relevant times, Plaintiff was employed by

the Sheriff's Office as a Senior Investigator in OPR, as alleged in Paragraph 15 of Plaintiff's

Second Amended Complaint. Further answering, Defendant denies that she is employed in the

capacity of a sergeant and denies any remaining allegations in this paragraph.

9.   At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY,

THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official

Capacity, as SHERIFF OF COOK COUNTY, and each of them, are an employer as the term is

defined by 42 U.S.C. §2000e(a) and (b) employing Plaintiff, NICOLE M. PAGANI, as a sergeant

in the Cook County Sheriff's Office having fifteen or more employees for each working day in

each of the twenty or more calendar weeks in 2023 or 2024.

**ANSWER:**    Defendant admits that at all relevant times, Plaintiff has been employed by

the Sheriff's Office as a Senior Investigator in OPR, as alleged in Paragraph 15 of Plaintiff's

Second Amended Complaint, that the Sheriff's Office is an employer pursuant to Title VII and

that the Sheriff's Office had fifteen or more employees for each working day in twenty or more

calendar weeks in 2023 or 2024, but denies that at all times mentioned by Plaintiff, she was

employed in the capacity of a sergeant, and denies any remaining allegations in this paragraph.

10. At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY,

THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official

Capacity, as SHERIFF OF COOK COUNTY, and each of them, are an employer as defined by

09016\325931651.v1

IHRA, 775 ILCS 5/2-101(B)(1)(c) employing Plaintiff, NICOLE M. PAGANI, as a sergeant in the Cook County Sheriff's Office since September of 2013.

**ANSWER:** Defendant admits only that Plaintiff is employed by the Sheriff's Office as a Senior Investigator in OPR, as alleged in Paragraph 15 of Plaintiff's Second Amended Complaint, that the Sheriff's Office is an employer pursuant to the IHRA, and admits that she was promoted to sergeant in September of 2013, but denies that Plaintiff currently works as a deputy sergeant, and denies any remaining allegations contained in this paragraph.

11. At all times mentioned herein, Plaintiff, NICOLE M. PAGANI, is an employee of the Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, as the term is defined by 42 U.S.C. §2000e(f), IHRA, 775 ILCS 5/2-101(A), and IWA, 740 ILCS 740 ILCS 174/5.

**ANSWER:** Defendant admits only that Plaintiff is an employee of the Sheriff's Office under Title VII, IHRA and the IWA, but denies any other allegations related to the Title VII, the IHRA and the IWA claims.

12. At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY and each of them, are employers as the term is defined by IWA, 740 ILCS 174/5 employing Plaintiff, NICOLE M. PAGANI, as a sergeant in the Cook County Sheriff's Office.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

13. At all times mentioned herein, Plaintiff, NICOLE M. PAGANI, is a protected class,

09016\325931651.v1

female, under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-2(a)(1) and (2) and IHRA, 775 ILCS 5/1-103(O) and (Q).

**ANSWER:** Defendant admits only that Plaintiff is female and that gender is a protected class under Title VII and the IHRA, but denies any remaining allegations in this paragraph.

14.    At all times mentioned herein, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, were "employers" as the term is defined by IWA, 740 ILCS 174/5 as a unit of local government.

**ANSWER:** Defendant admits only that Defendant Sheriff's Office is an "employer" as defined in the IWA and is a local unit of government, but denies any other allegations in this paragraph.

## ALLEGATIONS COMMON TO ALL CLAIMS

15.    On or about November 14, 2014, through January 8, 2024, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, employed Plaintiff, NICOLE M. PAGANI as a senior investigator in the Office of Professional Review, criminal and confidential Squad 4, which involves the following terms, conditions, duties and responsibilities:

**ANSWER**:    Defendant admits only that the Sheriff's Office employed Plaintiff as a Senior Investigator in the Office of Professional Review ("OPR") as of November 16, 2014, and that during part of her time as a Senior Investigator, Plaintiff was assigned to Squad 4. Further answering, Defendant denies that Squad 4 was officially named "criminal and confidential" Squad 4, denies that the subparagraphs below reflect the terms and/or conditions of Plaintiff's

09016\325931651.v1

employment, and denies that the below subparagraphs reflect the particular duties or responsibilities in Squad 4, and denies any remaining allegations in this paragraph.

   a)   Investigation high level criminal administrative and official investigations of sworn and civilian employees throughout the Cook County Sheriff's Office involving but not limited to high profile/media attention cases involving criminal sexual assault, introduction of contraband into a penal institution, excessive use of force, theft of government property, ghost payrolling, civil rights violations and official misconduct;

**ANSWER:** Defendant admits only that paragraph 15(a) reflects some of the matters that investigators and senior investigators may have worked on while in OPR, but denies that all of the investigations listed in 15(a) were exclusively investigated by Squad 4, and denies any remaining allegations.

   b)   Handling cases deemed confidential in nature involving high ranking members of the Sheriff's Office;

**ANSWER:** Defendant denies that Squad 4 exclusively handles cases deemed confidential in nature involving high ranking members of the Sheriff's Office, as all OPR investigations are confidential in nature and can involve high ranking members of the Sheriff's Office, regardless of the squad, and denies any remaining allegations.

   c)   Working significant overtime, between 213.4 hours – 777.66 hours per year;

**ANSWER:** Defendant admits that Plaintiff worked significant amounts of overtime. Defendant denies that working overtime is a term, condition, duty or responsibility of a member of Squad 4 and denies that a member of any particular squad should expect to work a significant amount of overtime, as overtime is designed to be limited and is case-specific, depending upon on the demands of a particular investigation, and denies that Plaintiff received proper pre-approval for all her overtime in Squad 4, and denies any remaining allegations.

   d)   Issuance of laptop and cell phone issued by the Cook County Sheriff's Office.

8

**ANSWER:** Defendant admits only that all investigators in OPR are issued a computer or laptop, and that the issuance of a mobile phone was not exclusive to the members of Squad 4, and denies any remaining allegations.

16. In November or December of 2019, Plaintiff, NICOLE M. PAGANI, as part of the terms and conditions of her position with Squad 4 of the Office of Professional Review, Criminal and Confidential Unit with the Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, was required to pass a background process to become a Task Force Officer with the Federal Bureau of Investigation (FBI), Public Corruption and Civil Rights Violation Squad (WC-3). As a Task Force Officer, Plaintiff, NICOLE M. PAGANI's terms, conditions, duties, and responsibilities as a Task Force Officer assigned to Squad 4 include:

a) On July 6, 2022, being sworn in and receiving a special appointment with the United States Marshall Services;

b) In October 27, 2022, being granted top secret clearance with the FBI;

c) Being granted FBI credentials with access to a badge that would provide entry into federal facilities;

d) Being provided with a covert FBI take-home vehicle and a gas card;

e) The FBI reimbursed the Defendants up to $17,000.00 per year for overtime Plaintiff worked as Task Force Officer and provided Plaintiff federally-issued equipment;

f) Being provided with access federal parking facilities in downtown Chicago;

g) Being provided with professional law enforcement training hosted by or through the FBI both in and out of State;

h) Being provided with opportunities to work on major investigations involving other governmental agencies, including, but not limited to the Chicago Police Department, Chicago Fire Department, and other suburban agencies and municipalities;

09016\325931651.v1

     i)       Being provided with opportunities to travel out of State and, in some cases out of the Country;

     j)       The ability to establish strong working relationships with the FBI and U.S. Attorney's Office;

     k)      The ability to work with the FBI after retirement from employment with the Defendants conducting background checks for prospective Task Force Officers.

**ANSWER:** Defendant denies that Squad 4 was officially named "Criminal and Confidential Unit," denies that as part of Plaintiff's terms and conditions of employment she was required to become a Task Force Officer with the Federal Bureau of Investigation (FBI), Public Corruption and Civil Rights Violation Squad (WC-3), denies that the Sheriff's Office required an additional background process as part of the terms and conditions of Plaintiff's employment, denies that Defendant employed Plaintiff as a "Task Force Officer," denies that the sub-paragraphs above reflects the terms and conditions of Plaintiff's employment or the duties and responsibilities of Plaintiff's assignment to OPR or Squad 4, and lacks knowledge or information sufficient to form a belief as to whether Plaintiff was given or was promised (a) – (k) by the FBI, except that Defendant denies receiving any payment or reimbursement by the FBI for any of Plaintiff's claimed overtime, and denies any remaining allegations.

17. Between November 14, 2014, through January 7, 2024, Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his Official Capacity, as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees had not taken any disciplinary action against Plaintiff, NICOLE M. PAGANI.

09016\325931651.v1

**ANSWER:** Defendant admits only that Plaintiff was not subject to any formal discipline between the initial date identified in the paragraph above through the date of the submission of this Answer, but denies all remaining allegations in this paragraph.

18. On or about July of 2021, Plaintiff, NICOLE M. PAGANI, and other members of OPR Squad 4 learn from a confidential informant that several Cook County Sheriff employees were ghost payrolling and working secondary employment as security. This investigation expanded significantly from July of 2021, through January of 2024 to include:

**ANSWER:** Because Plaintiff failed to properly document this information, Defendant lacks knowledge or information sufficient to form a belief as to what a confidential informant stated to Plaintiff and other members of Squad 4 in July of 2021, and denies that Plaintiff properly handled the confidential informant or investigation pursuant to OPR procedure; denies that Plaintiff, OPR or the FBI were ever able to prove that "several  Cook County Sheriff employees were ghost payrolling and working secondary employment as security;" and denies that the federal criminal investigation extended through January 2024, as the U.S. Attorney's Office officially declined charges in November of 2023; and admits only that an investigation was opened and that it included other allegations aside from "ghost payrolling and working secondary employment as security," and denies any remaining allegations.

a) More than 20 employees were clocking in and/or out employees other than themselves for their shifts with the Cook County Sheriff's Office;

**ANSWER:** Defendant admits that the administrative investigation included allegations that a number of employees were clocking in and/or out employees other than themselves, and admits that Defendant was able to piece together evidence to prove that certain employees were clocking in and/or out employees other than themselves, but denies that Plaintiff, or any other

09016\325931651.v1

member of Squad 4, pointed to proof showing that more than 20 employees were engaging in such

conduct. Further answering, Defendant denies any remaining allegations.

> b) Allegations expended [*sic*] to include fraud, information was being received implicating staff with committing theft of government relief funds, including Covid-19 pandemic funds;

**ANSWER:** Defendant admits that there were allegations about theft of Covid-19

pandemic funds, but denies that Plaintiff and/or Squad 4 handled this expansion and investigation

pursuant to OPR procedure, denies that any reliable information was received, denies that Plaintiff,

OPR, or the FBI were able to prove such conduct, and denies any remaining allegations in

paragraph 18(b).

> c) While reviewing hundreds of thousands of emails, forensic telephone dumps [*sic*] it was discovered that 3-months of schedules had been falsified in order for employees to receive hazard pay through the Federal Cares Act;

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to

whether anyone "review[ed] hundreds of thousands of emails [and] forensic telephone dumps,"

and denies that the allegations in (c) were ever proven, as neither the Plaintiff, nor OPR, nor the

FBI could prove that "3-months of schedules had been falsified," causing "employees to receive

hazard pay through the Federal Cares Act," and denies any remaining allegations in paragraph

18(c).

> d) Cook County Sheriff Office was training staffs' personal dogs with Cook County Sheriff's Office staff and County resources. While conducting surveillance it was discovered that the Cook County Sheriff's Office was training the personal dog of the owner of a supply company the Cook County Sheriff does business with;

**ANSWER:** Defendant admits only that the investigation apparently included allegations

about the "Tails of Redemption" program, which needed dogs so that detainees could be taught

how to "train dogs," but denies that Plaintiff and/or Squad 4 handled these allegations and

investigation pursuant to OPR procedure and denies that any dogs owned by staff or contractors

09016\325931651.v1

were used for any purpose other than as part of the Tails of Redemption program, denies that Sheriff's Office resources or staff members were diverted from that program to train anyone's personal dog, and denies that any impropriety "was discovered" or proven in connection with those who offered their personal dogs to this program so that individuals in custody of the Cook County Department of Corrections could learn a new skill, and denies any other allegations in paragraph 18(d).

        e)      A staff member was discovered to have committed computer fraud by knowingly falsifying paperwork and signing that paperwork to obtain over $9,000.00 by fraud.

**ANSWER:**    Defendant denies that this paragraph represents and complete and accurate summary of the investigation or evidence, and denies any remaining allegations in paragraph 18(e).

        f)      Ghost payrolling during Covid.

**ANSWER:**    Defendant admits only that the investigation included allegations of ghost payrolling during Covid, but denies that Plaintiff, or OPR, or the FBI, or other members of Squad 4 could prove ghost payrolling during Covid, or that Plaintiff provided evidence demonstrating ghost payrolling to the Sheriff's Office, and denies any remaining allegations in paragraph 18(f).

    19.    In late 2021, Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/15(b) and with other members of Squad 4 by contacting the FBI Public Corruption Squad and assisting the FBI in 2021, by using federal grand jury subpoenas to gather evidence and through the use of the forensic phone dumps discovered evidence that many of the targets of the investigation were working on Thomas J. Dart's 2022 re-election campaign.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of whether in late 2021, Plaintiff and other members of Squad 4 contacted the FBI Public Corruption Squad and assisted the FBI by using federal grand jury subpoenas and through the use of "forensic phone dumps", but denies that Plaintiff engaged in protected activity, and denies that

Plaintiff and/or other members of Squad 4 discovered evidence that "many of the targets of the investigation" were working on the incumbent Sheriff's 2022 re-election campaign, and denies any remaining allegations in this paragraph.

20.     In approximately November or December of 2021, Plaintiff NICOLE M. PAGANI engages in protected activity under IWA, 740 ILCS 174/15(b) by providing Peter G. Lisuzzo, Executive Director of Professional Review of the Cook County Sheriff's Office that the Director of OPR was covering up, fixing, or failing to investigate OPR complaints filed against the Assistant Executive Director, DAC, and the Chief of Operations' subordinate, and that the Director should not be allowed to have access to any part of the on-going investigation because the Director would likely deliberately sabotage the on-going investigation demonstrating a reasonable belief there has been and will be future violations of Official Misconduct, 720 ILCS 5/33-3, Intimidation, 720 ILCS 5/12-6(a)(6), Obstruction of Justice, 720 ILCS 720 ILCS 5/31-4, and Law Enforcement Misconduct, 720 ILCS 5/33-9.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

21.     On or about March 23, 2022, in the morning, Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/15(b) along with other members of Squad 4 by providing Bradley Curry, Chief of Staff of the Cook County Sheriff, with information from the criminal investigation that the Cook County Sheriff's Office is providing training for the personal dog of the owner of a supply company who is doing business with the Cook County Sheriff's Office. Bradley Curry became visibly upset stating these weren't his people they were Tarry's.

**ANSWER:**     Defendant admits only that Plaintiff and other members of OPR informed the Chief of Staff of the criminal investigation and de-deputization of employees on March 23,

2023, and that the Chief of Staff became visibly upset because he had not previously been informed of Plaintiff's criminal investigation or related allegations of employee misconduct, but denies that Plaintiff engaged in protected activity, denies that paragraph 21 reflects the content of the conversation, and denies all remaining allegations in paragraph 21. Furthermore, Defendant specifically denies that the Sheriff's Office provided any training of dogs beyond the Tails of Redemption program, an initiative for individuals in custody of the Cook County Department of Corrections to develop skills, including the training of dogs.

22.     On or about March 23, 2022, the investigation goes overt and seventeen employees are de-deputized, including four exempt rank employees.

**ANSWER:**     Defendant denies that Plaintiff and/or Squad 4 handled this investigation pursuant to OPR procedure and admits that Plaintiff and members of Squad 4 decided to de-deputize and transfer seventeen employees on March 23, 2022 and deny the remaining allegations contained in paragraph 22.

23.     On or about March 23, 2022, during the afternoon, Plaintiff, NICOLE M. PAGANI, engages in protected activity under IWA, 740 ILCS 174/15(b) with other employees of Squad 4 by providing Bradley Curry and Helen Burke, Chief Legal Officer for the Cook County Sheriff information about some of the evidence against the de-deputized employees and the exempt rank employees. Helen Burke requests Squad 4 provide a draft memorandum which could be used to terminate the four exempt de-deputized employees.

**ANSWER:**     Defendant admits only that Brad Curry and Helen Burke met with Plaintiff and other members of OPR on March 23, 2022, and that Helen Burke requested further details, including information about the 4 exempt employees, and denies that Plaintiff engaged in protected

09016\325931651.v1

activity, denies that Plaintiff provided any evidence, and denies the remaining allegations in this paragraph as stated.

24.     Between April of 2022, through December of 2023, Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/15(b) by providing Peter G. Lisuzzo, Executive Director of Professional Review with evidence that a corrections officer "RM" falsified official documents that she sent to the Cook County Sheriff's Office's payroll department and was compensated for hours she never worked.

**ANSWER:**   Defendant denies that Plaintiff engaged in protected activity, denies that Plaintiff provided any specific evidence to Executive Director Lisuzzo regarding the allegations in paragraph 24, and admits that allegations against a correctional officer with the initials RM were investigated by OPR.

25.     In the days following the de-deputization of Squad 4's targets, Peter G. Lisuzzo, advises Plaintiff, NICOLE M. PAGANI, that he had a phone call with Helen Burke who is very concerned that the documents that had already been submitted for reimbursement could expose the Cook County Sheriff's Office to being responsible for paying back millions of dollars in COVID relief funds.

**ANSWER:**   Defendant admits only that Defendant was concerned about Plaintiff's (ultimately unproven and unsupportable) assertion that *tens of millions of dollars* had been fraudulently paid out because of "ghost payrolling", but denies the remaining allegations contained in this paragraph.

26.     Later, Peter G. Lisuzzo informs Plaintiff, NICOLE M. PAGANI, that on a very regular basis, pretty much every time he talks to Helen Burke, that she is very concerned about the ongoing investigation and would inquire about the status of the investigation and while on a

09016\325931651.v1

conference call on unrelated matters, Bradley Curry, had to tell Helen Burke to stop talking about the investigation.

**ANSWER:** Defendant denies that Brad Curry ever told the Chief Legal Officer to stop talking about the investigation, and denies that Lisuzzo talked to the Chief Legal Officer on a very regular basis, or even on a "regular basis," and admits only that on occasions when Lisuzzo met with the Chief Legal Officer, the Chief Legal Officer would inquire about the status of the investigation involving seventeen Sheriff's Office employees who were de-deputized and either suspended or transferred out of their regular duties pending investigation, but denies any remaining allegations.

27. Throughout 2022, Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by providing Peter G. Lisuzzo with updates on the evidence found in forensic phone dumps, official Cook County Sheriff's Office email dumps including the discovery of members of the executive office along with members of their families were utilizing Cook County Sheriff's Office resources for personal gain by having Cook County Sheriff's Office employees train their personal dogs while on the clock and working for the Cook County Sheriff's Office indicating a good faith belief there were violations of Official Misconduct 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes),Theft of Labor 720 ILCS 5/16-1, 5 ILCS 430/70-5, (requiring adoption of County Ethics Act), Cook County Ethics Ordinance Sec. 2-561(a)(6), Sec. 2-576 County Owned Property; See *People v. Mehelic*, 152 Ill. App. 3d 843 (5th Dist. 1987) (township highway commissioner committed official misconduct by directing township employees to repair his personal automobile in the township garage during working hours obtaining a personal advantage).

09016\325931651.v1

**ANSWER:** Defendant denies that Plaintiff engaged in protected activity, denies that Plaintiff provided Executive Director Lisuzzo with evidence or updates on evidence, and denies that there was ever any evidence discovered that "members of the executive office" and/or their families were utilizing Cook County Sheriff's Office resources for personal gain through the actions described in paragraph 27, denies that any purported allegation regarding the same could have been in good faith, and denies that Plaintiff offered statutory, ordinance violation or any legal basis for purported misconduct when speaking with Executive Director Lisuzzo, and denies any remaining allegations in this paragraph.

28. Throughout 2022, Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by informing Peter G. Lisuzzo that Jennifer Black, First Deputy Chief of Staff for Administration for the Cook County Sheriff was manipulating job postings with the Cook County Sheriff's Office for members of the executive staffs' family members.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

29. Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by informing Peter G. Lisuzzo that email correspondence was discovered between Jennifer Black and Tarry Williams, Cook County Sheriff's Office Chief of Operations manipulating job postings for jobs so that two of Tarry Williams' sons would be hired indicating a reasonable belief of violations of Official Misconduct 720 ILCS 5/33-3, 720 ILCS 5/12-6(a)(6), 5 ILCS 430/70-5, (requiring adopt of County Ethics Act), and Cook County Code Sec. 2-582.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

30. Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by informing Peter G. Lisuzzo that Jennifer Black had a niece hired for an administrative assistant position where she was assigned to work directly for Bradley Curry.

09016\325931651.v1

Jennifer Black's niece was then sent through the correctional officer's academy, given certification, and was never obligated to work in the capacity as an officer. These hirings took place between 2020-2022 when the Cook County Sheriff's Office was claiming to be short of officers in the jail and according to an email sent out by the Cook County Sheriff Administration under a hiring freeze indicating a reasonable belief of violations of Official Misconduct 720 ILCS 5/33-3, 720 ILCS 5/12-6(a)(6), 5 ILCS 430/70-5, (requiring adopt of County Ethics Act), and Cook County Code Sec. 2-582.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

31. In 2023, there were numerous times when Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by informing the FBI that she reasonably believes in good faith Peter G. Lisuzzo was giving information protected by Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) involving Squad 4 and the FBI joint investigation to Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Jennifer Black, and Erica Dillon indicating violations of Official Misconduct, 720 ILCS 5/33(a) and (b), Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and 18 U.S.C. §3322.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth about whether Plaintiff informed the FBI of such information, but denies that Plaintiff engaged in protected activity, denies that Plaintiff could have "reasonably" or in "good faith" believe that Executive Director Lisuzzo was violating Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) in any way, including as described in paragraph 31, and denies all remaining allegations in this paragraph.

09016\325931651.v1

32.     On or about September 19, 2023, at approximately 2:45 p.m., Plaintiff, NICOLE M. PAGANI, and another member of Squad 4 were meeting with Peter G. Lisuzzo to go over the federal criminal investigation so Peter G. Lisuzzo could up-date Tom Dart and Bradley Curry.

**ANSWER:**     Defendant admits only in September of 2023, Lisuzzo reviewed the status of the joint FBI investigation with Plaintiff and another member of Squad 4, and that at some point thereafter, Lisuzzo was planning to update the incumbent Sheriff and Chief of Staff on the investigation, but denies any remaining allegations.

33.     During this meeting Plaintiff engages in protected activity under IWA, 740 ILCS 174/15(b) by informing Peter G. Lisuzzo about the following evidence discovered during the pending investigations:

a)      Numerous employees including some holding executive positions were utilizing Cook County Sheriff's resources for personal gain by having their personal dogs trained by Cook County Sheriff's Office employees. This also included the owner of a supply company was allowed to have his personal dog trained by Cook County Sheriff's Office employees indicating violations of Official Misconduct 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes),Theft of Labor 720 ILCS 5/16-1, 5 ILCS 430/70-5, (requiring adopt of County Ethics Act), Cook County Ethics Ordinance Sec. 2-561(a)(6), Sec. 2-576 County Owned Property; See *People v. Mehelic*, 152 Ill. App. 3d 843 (5th Dist. 1987) (township highway commissioner committed official misconduct by directing township employees to repair his personal automobile in the township garage during working hours obtaining a personal advantage).

b)      Advised that the Executive Director of Electronic Monitoring was attending the Chicago Metro Police Academy and there may have had fraudulent documents submitted to the Illinois Law Enforcement Training and Standards Board, she was utilizing a County issued vehicle, was still on CCSO payroll, and she was using her IVR to clock in for the day. Evidence was starting to suggest that she may be involved in ghost payrolling indicating violations of Official Misconduct, 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes),Theft of Government funds, 720 ILCS 5/16-1, Wire Fraud, 720 ILCS 5/17-24, Computer Fraud, 720 ILCS 5/17-50.

c)      Advised that the Chief Deputy Sheriff sent a racist comment and picture to other members of the executive staff on County issues electronic devices evidencing violations of Hate Crime, 720 ILCS 5/12-7.1, Civil Rights Act of 2003, 740 ILCS

23/5(a)(1) and (2), 42 U.S.C. §1983 and Equal Protection violation of 14th Amendment of the U.S. Constitution and 42 U.S.C. §1981, and violations of 775 ILCS 5/2-102 the IHRA and Title VII.

**ANSWER:** Defendant denies that Plaintiff engaged in protected activity and admits only that at some point, Plaintiff raised concerns to Executive Director Lisuzzo about the "training" of certain dogs as part of the "Tails of Redemption" skill building program for individuals in custody of the Cook County Department of Corrections, and about purported "ghost payrolling" by the Executive Director of Electronic Monitoring because she was allegedly attending training at the Chicago Police Academy (which was entirely proper), but denies that Plaintiff identified any purported statutory, ordinance, Constitutional, or law such actions may have violated, and denies any remaining allegations.

34. During this meeting Peter G. Lisuzzo advises Plaintiff that he will discuss with Bradley Curry the status of the Executive Director of Electronic Monitoring's status and where she was reporting to work every day. Later, Peter G. Lisuzzo advises Plaintiff NICOLE M. PAGANI that Bradley Curry advised Peter G. Lisuzzo to leave it alone and that we were not to continue investigating the information we were receiving.

**ANSWER:** Defendant admits only that Lisuzzo informed Plaintiff that he will look into Plaintiff's allegations as to the Executive Director of Electronic Monitoring, and admits that Lisuzzo later informed Plaintiff that the Executive Director of Electronic Monitoring was moving into a role within the Sheriff's Police Department, and that since the Sherriff's Police Academy sessions were already underway, the Executive Director of Electronic Monitoring was attending an alternative police training academy that the Chicago Police Department administered for suburban police departments, and denies all remaining allegations.

09016\325931651.v1

35.     On or about that day or several days after Peter G. Lisuzzo has his meeting with Thomas J. Dart and Bradley Curry in late September of 2023, Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, that going forward he will be giving Thomas J. Dart regular up-dates on the federal criminal investigation stating to Plaintiff that "the Sheriff's is our boss and if he asks questions and wants to know about a case we are going to tell him" and Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, that as she starts to gather information from the results of the federal grand jury search warrants she is to tell him so he can in turn let Defendant, Thomas J. Dart know. Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, that if the evidence shows that Cook County Sheriff employees are committing acts in which they were accused of he needs to have that information immediately so he can brief Thomas J. Dart and Bradley Curry.

**ANSWER:**     Defendant admits only that as of late September of 2023, Lisuzzo informed Plaintiff that he would be providing updates to the incumbent Sheriff and Chief of Staff on the status of the joint investigation with the FBI (Lisuzzo later informed the FBI of the same, and they raised no concerns), and admits that Lisuzzo wanted to know the historical cell site location information from the *search warrant*, which was not grand jury information, and which Plaintiff knew was not grand jury information. Further answering, Defendant denies that Lisuzzo ever suggested sharing "grand jury" information with anyone who did not have 6(e) authorization. Further answering, Defendant admits only that Lisuzzo told Plaintiff that if the search warrant results show that Sheriff's Office employees are "ghost payrolling" he needs to know immediately so he can inform the incumbent Sheriff and Chief of Staff, and that there would have been no reason to keep the search warrant results from the incumbent Sheriff or Chief of Staff, and denies any remaining allegations.

09016\325931651.v1

36.     Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/20 telling Peter G. Lisuzzo that she refuses to violate Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) by providing grand jury material that cannot be shared.

**ANSWER:**     Defendant admits only that Plaintiff refused to provide Executive Director Lisuzzo any information about grand jury material, in that when Executive Director Lisuzzo requested that Plaintiff provide an overview of the grand jury material, Plaintiff refused. Defendant denies that Plaintiff engaged in protected activity, and further states that Plaintiff was aware that throughout the criminal investigation, Executive Director Lisuzzo was explicitly authorized by the FBI to review grand jury material pursuant to Federal Rule of Criminal Procedure 6(e)(3)(A)(ii), and denies any remaining allegations.

37.     On or about October 16, 2023, Peter G. Lisuzzo arrives at the office and tells Plaintiff. NICOLE M. PAGANI, he wants a copy of the signed grand jury search warrant and affidavit because he needs to know exactly what information Squad 4 and the FBI had requested and what they were looking at.

**ANSWER:**     Defendant denies that Lisuzzo requested a copy of the "signed grand jury search warrant" because no such thing exists, and admits he asked for the signed search warrant and search warrant affidavit and that he was focused on the search warrant results, and was also interested in knowing further information about the investigation, but denies all remaining allegations.

38.     Plaintiff, NICOLE M. PAGANI, engages in protected activity under the IWA, 740 ILCS 174/15(b) by stating she wants to check with the FBI supervisor to make sure the information Peter G. Lisuzzo was demanding was not protected by Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and she can legally turn this information over.

09016\325931651.v1

**ANSWER:** Defendant denies the allegations in this paragraph as stated.

39. Peter G. Lisuzzo became enraged with the Plaintiff, NICOLE M. PAGANI, yelling that she is the affiant of the grand jury search warrant and an employee of the Cook County Sheriff's Office and she is the only TFO (Task Force Officer) for the FBI.

**ANSWER:** Defendant denies the allegations in this paragraph as stated.

40. Plaintiff, NICOLE M. PAGANI, engages in protected activity under IWA, 740 ILCS 174/20 refusing to turn over the information demanded by Peter G. Lisuzzo until she verifies with the FBI supervisor she would not be in violation of Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and 18 U.S.C. §3322.

**ANSWER:** Defendant denies the allegations in this paragraph as stated.

41. Peter G. Lisuzzo became very unprofessional screaming at the Plaintiff that she needs to stop the secretive stuff and he wants the affidavit and grand jury search warrant on his desk.

**ANSWER:** Defendant denies the allegations of paragraph 41, except that Defendant admits Lisuzzo told Plaintiff she needs to stop the secretive stuff and that he wants to review the search warrant, but denies that a "grand jury search warrant" exists and denies that he asked for anything from the "grand jury" to be on his desk, and denies all other allegations.

42. At all times mentioned herein, Peter G. Lisuzzo knew or should have known that Plaintiff, NICOLE M. PAGANI, was going to engage in protected activity under 740 ILCS 174/15(b) by reporting that she reasonably and honestly believed to the FBI that he was trying to get information protected by federal rules, including Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and 18 U.S.C. §3322 and provide grand jury protected information to persons like Thomas J. Dart, Bradley Curry, Nicholas Scouffas, Helen Burke, and Jennifer Black in violation of the law.

09016\325931651.v1

**ANSWER**:  Defendant denies the allegations contained in this paragraph.

43.    On or about October 16, 2023, Plaintiff, NICOLE M. PAGANI, engages in protected activity under 740 ILCS 174/15(b) by going to the FBI and reporting Peter G. Lisuzzo is demanding she provide him with access to an affidavit and search warrant she reasonably believes is protected by Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) so he can provide confidential information to persons in the Cook County Sheriff's Department that are not entitled to that confidential information indicating a violation of Official Misconduct, 720 ILCS 5/33-3, Fed. R. Crim Pro. 6(e)(3)(A)(ii), 18 U.S.C. §3322, and 720 ILCS 5/33-3(b).

**ANSWER:**    Defendant denies that Plaintiff engaged in protected activity, denies that Executive Director Lisuzzo requested access to an affidavit and search warrant so he could provide it to unauthorized persons, and denies that Plaintiff did or could have reasonably believed that Executive Director Lisuzzo would provide information protected by 6(e)(3)(A)(ii) to unauthorized individuals, but lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff informed the FBI of the above information.

44.    On or about October 16, 2023, the FBI supervisor informs Plaintiff, NICOLE M. PAGANI, that he will meet with Peter G. Lisuzzo and determine what information he would be given and that Peter G. Lisuzzo would not be given any grand jury protected materials.

**ANSWER:**    Defendant denies that Lisuzzo was prohibited from viewing grand jury protected materials, as he had 6(e) authority for this investigation, and Plaintiff was aware of Lisuzzo's 6(e) authority, and denies that Plaintiff answered to an "FBI supervisor." Further answering, Defendant lacks knowledge or information sufficient to form a belief about the truth of whether someone from the FBI informed Plaintiff of the information contained in paragraph 44,

09016\325931651.v1

and states only that the FBI readily shared information directly with Lisuzzo about the historical cell site location information results of the search warrant, and denies any remaining allegations.

45.     On or about October 16, 2023, Plaintiff, NICOLE M. PAGANI, engages in protected activity under 740 ILCS 174/20 by refusing to give Peter G. Lisuzzo the affidavit and grand jury search warrant in violation of Federal Rules, including Federal Rule of Criminal Procedure 6(e)(3)(A)(ii).

**ANSWER:**     Defendant admits that Plaintiff refused to provide Executive Director Lisuzzo the results of the grand jury subpoena, the cell tower results of the federal search warrant, and the affidavit for the search warrant, but denies that this constitutes protected activity, particularly because Plaintiff was aware that Executive Director Lisuzzo explicitly had authority to view the material pursuant to Federal Rule of Civil Procedure 6(e), and denies the remaining allegations.

46.     On or about October 23, 2023, Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, that she is no longer to provide the FBI with any information pertaining to any violations of law committed by employees of the Cook County Sheriff's Office and in violation of 740 ILCS 174/20.1 and 740 ILCS 174/20.2 engages in adverse action by threatening her that she would be in trouble if she reported any more evidence of crimes committed by Cook County Sheriff's employees to the FBI.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

47.     On or about October 23, 2023, under 740 ILCS 174/10 along with 740 ILCS 174/25, it is a class A misdemeanor for Peter G. Lisuzzo and the Defendants to make, adopt, or enforce any rule or policy preventing the Plaintiff. NICOLE M. PAGANI, from disclosing

information to a government or law enforcement agency like the FBI if she has a reasonable cause to believe that the information discloses a violations of a State or federal law, rule or regulation.

**ANSWER:** Defendant denies that the above paragraph represents a complete, full and accurate description of the law, and denies any and all related implications or remaining allegations.

48. On or about October 23, 2023, under 18 U.S.C. §4 makes it a crime for a person who has knowledge of the actual commission of a felony conceal or not make known to a judge or other person in civil or military authority under the United States. Plaintiff NICOLE M. PAGANI engages in protected activity under the IWA, 740 ILCS 174/20 by refusing to follow Peter G. Lisuzzo's order to violate 740 ILCS 174/10, 740 ILCS 174/25 and 18 U.S.C. §4. Plaintiff NICOLE M. PAGANI engages in protected activity under IWA, 740 ILCS 174/15(b) by informing the FBI that Peter G. Lisuzzo instructed her not to report crimes committed by Cook County Sheriff's employees to the FBI in violation of the law.

**ANSWER:** Defendant denies that the citation represents a full, complete and accurate description of the law, and denies all remaining allegations, except that Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff informed the FBI of the above referenced (false) information.

49. On or about December 6, 2023, Peter G. Lisuzzo calls the Plaintiff, NICOLE M. PAGANI, into his office with Erica Dillon to discuss Case No. SO-21-00077963 and refuses to allow investigator Michael Reed to attend the meeting.

**ANSWER:** Defendant admits that on or about December 6, 2023, Lisuzzo called Plaintiff into his office with Erica Dillon to discuss the investigation, but denies that he "refuse[d] to allow investigator Michael Reed to attend the meeting" for its false premise, as Reed was not

invited to the meeting about the investigation, there was no reason for Reed to attend the meeting and he was not involved in the investigation at the time, and denies any remaining allegations.

50.     During the meeting on or about December 6, 2023, Plaintiff, NICOLE M. PAGANI, engages in protected activity under IWA, 740 ILCS 174/20 by refusing Peter G. Lisuzzo's demand to provide details about a grand jury search warrant protected by Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) and 18 U.S.C. §3322.

**ANSWER:**     Defendant admits only that on or about December 6, 2023, after Erica Dillon exited the room, Plaintiff refused to provide Executive Director Lisuzzo an overview of the grand jury information protected by 6(e), but denies all remaining allegations.

51.     On or about December 13, 2023, Plaintiff, NICOLE M. PAGANI, engaged in protected activity under 740 ILCS 174/15(b) by providing Kim Foxx's Cook County State's Attorney's Office with evidence of the crimes reasonably believed to be committed by Cook County Sheriff's Office employees, including Assistant Director, DAC, Assistant Executive Director DRC, Director AG, Correctional Officer, RM, and Correctional Officer AN, suggesting violations of Official Misconduct, 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes), Theft of Government funds, 720 ILCS 5/16-1, Wire Fraud, 720 ILCS 5/17-24, Computer Fraud, 720 ILCS 5/17-50 and evidence suggesting payroll tax fraud was being committed. To the extent federal funds were used to pay hazard pay or overtime and were stolen. 18 U.S.C. §641, Wire Fraud, 18 U.S.C. §1343, 18 U.S.C. §666, 18 U.S.C. §981, and 28 U.S.C. §2461. Despite significant evidence of crimes committed Cook County Sheriff's employees, the representative from Kim Foxx's Cook County State's Attorney's Office took no notes and appeared to be very disinterested in prosecuting these crimes.

09016\325931651.v1

**ANSWER:** Defendant admits only that the prosecutor took no notes, as is the standard practice, and otherwise denies that the above paragraph reflects a complete and accurate description of the meeting with the Cook County State's Attorney's Office, and denies any remaining allegations inconsistent with this response.

52. On or about December 20, 2023, Plaintiff, NICOLE M. PAGANI, engaged in protected activity under IWA, 740 ILCS 174/15(b) by providing Peter G. Lisuzzo, Erica Dillon, Bradley Curry, Helen Burke, and Nicholas Scouffas, General Counsel for the Cook County Sheriff with the following evidence of public corruption and wrongdoing under 740 ILCS 174/20.1:

a) Several Cook County Sheriff's Office employees committed several crimes including but not limited to wire fraud, computer fraud, and theft. There is evidence in the form of text messages recovered from a forensic phone dump that was performed on Cook County Sheriff issued devices that Cook County Sheriff's employees conspired to engage in falsification of official documents to obtain Covid relief funds. Cook County Sheriff employees admitted to submitting official documents to CCSO payroll for reimbursement after they knowingly provided false information on those documents. Cook County Sheriff employees admitted to submitting official documents to CCSO payroll for reimbursement after they knowingly provided false information on those documents. Information was being uncovered in the FBI investigation that millions of dollars in funds that the Cook County Sheriff's Office received under the Cares Act was misappropriated by employees ghost payrolling and individuals being investigated working over 200 hours in a single 2 week pay period which equals upwards of over 120 hours over overtime and 1 and ½ times the regular hourly salary. Numerous employees were working 200 hours in a single two-week pay period. Many individuals were found to have exceeded their regular salary in overtime pay, which exceeded $75,000 over their regular base pay. Still images taken from covert cameras showing employees who conspired to clock someone other than themselves in and/or out for their shifts. There is evidence that payroll tax fraud was being committed. There is evidence that Director AG had an electronic signature for Thomas J. Dart that could be used to forage his signature on any documents. There is evidence these Cook County Sheriff's employees committed several crimes including Official Misconduct, 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit be used for public purposes), Theft of Government Funds, 720 ILCS 5/16-1, Forgery and Wire Fraud, 720 ILCS 5/17-24, and Computer Fraud, 720 ILCS 5/17-50. To the extent federal funds were used to pay hazard pay or overtime and were stolen, federal crimes involve violations of 18 U.S.C. §641, Wire Fraud, 18 U.S.C. §1343, 18 U.S.C. §666, 18 U.S.C. §981, and 28 U.S.C. §2461.

09016\325931651.v1

b)      Evidence showing employees doing political work for Sheriff's Dart's re-election campaign in 2022 and a review of the Workforce Timekeeping system for several of the CCSO employees had not submitted time off requests until after the fact and therefore were likely conducting political business while they should have been working for CCSO. Some of these employees claim they were forced to work on Sheriff Dart's 2022 re-election campaign. Those employees eventually put in and were approved for time off requests. There are email dumps showing evidence Cook County Sheriff's Office employees were using Cook County Sheriff's Office resources – communication devices to work on Thomas J. Dart's 2022 re-election campaign. Helen Burke and the others were provided with evidence County resources were being used for purposes in the form of screenshots taken from County issued cell phones that showed the employees were sending Thomas J. Dart's campaign flyers and conversations about working on Thomas J. Dart's campaign. These facts indicate a reasonable belief that there are violations of the following laws: Official Misconduct, 720 ILCS 5/33-3, ILConst. Art. 8, §1, Political Rights Protected, 50 ILCS 135/10, Abuse of Political Influence Prohibited, 55 ILCS 5/3-14037, 55 ILCS 5/3-12011(d), 55 ILCS 5/3-12009(a)(2), 55 ILCS 5/3-14039, Intimidation, 720 ILCS 5/12-6(a)(6), 5 ILCS 430/70-5 (requiring all Illinois Counties to adopt an ethics code that mirrors 5 ILCS 430/5-15 Prohibited Political Activities), Cook County Code Sec. 2-583 – Political Activity, and violations of the Hatch Act, 5 U.S.C. §1502(a)(1).

c)      Provided evidence that executive staff were using Cook County Sheriff's Office resources for their own personal benefit. Executive employees were bringing their personal dogs in to be trained by Cook County Sheriff's employees on working time. There was evidence that Cook County Sheriff's employees would drive to a Chicago supply company owner's place of business and pick up his personal dog and take it to Cook County Sheriff's campus to train the dog and at the end of the day drive the dog back to the owner's company and drop it off. This all occurred while Cook County Sheriff's employees were on the clock. During the presentment of the evidence Helen Burke became upset and admitted to having her dog trained by Cook County Sheriff's Office employees claiming Tarry Williams approved of employees having their personal dogs trained by CCSO employees. Additional evidence of FBI interviews were provided. This includes evidence that owner of a supply company doing business with the CCSO was having his personal dog trained by CCSO employees. These facts evidence a reasonable belief the following laws were being violated: Official Misconduct, 720 ILCS 5/33-3, ILCS Const. Art. 8, §1, (public funds, property or credit shall be used for public purposes), theft of labor, 720 ILCS 5/16-1, Intimidation, 720 ILCS 5-12-6(a)(6), 5 ILCS 430/70-5 (requiring all counties to adopt an ethics code), Cook County Ethics Code Sec. 2-561(a)(6), Sec. 2-576. See *People v. Mehelic,* 152 Ill. App. 3d 843 (5th Dist. 1987) (holding township highway commissioner committed Official Misconduct by directing township employees to repair his personal vehicle in the township garage during working hours obtaining a personal advantage).

09016\325931651.v1

d)     Plaintiff started to bring up issues of nepotism and improper hiring discovered in the email dumps involving Jennifer Black and Tarry Williams indicating violations of Official Misconduct, 720 ILCS 5/33-3, Intimidation, 720 ILCS 5/12-6(a)(6), 5 ILCS 43070-5 (requiring all Illinois counties to adopt an ethics code) and Cook County Code Sec. 2-582.

e)     Plaintiff advised that the Assistant Executive Director had numerous cases sent to OPR that were closed by the Director without doing any kind of an investigation. One of these cases had to do with the security jobs and intimidating civilians in the neighborhoods and the Assistant Executive Director bribing the head of security for Federal Express not to report the intimidation. Peter G. Lisuzzo cut-off further discussion but Helen Burke wanted more information. This indicates violations of Official Misconduct, 720 ILCS 5/33-3, Intimidation, 720 ILCS 5/12-6(a)(6), Obstruction of Justice, 720 ILCS 5/31-4, and Law Enforcement Misconduct, 720 ILCS 5/33-9.

f)     Helen Burke wanted to know if there was any evidence that rosters submitted for reimbursement of Covid funds on behalf of the emergency response team had been falsified. Plaintiff advises Helen Burke there is some evidence and was advised that text messages were sent on Cook County Sheriff's devices evidencing the Assistant Executive Director DAC and Director AG conspiring to add names without verifying if those members of ERT were actually working. The text messages mentioned it was being done in case of any potential audits by the federal government in the future. Plaintiff advises that she has more work to do on that part of the investigation and that her access to the Oracle database had been taken away so she needed her access restored so she could complete that part of the investigation.

**ANSWER:**     Defendant denies that the above paragraph reflects a complete and accurate description of the meeting on December 20, 2023, and denies the allegations as stated.

53.     On or about December 20, 2023, Helen Burke directed the Plaintiff, NICOLE M. PAGANI, to draft a final report in the next few weeks.

**ANSWER:**     Defendant admits only that Helen Burke asked for an OPR report focusing on the misconduct of the exempt employees, but denies that she "directed" Plaintiff to draft a final report, and denies all remaining allegations.

54.     On or about December 20, 2023, at approximately 1:15 p.m., Peter G. Lisuzzo calls Plaintiff, NICOLE M. PAGANI, into his office with Erica Dillon to discuss the meeting they had earlier with Bradley Curry, Helen Burke, and Nicholas Scouffas.

**ANSWER:**     Defendant denies that Lisuzzo and Dillon had a separate meeting with the Chief of Staff, Chief Legal Officer and General Counsel, and denies all remaining allegations.

55.     During this meeting, Peter G. Lisuzzo claims he met with Bradley Curry, Helen Burke, and Nicholas Scouffas and they discussed what should not be included in the report. Peter G. Lisuzzo directs Plaintiff, NICOLE M. PAGANI, to complete the report by January 22, 2024.

**ANSWER:**     Defendant denies the allegations in this paragraph, and states only that Lisuzzo directed Plaintiff to complete the report by January 22, 2024, and that the initial OPR report should focus on the misconduct of the highest level (exempt) employees, and denies the remaining allegations.

56.     Peter G. Lisuzzo hears Plaintiff, NICOLE M. PAGANI, express her concerns about writing a report that left out important information about Cook County Sheriff's Office employees violating laws, getting the report done between the up-coming holidays and her scheduled time off, and the move of Squad 4 from Building 5.

**ANSWER:**     Defendant denies that Plaintiff expressed concerns about leaving out "important information" about legal violations, and admits only that Plaintiff did not want to focus on the misconduct of the highest-level exempt employees, and while Plaintiff expressed concern about meeting the deadline, Defendant denies that Plaintiff complained that the deadline was "between" holidays, as it was due January 22, 2024, and the criminal investigation had been over since at least November of 2023, when the U.S. Attorney's Office declined charges, and denies that Pagani ever requested overtime to complete the report, and denies any remaining allegations.

09016\325931651.v1

57.     Peter G. Lisuzzo tells Plaintiff, NICOLE M. PAGANI, to do whatever she needed to do to get the report done.

**ANSWER:**   Defendant denies the allegations in this paragraph and admits only that Lisuzzo told Plaintiff to get the report done.

58.     Peter G. Lisuzzo and Erica Dillon then became upset with the Plaintiff, NICOLE M. PAGANI, because she engaged in protected activity under IWA, 740 ILCS 174/15(b) reporting to Bradley Curry, Helen Burke, and Nicholas Scouffas about Cook County Sheriff's Office executive staff having their personal dogs trained with CCSO resources and threatened Plaintiff, NICOLE M. PAGANI, that it should never be brought up again.

**ANSWER:**   Defendant denies the allegations contained in this paragraph.

59.     On or about January 3, 2024, at approximately 12:48 p.m., Peter G. Lisuzzo calls the Plaintiff NICOLE M. PAGANI with Erica Dillon on the line and begins screaming at Plaintiff for a time sheet that she submitted for working overtime on December 24, 2023, on the report that he told Plaintiff to do whatever she needed to do to get the report done.

**ANSWER:**   Defendant denies that Lisuzzo was screaming, denies that Plaintiff requested overtime for December 24, 2023, and denies that Lisuzzo ever told Plaintiff "to do whatever she needed to do" to get the report done, and admits only that on the date referenced above, Lisuzzo spoke to Plaintiff about his directive, which was also an OPR policy requirement, which mandates that employees must obtain pre-approval before taking overtime, and that while on the call, Lisuzzo raised concerns and disappointment about Plaintiff's failure to obtain pre-approval before taking overtime.  Further answering, Defendant denies any remaining allegations.

09016\325931651.v1

60.     Peter G. Lisuzzo screams at the Plaintiff, NICOLE M. PAGANI, that he is denying her earned overtime on December 24th along with the earned overtime she worked on January 2nd and 3rd of 2024, on the report.

**ANSWER:**     Defendant denies that Lisuzzo screamed at Plaintiff during the call and denies that he referenced overtime purportedly taken on December 24, and denies that he spoke about overtime worked by Plaintiff on January 3, 2024, particularly given that, as at the time of the call, Plaintiff had not yet worked eight hours in the workday.  Further answering, Defendant denies any remaining allegations.

61.     On January 3, 2024, Plaintiff, NICOLE M. PAGANI, engages in protected activity under the Fair Labor Standards Act, (FLSA), 29 U.S.C. §215(a)(3) and Illinois Wage Payment and Collection Act, (IWPCA), 820 ILCS 115/14(c) stating that it is a violation of law for her not to be compensated for the overtime she worked as Peter G. Lisuzzo continues to yell at her.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

62.     On January 4, 2024, Plaintiff, NICOLE M. PAGANI, engages in protected activity under FLSA, 29 U.S.C. §215(a)(3) and the IWPCA, 820 ILCS 115/14(c) by drafting and emailing Peter G. Lisuzzo and Erica Dillon explaining why she believes Peter G. Lisuzzo gave her authority to work overtime to complete the report.

**ANSWER:**     Defendant admits only that on January 4, 2024, Plaintiff sent an email about her unauthorized overtime, but denies the remaining allegations in the paragraph.

63.     On or about January 8, 2024, Peter G. Lisuzzo angrily tells Plaintiff NICOLE M. PAGANI that he wants to talk to her and orders her to get into his office.

**ANSWER:**     Defendant admits only that in their initial conversation on January 8, 2024 ("Pre-Meeting Conversation"), Lisuzzo told Plaintiff that he needed to speak with her and to step

into his office, but denies that he told her anything "angrily" or in an angry fashion, and denies any remaining allegations.

64.     Peter G. Lisuzzo hears Plaintiff NICOLE M. PAGANI request union representation.

**ANSWER:** Defendant admits only that during the Pre-Meeting Conversation on January 8, 2024, in response to Lisuzzo's telling Plaintiff he needed to speak with her and asking Plaintiff to step into his office, Plaintiff told Lisuzzo something to the effect that she needed to get a union steward and when he mentioned she did not need one, Plaintiff walked away.  Further answering, Defendant denies any remaining allegations.

65.     While Plaintiff NICOLE M. PAGANI is walking down the hall looking for her union representative, Peter G. Lisuzzo yells at Plaintiff NICOLE M. PAGANI that she does not need a union representative and she needs to get into his office.

**ANSWER:**   Defendant admits only that during their Pre-Meeting Conversation on January 8, 2024, Lisuzzo said something to the effect that Plaintiff did not need a union steward, and admits that Plaintiff then walked away from Lisuzzo, but denies that Lisuzzo yelled at Pagani while she walked down the hall, and lacks knowledge or information sufficient to form a belief as to whether Plaintiff was looking for her union representative when she walked away from Lisuzzo. Further answering, Defendant denies any remaining allegations.

66.     Peter G. Lisuzzo orders Plaintiff's union representative to leave thereby denying Plaintiff's request for union representation and claiming that Plaintiff NICOLE M. PAGANI was not being disciplined, subjected to Article U, or de-deputized.

ANSWER: Defendant admits only that after walking away from Lisuzzo on January 8, 2024, Plaintiff returned to Lisuzzo's office with a union steward and entered Lisuzzo's office, and

09016\325931651.v1

further states that Lisuzzo told the union steward that he was not needed and that he could step out of Lisuzzo's office because Plaintiff was not being disciplined, was not being counseled, was not being Article U'd, was not being questioned about any allegations of misconduct, and that this discussion involved the management of the Unit, but denies that Lisuzzo used the word "deny" or "denied" (or any iteration of that word) and denies any remaining allegations in this paragraph.

67.     Peter G. Lisuzzo kicks Plaintiff NICOLE M. PAGANI's union representative out and closes the door to his office.

**ANSWER:**    Defendant denies Plaintiff's characterization, and denies that Lisuzzo "kicks Plaintiff's [ ] union representative out," and admits only that after walking away from Lisuzzo during their Pre-Meeting Conversation on January 8, 2024, Plaintiff returned to Lisuzzo's office with a union steward and entered Lisuzzo's office, at which time Lisuzzo explained that the union steward could step out of his office and was not needed because Plaintiff was not being disciplined, was not being counseled, was not being Article U'd, and was not being questioned about any allegations of misconduct, and that this discussion involved the management of the Unit. In response, the union representative started walking away from Lisuzzo's office, and Plaintiff stepped into Lisuzzo's office and Lisuzzo closed the door.

68.     Peter G. Lisuzzo tells Plaintiff NICOLE M. PAGANI that she is being transferred to Squad 3and [*sic*] that her access to the FBI as a Task Force Officer is revoked which is a demotion.

**ANSWER:**    Defendant admits only that the first time Plaintiff entered Lisuzzo's office on January 8, 2024 ("First Meeting"), Lisuzzo informed Plaintiff that she was being assigned to Squad 3 within OPR and that the Sheriff's Office was revoking its authorization for her to participate in the FBI Task Force as an FBI Task Force Officer. Defendant denies that Plaintiff's

transfer to Squad 3 constitutes a demotion, or that the revocation of its authorization as to Plaintiff's participation in the FBI Task Force as an FBI Task Force Officer was a demotion, and denies that her "access to the FBI" was revoked, and denies all other allegations. Further answering, Defendant denies any remaining allegations.

69.     Peter G. Lisuzzo hears Plaintiff NICOLE M. PAGANI immediately requests [*sic*] union representation which he denies.

**ANSWER:**     Defendant admits only that as Lisuzzo is explaining the assignment during the "Initial Meeting," Lisuzzo hears Plaintiff state "UPODA, you are violating my UPODA rights," and that Lisuzzo responds by reiterating to Plaintiff that she is not being disciplined, counseled, Article U'd or being asked about allegations of misconduct, and denies that Lisuzzo used the word "denied" or "deny" during the meeting.   Further answering, Defendant denies any remaining allegations.

70.     Peter G. Lisuzzo and Defendants [*sic*] agents Dillon, Rentas, and Parks hear Plaintiff NICOLE M. PAGANI continue to request union representation but they ignore her requests as well as her protests that her union representation rights were being violated. Ultimately, because Plaintiff's requests were being ignored, she walked out of Peter G. Lisuzzo's office to find her union representative.

**ANSWER:**     Defendant admits only that along with Lisuzzo, Directors Erica Dillon, Miriam Rentas and Tia Parks were present during the Initial Meeting with Plaintiff, and admits that during the Initial Meeting, they heard Plaintiff request a union steward and Plaintiff's protestations about her UPODA rights, and that during the meeting, Plaintiff walked out of Lisuzzo's office, but denies that they "ignored" her, or that her actions could be based on being "ignored" and denies that this paragraph represents a full and accurate depiction of the meeting, as

Plaintiff has been characterized as raising her voice and acting violently during the meeting. Further answering, Defendant denies any remaining allegations.

71.     Plaintiff NICOLE M. PAGANI returns to Peter G. Lisuzzo's office with her union representative just a short time later and Peter G. Lisuzzo tells Plaintiff NICOLE M. PAGANI that she is being Article U'd out of OPR, contrary to his previous statements, and orders her to go sit in the conference room.

**ANSWER:**     Defendant admits only that after Plaintiff raised her voice and walked out during the Initial Meeting in Lisuzzo's office, Lisuzzo made a short-lived decision to transfer Plaintiff outside of OPR (pursuant to Article U), which he discussed with Directors Dillon, Rentas and Parks, and then requested that Plaintiff return to Lisuzzo's office with her union steward (the "Second Meeting"), and that during the Second Meeting (also attended by Directors Dillon, Rentas and Parks) Lisuzzo informed Plaintiff and her union steward that she would be transferred out of OPR, pursuant to Article U, and instructed Plaintiff to wait in the conference room, but denies that the decision was "contrary to his previous statements" and denies that the decision was ever implemented, and denies any remaining allegations.

72.     Peter G. Lisuzzo brings Plaintiff NICOLE M. PAGANI back into his office after several hours and tells her that she is not going to be Article U'd after all, but she was still being transferred and demoted to Squad 3, he demands Plaintiff turn in her work cellphone and work computer, over her protestations that she needs to keep them for use in ongoing cases with outside agencies. Peter G. Lisuzzo then has Plaintiff NICOLE M. PAGANI escorted out of Building 2 to Building 5 to gather her personal belongings because she is no longer in Squad 4.

**ANSWER:**     Defendant denies the characterization of "several hours" and denies that Plaintiff was "transferred and demoted to Squad 3," and admits only that while Plaintiff was in the

conference room, Lisuzzo arranged for Plaintiff and her union steward to return to his office, where Director Dillon, Rentas and Parks were present ("Meeting 3"), and that during Meeting 3, Lisuzzo informed Plaintiff she would not be transferred pursuant to Article U after all, and that she would remain in OPR, assigned to Squad 3, under Director Parks, and that she needed to turn in her work cellphone. Further answering, Defendant admits that Plaintiff protested turning in her cellphone, but denies that she needed it for use in ongoing cases with outside agencies (as the FBI and U.S. Attorney's Office declined to pursue criminal charges in Plaintiff's investigation as early as November of 2023). Further answering, Defendant admits that Lisuzzo had Plaintiff (and two union stewards of her choosing, among others) go to Building 5 to gather her personal belongings, but denies that Squad 4 was assigned to Building 5, denies that Lisuzzo "demanded" anything, and denies that Lisuzzo mentioned her work computer during Meeting 3, and denies any remaining allegations in this paragraph.

73.     Following the transfer and demotion of Plaintiff NICOLE M. PAGANI from Squad 4 to Squad 3 and the revoking her FBI access through the Task Force, Peter G. Lisuzzo replaces Plaintiff NICOLE M. PAGANI and filled her position on Squad 4 with a male employee who was given Plaintiff's office and at least one of her cases. Plaintiff NICOLE M. PAGANI was denied any opportunity to advise the FBI of her forced transfer and demotion – Peter G. Lisuzzo told her that he would be the one to communicate with the FBI going forward.

**ANSWER:**     Defendant denies that Plaintiff was denied an opportunity to "advise the FBI" of her reassignment, denies that Plaintiff was transferred or demoted, denies that Lisuzzo replaced her or filled her position with a male employee, and denies an unnamed male employee was given "at least one of her cases," and admits only that Lisuzzo informed Plaintiff that he would

inform the FBI of the Sheriff's Office's revocation of her authorization to participate in the FBI Task Force as a Task Force Officer, and denies any remaining allegations.

74.     Following the forced transfer and demotion of Plaintiff NICOLE M. PAGANI from Squad 4 to Squad 3 and the forced revocation of her FBI access through the Task Force, Defendants provide Plaintiff NICOLE M. PAGANI with another desk with no privacy partition. Plaintiff was the only one that did not have a privacy partition.

**ANSWER:**     Defendant admits only that after Plaintiff was assigned to Squad 3 from Squad 4 and removed as a Task Force Officer, she was assigned to an open desk near the Squad 3 investigators, but denies that the desk ever had a privacy partition, denies that Plaintiff previously used a privacy partition in her Squad 4 desk, denies that Plaintiff was ever refused a privacy partition, denies that Plaintiff was the only one without a privacy partition, denies that Plaintiff was "transferred and demoted" from Squad 4 to Squad 3, and denies that Plaintiff's removal as an FBI Task Force Officer can accurately be characterized as a "forced revocation of her FBI access" and denies any remaining allegations in this paragraph.

75.     Following the Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, acting through its executive management including but not limited to Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Erica Dillon, and/or Peter G. Lisuzzo and each of them forcing the transfer and demotion of Plaintiff NICOLE M. PAGANI from Squad 4 to Squad 3 adversely affected the terms and conditions of her employment because, *inter alia*, Plaintiff NICOLE M. PAGANI received very little overtime work and was relegated to merely investigating administrative cases involving detainee grievances, use of force,

09016\325931651.v1

and failure to protect. Any cases that rose to the level of criminal charges would be immediately forwarded to Squad 4 for criminal investigation.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

76.    Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, acting through its executive management including but not limited to Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Erica Dillon, and/or Peter G. Lisuzzo and each of them forcing the transfer and demotion of Plaintiff NICOLE M. PAGANI from Squad 4 to Squad 3 adversely affects Plaintiff's terms and conditions of employment, *inter alia*, the following ways:

a)    Plaintiff was no longer allowed to be involved in high-level criminal and official investigation of sworn and civilian employees throughout the Cook County Sheriff's Office involving high-profile cases of criminal sexual assault, introduction of contraband into a penal institution, excessive use of force, theft of government property, ghost payrolling, civil rights violations and other serious official misconduct;

b)    Plaintiff was no longer allowed to handle cases deemed confidential in nature that involved high ranking members of the Cook County Sheriff's Office;

c)    Plaintiff suffered a significant loss of overtime between 213.4 hours – 777.66 hours per year;

d)    Plaintiff's laptop and cell phone issued by the Cook County Sheriff's Office were taken.

**ANSWER:**    Defendant admits only that in connection with Plaintiff's reassignment, she turned in her work issued cell phone because she no longer needed one in Squad 3, but denies that Plaintiff's reassignment was a transfer or demotion, denies that the reassignment adversely affected Plaintiff's terms and conditions of employment, denies that the above subparagraphs

41

reflect the terms and conditions of Plaintiff's employment, and denies the remaining allegations in paragraph 76, including all subparts.

77.     Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, acting through its executive management including but not limited to Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Erica Dillon, and/or Peter G. Lisuzzo and each of them forcing the transfer and demotion of Plaintiff NICOLE M. PAGANI from Squad 4 to Squad 3 adversely affects Plaintiff's terms and conditions of employment, *inter alia*, the following ways:

   a)     Plaintiff's special appointment to the United States Marshall Services was revoke [*sic*];

   b)     Plaintiff's FBI credential and access badge that allows her access into federal facilities was revoked;

   c)     Plaintiff's covert FBI take-home vehicle and gas card were taken away;

   d)     Plaintiff no longer receives a $17,000.00 reimbursement from the FBI and the Defendants for overtime she works as a Task Force Officer;

   e)     Plaintiff lost the use of all federally-issued equipment;

   f)     Plaintiff lost access to federal parking facilities in downtown Chicago;

   g)     Plaintiff lost all professional law enforcement training hosted by the or through the FBI both in and out of State;

   h)     Plaintiff lost all opportunities to work on major investigations involving other governmental agencies, including, but not limited to the Chicago Police Department, Chicago Fire Department, and other suburban agencies and municipalities;

   i)     Plaintiff lost all opportunities to travel out of State and in some cases out of the country;

   j)     Plaintiff lost the ability to continue to establish strong working relationships with the FBI and the U.S. Attorney's Office;

09016\325931651.v1

     k)     Plaintiff lost the ability to work with the FBI after her retirement from employment with the Defendants conducting background checks for prospective Task Force Officers.

**ANSWER:**    Defendant admits only that Lisuzzo made the decision to reassign Plaintiff and remove her from the Task Force, and denies that Plaintiff's reassignment to Squad 3 was a transfer or demotion, and denies that other individuals named in this paragraph made the reassignment and removal decisions, and denies that paragraph 77, including the subparagraphs reflect any term or condition of Plaintiff's employment, but lacks knowledge or information sufficient to form a belief as to whether Plaintiff was given or was promised (a) – (k) by the FBI. Further answering, Defendant denies any remaining allegations in this paragraph, including its sub-paragraphs.

78.    On or about January 10th and 16th of 2024, and February 6, 2024, Plaintiff NICOLE M. PAGANI engages in protected activity under the Title VII, 42 U.S.C. §2000e-3(a), and the Illinois Human Rights Act, (IHRA), 775 ILCS 5/6-101(A) by raising sex discrimination and harassment claims against Peter G. Lisuzzo and other with Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them through their management and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager.

**ANSWER:**    Defendant denies that Plaintiff engaged in protected activity as alleged in this paragraph, denies that Plaintiff raised sex discrimination and sex harassment claims as alleged in this paragraph, and denies all remaining allegations contained in this paragraph.

79.    At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his

09016\325931651.v1

Official Capacity as SHERIFF OF COOK COUNTY, and each of them acting through their management and executive employees including but not limited to Peter G. Lisuzzo, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Scouffas, Erica Dillon, Kelly Smeltzer, and Soo Choi knew or should have known about Plaintiff NICOLE M. PAGANI'S protected activities under Title VII, 42 U.S.C. §2000e-3(a) and the IHRA, 775 ILCS 5/6-101(A).

  **ANSWER:** Defendant denies the allegations contained in this paragraph.

  80. On or about January 16, 2024, Plaintiff NICOLE M. PAGANI engaged in protected activity under the FLSA, 29 U.S.C. §215(a)(3), and the IWPCA, 820 ILCS 115/14(c), by filing a grievance with Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for Peter G. Lisuzzo denying her earned overtime for which Plaintiff was later awarded the overtime that Peter G. Lisuzzo wrongfully denied.

  **ANSWER:** Defendant admits only that On January 16, 2024, Plaintiff filed a union grievance about overtime against Lisuzzo, and the union grievance was resolved by management making an offer of overtime to Plaintiff, but denies that Lisuzzo ever had knowledge of Plaintiff's grievance, and denies that Plaintiff engaged in protected activity. Further answering, Defendant denies any remaining allegations.

  81. At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them acting through their management and executive employees including but not limited to Peter G. Lisuzzo, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Scouffas, Erica Dillion, Kelly Smeltzer and Soo Choi knew or should have known about Plaintiff NICOLE M. PAGANI'S protected activities under FLSA, 29 U.S.C. §215(a)(3), and the IWPCA, 820 ILCS 115/14(c).

09016\325931651.v1

**ANSWER:** Defendant denies the allegations contained in this paragraph.

82. On or about January 10th and 16th of 2024, and February 6, 2024, Plaintiff NICOLE M. PAGANI engages in protected activity under the IWA, 740 ILCS 174/15(b) and 740 ILCS 174/20 by reporting retaliation Peter G. Lisuzzo and others engaged in against her by forcibly removing and demoting Plaintiff from Squad 4 to Squad 3 and removing her from the Task Force for her protected activities under 740 ILCS 174/15(b) and 740 ILCS 174/20 to Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them through their management and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager. At all times mentioned herein, violations of the IWA, 740 ILCS 174/25 is a class A misdemeanor.

**ANSWER:** Defendant admits only that Plaintiff met with Kelly Smeltzer on January 10, 2024, and submitted a complaint on February 6, 2024, but denies that Defendant engaged in any violation of the IWA, and denies all other allegations contained in this paragraph.

83. At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them acting through their management and executive employees including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Scouffas, Kelly Smeltzer and Soo Choi knew or should have known about Plaintiff NICOLE M. PAGANI'S protected activities under the IWA, §§15(b) and 20.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

84. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF

45

OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo retaliates against Plaintiff NICOLE M. PAGANI because of her protected activities under Title VII, 42 U.S.C. §2000e-3(a), IHRA, 775 ILCS 5/6-101(A), FLSA, 29 U.S.C. §215(a)(3), the IWPCA, 820 ILCS 115/14(c), and the IWA, §15(b) and §20, and §20.1 *inter alia,* by filing an OPR Complaint against the Plaintiff NICOLE M. PAGANI that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further may prevent Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

      **ANSWER:**   Defendant denies the allegations contained in this paragraph.

      85.   Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continues to retaliate against Plaintiff NICOLE M. PAGANI because of her protected activities under Title VII, 42 U.S.C. §2000e-3(a), IHRA, 775 ILCS 5/6-101(A), FLSA, 29 U.S.C. §215(a)(3), the IWPCA, 820 ILCS 115/14(c), and the IWA, §15(b) and §20, and §20.1 by forcing her to defend herself and her career from the false, pretextual, and phony OPR complaint that Defendants refuse to state the factual basis for, which has resulted in ongoing emotional distress and other damages to the Plaintiff.

      **ANSWER:**   Defendant denies the allegations contained in this paragraph.

      86.   Thomas J. Dart has made comments during an interview with Live From the Heartland indicating he and executive management at the Cook County Sheriff's Office have a history of retaliatory behavior when it comes to employees:

09016\325931651.v1

"If [my employees are] not doing what I need them to do, they either get fired, or I can make their life tricky by transferring them to a different location to make their drives longer, things like that. I told [Cook County Chief Judge Timothy Evans], I said, 'Look. If you have a judge who lives out in the south suburbs and is very comfortable out in Markham but just not perform' . . . I suggested [moving that judge to] Rolling Meadows . . . . So there's many, many things you can do to send a message."

**ANSWER:** Defendant denies that the incumbent Sheriff made any comments during an interview indicating he and executive management have a history of retaliatory behavior when it comes to employees, and denies that the above paragraph represents a true, full and accurate depiction of the incumbent Sheriff's statements during an interview on an unidentified date. Further answering, Defendant denies any remaining allegations.

87.     As a direct result of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, forcing Plaintiff NICOLE M. PAGANI's transfer/demotion from Squad 4 to Squad 3 and her forced removal from the FBI Task Force, Plaintiff was effectively stopped from engaging in any further investigation of the Cook County Sheriff's Office employees engaging in violations of Illinois and federal laws, rules, and regulations and public corruption going on in the Sheriff's Office reported to Peter G. Lisuzzo, Erica Dillon, Bradley Curry, Helen Burke, and Nicolas Scouffas on December 20, 2023.

**ANSWER:**     Defendant denies that Plaintiff's reassignment to Squad 3 stopped her from engaging in any further investigation of the Cook County Sheriff's Office employees engaging in violations of Illinois and federal laws, rules, and regulations and public corruption going on in the Sheriff's Office, and in terms of the information relayed on December 20, 2023, to the above named individuals, Plaintiff participated in the criminal investigation with the FBI for over 2 years, which concluded in November of 2023 (when the U.S. Attorney's Office declined charges),

but denies that Plaintiff was "prohibited" from conducting any further investigation on the matter, as OPR facilitated her continued investigation, despite the declination of charges by the U.S. Attorney's Office and the declination of charges by the Cook County State's Attorney's Office; however, as of at least December 20, 2023, Plaintiff was no longer expected to be investigating the matter, and instead was supposed to be working on the OPR report into the misconduct of the exempt employees, which OPR agreed to provide during the meeting on December 20, 2023, and denies all remaining allegations.

88.     In late November of 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting though their managerial employees, including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Souffas [*sic*], and Tia Parks began making unreasonable time demands and placing unreasonable deadlines on the Plaintiff NICOLE M. PAGANI that other investigator were not being held because of Plaintiff NICOLE M. PAGANI's protected activities.

**ANSWER**:  Defendant denies the allegations contained in this paragraph.

89.     On or about December 2, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting though their managerial employees, including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Souffas [*sic*], and Tia Parks began overturning cases from "not sustained" to "sustained" and after Plaintiff NICOLE M. PAGANI

was told she was approved to work overtime, was later told her she was no longer approved to work overtime and to immediately turn in her cases in retaliation for her protected activities.

**ANSWER**:    Defendant denies the allegations contained in this paragraph as stated.

90.    On or about or about December 20, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting though their managerial employees, including but not limited to Erica Dillon, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Souffas [*sic*], and Tia Parks began taking disciplinary action against Plaintiff NICOLE M. PAGANI when she could not meet the unreasonable due dates that other investigators were not being held to and began taking cases away from Plaintiff and reassigning those cases to investigators, who were scheduled to be on vacation in the weeks following and would not be working on those cases until they returned from vacation. These actions were taken in retaliation for and because of the Plaintiff's protected activities.

**ANSWER**:    Defendant denies the allegations contained in this paragraph.

91.    In January of 2025 Plaintiff NICOLE M. PAGANI had an IT problems with her work computer and Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their agents and employees were having significant difficulty fixing those IT problems which prevented Plaintiff from accessing information necessary to work up her assigned cases. Defendants acting through their agents used these issues as a pretext to claim Plaintiff was not meeting deadlines and as an additional basis to retaliate against Plaintiff because of her protected activity and which lead to Tia Parks speaking to Plaintiff as though she were stupid.

09016\325931651.v1

**ANSWER**:     Defendant denies the allegations contained in this paragraph as stated.

92.     Throughout February, March, and April of 2025, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their agents and employees continued to retaliate against Plaintiff NICOLE M. PAGANI for her protected activities by taking away cases for pretextual reasons, including but not limited to holding Plaintiff to unreasonable time demands that other investigators were not being held to create a pretext for discipline against Plaintiff.

**ANSWER**:     Defendant denies the allegations contained in this paragraph.

93.     On or about April 22, 2025, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their agents and employees continued to retaliate against Plaintiff NICOLE M. PAGANI for her protected activities by taking disciplinary action against Plaintiff NICOLE M. PAGANI based on pretextual reasons and in order to create a pretext to either remove her from OPR or to terminate her employment.

**ANSWER**:     Defendant denies the allegations contained in this paragraph.

94.     On or about April 23, 2025, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their agents and employees, took additional cases away from Plaintiff that were not due until 2026 as retaliation against Plaintiff for her protected activities.

**ANSWER**:     Defendant denies the allegations contained in this paragraph.

09016\325931651.v1

95.     On or about May 1, 2025, to present, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their agents and employees, including but not limited to Jennifer Black continued to retaliate against Plaintiff NICOLE M. PAGANI for her protected activities by attempting to strip Plaintiff NICOLE M. PAGANI of her rank of sergeant or otherwise demoting her from her rank of sergeant in an attempt [*sic*] force her to quit, or create a pretext to remove her from OPR or otherwise terminate her employment.

**ANSWER**:     Defendant denies the allegations contained in this paragraph.

96.     On or about May 12, 2025, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their agents and employees, retaliated against Complainant NICOLE M. PAGANI for her protected activities by requiring her to comply with certain burdensome procedures that other investigators were not required to comply with.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

## COUNT I

## TITLE VII – SEX DISCRIMINATION

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY**

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART

09016\325931651.v1

in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them violated her civil rights under Title VII, 42 U.S.C. §2000e-2(a)(1) and (2) by discriminating against her on the basis of her sex in the discipline, terms, conditions, and privileges of employment and states as follows:

**ANSWER:** Defendant denies the allegations contained in this paragraph.

1-87. Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-87 as Paragraphs 1-87 of Count I against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER:** Defendant hereby restates and reaffirms its answers to paragraphs 1-87, except as to the IWA claims, which it provides no response as the Defendant moved to dismiss the IWA count in the pending Motion to Partially Dismiss Plaintiff's Second Amended Complaint.

88. At all times mentioned herein, pursuant to 42 U.S.C. §2000e-2(a)(1) and (2) it was an unlawful employment practice for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to discriminate against Plaintiff NICOLE M. PAGANI in the terms, conditions, or privileges of employment because of her sex, female.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

89. On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executives employees, including but not limited to Peter G. Lisuzzo violated 42 U.S.C. §2000e-2(1) and (2) by discriminating against Plaintiff NICOLE M. PAGANI on the basis of her sex by forcing her transfer and demotion from Squad 4 to Squad 3 and removing Plaintiff as a Task Force Officer.

09016\325931651.v1

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

90.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo violated 42 U.S.C. §2000e-2(a)(1) and (2) by discriminating against Plaintiff NICOLE M. PAGANI on the basis of her sex by filing a false and phony OPR complaint against the Plaintiff.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

92.     At all times mentioned herein, pursuant to 42 U.S.C. §2000e-2(m), Plaintiff NICOLE M. PAGANI's sex was the motivating factor for the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's decision to take adverse action against Plaintiff.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

93.     As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violations of 42 U.S.C. §2000e-2(a)(1) and (2), pursuant to 42 U.S.C. §2000e-5(g)(1), the Plaintiff NICOLE M. PAGANI seeks an Order requiring the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to reinstate her to Squad 4 and to the federal Task Force Officer position with the FBI or a comparable position as well as all lost backpay, wages, overtime, and fringe benefits, earned medical and paid time off that she was forced to take, plus interest and any equitable relief deemed necessary and proper to clear her professional reputation.

09016\325931651.v1

**ANSWER:**    Defendant denies that it committed any of the alleged violations asserted in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.  Further answering, Defendant denies that Plaintiff can be reinstated to Squad 4 as Squad 4 no longer exists, and further states that no OPR employee is participating in any FBI Task Force or similar.

94.    As a direct and proximate cause of Defendant SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violation of 42 U.S.C. §2000e-2(a)(1) and (2), pursuant to 42 U.S.C. §2000e-5(k), and 42 U.S.C. §1988(b) and (c), Plaintiff NICOLE M. PAGANI seeks reasonable attorney's fees, costs, and expert witness fees from Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER:**    Defendant denies that it committed any of the alleged violations asserted in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

95.    On October 25, 2024, Plaintiff NICOLE M. PAGANI timely dual filed her Charges of Discrimination against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor with both the Illinois Department of Human Rights and the U.S. EEOC under Charge Numbests [*sic*] 2025CF0531 and 21BA50105; 2025CF0532 and 21BA50106; 2025CF0533 and 21BA50107; and 2025CF0534 and 21BA50108.

**ANSWER:**    The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the

09016\325931651.v1

allegations in this paragraph directed to them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of Defendant Sheriff's Office only, Defendant admits that on October 25, 2024, Plaintiff timely filed her Charge of Discrimination with the Illinois Department of Human Rights, 2025CF0532, to the extent all alleged adverse actions in the Charge occurred on January 8, 2024, and admits that the Charge was cross-filed with the EEOC, but lacks information or knowledge sufficient to form a belief about the truth of the EEOC Charge number, and denies any remaining allegations.

96.     On January 24, 2025, the EEOC issued a Right-to-Sue Letter on Defendant SHERIFF OF COOK COUNTY, THOMAS J. DART.

**ANSWER:**     The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph are not ripe for answering, and therefore, no response is made thereto.

97.     On January 24, 2025, the EEOC issued a Right-to-Sue Letter on Defendant SHERIFF OF COOK COUNTY, THOMAS J. DART.

**ANSWER:**     This allegation is directed against "Defendant Sheriff of Cook County, Thomas J. Dart" and all claims against this purported defendant are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph are not ripe for answering, and therefore, no response is made thereto.

98.     On February 27, 2025, the U.S. Department of Justice Civil Rights Division issued a Right-to-Sue against Defendants COOK COUNTY SHERIFF'S OFFICE, et al.

09016\325931651.v1

**ANSWER:** Defendant has not received the Right-to-Sue Letter from the U.S. Department of Justice Civil Rights Division, nor has Plaintiff provided a copy; therefore, Defendant denies the allegations contained in this paragraph.

99. Plaintiff NICOLE M. PAGANI timely filed her claims against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor for gender discrimination in violation of 42 U.S.C. §2000e-2(a)(1) and (2) on or before April 24, 2025, within 90 days of receiving the Right-to-Sue Letters.

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph made against them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. As to Defendant Sheriff's Office only, Defendant has not received a Right to Sue Letter from the EEOC as to the EEOC Charge cross-filed with IDHR Charge No. 2025 CF 0532, nor has Plaintiff provided a copy; therefore, Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A. Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

09016\325931651.v1

B.     Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C.     Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D.     Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

**ANSWER:**    Defendant denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant respectfully requests that this Court reject Plaintiff's allegations and dismiss Plaintiff's Second Amended Complaint with prejudice and for all other relief that is equitable and just.

## COUNT II

## TITLE VII – RETALIATION

## SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, retaliated against her in violation of Title VII, 42 U.S.C. §2000e-3(a) and in support thereof the Plaintiff states as follows:

**ANSWER:**    Defendant denies the allegations contained in the above paragraph.

1-87.   Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-87 as Paragraphs 1-87 of Count II against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK

COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER:**   Defendant hereby restates and reaffirms its answers to paragraphs 1-87.

88.   At all times mentioned herein, pursuant to 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to retaliate against their employees, including Plaintiff NICOLE M. PAGANI because she opposed any practice made unlawful by this subchapter, or because she made a charge, assisted, or participated in any manner in an investigation or proceeding under this subchapter.

**ANSWER:**   Defendant denies that it engaged in the conduct described in this paragraph, and denies any remaining allegations.

89.   On or about January 10th and 16th of 2024 and February 6, 2024, Plaintiff NICOLE M. PAGANI engages in protected activity under 42 U.S.C. §2000e-3(a) by raising sex discrimination and harassment claims against Peter G. Lisuzzo and others with Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, through their management and executive employees, including Kelly Smeltzer, Employee Relations Manager for the forced transfer and demotion from Squad 4 to Squad 3 and her forced removal from the FBI Task Force position.

**ANSWER:**   Defendant denies that Plaintiff engaged in protected activity as alleged in this paragraph, denies that Plaintiff raised sex discrimination and sex harassment claims as alleged in this paragraph, and denies all remaining allegations contained in this paragraph.

09016\325931651.v1

90.     At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, and Jennifer Black along with Kelly Smeltzer and Soo Choi knew or should have known about Plaintiff, NICOLE M. PAGANI'S protected activities under 42 U.S.C. §2000e-3(a).

**ANSWER:**     Defendant denies that Plaintiff engaged in protected activity and denies the remaining allegations contained in this paragraph.

91.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Peter G. Lisuzzo retaliated against Plaintiff NICOLE M. PAGANI in violation of 42 U.S.C. §2000e-3(a) by filing a pretextual OPR Complaint against Plaintiff NICOLE M. PAGANI that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

92.     Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continue to retaliate against Plaintiff NICOLE M.

59

PAGANI because of her protected activities under 42 U.S.C. §2000e-3(a) by forcing her to defend herself and her career from false, pretextual, and phone OPR complaint that Defendants refuse to even state the factual basis for, resulting in ongoing emotional distress.

      **ANSWER:**    Defendant denies the allegations contained in this paragraph.

      93.    As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violations of 42 U.S.C. §2000e-3(a), pursuant to 42 U.S.C. §2000e-5(g)(1), the Plaintiff NICOLE M. PAGANI seeks an Order requiring the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to reinstate her to Squad 4 and to the federal Task Force Officer position with the FBI or a comparable position as well as all lost backpay, wages, overtime, and fringe benefits, earned medical and paid time off that she was forced to take, plus interest and any equitable relief deemed necessary and proper to clear her professional reputation.

      **ANSWER:**    Defendant denies that it committed any of the alleged violations asserted in this paragraph and denies that Squad 4 currently exists, and denies Plaintiff was ever employed by the Sheriff's Office in the position of Task Force Officer with the FBI, denies that Plaintiff is entitled to any relief whatsoever, and denies any remaining allegations in this paragraph.

      94.    As a direct and proximate cause of Defendant SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violation of 42 U.S.C. §2000e-3(a), pursuant to 42 U.S.C. §2000e-5(k), and 42 U.S.C. §1988(b) and (c), Plaintiff NICOLE M. PAGANI seeks reasonable attorney's fees, costs, and expert witness fees from Defendants

SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER:** Defendant denies that it committed any of the alleged violations asserted in this paragraph, denies that Plaintiff is entitled to any relief whatsoever, and denies any remaining allegations contained in this paragraph.

95. As a direct and proximate cause of the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's violation of 42 U.S.C. §2000e-3(a), pursuant to 42 U.S.C. §1981a(a)(1) and (b), Plaintiff NICOLE M. PAGANI seeks compensatory damages flowing from the forced transfer/demotion from Squad 4 and the termination of her position with the federal Task Force Officer with the FBI and the emotional distress flowing from the false, pretextual, and phony OPR complaint and the damage to her professional reputation.

**ANSWER:** Defendant denies that it committed any of the alleged violations asserted in this paragraph and denies that Plaintiff is entitled to any relief whatsoever. Furthermore, Defendant denies that the re-assignment of Plaintiff to Squad 3 was a demotion or transfer, denies Plaintiff was ever employed by the Sheriff's Office in the position of Task Force Officer with the FBI, and denies that Plaintiff was the subject of an OPR complaint, and denies all remaining allegations contained in this paragraph.

96. On October 25, 2024, Plaintiff NICOLE M. PAGANI timely dual filed her Charges of Discrimination against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor, with both the Illinois Department of

Human Rights and the U.S. EEOC under 2025CF0531 and 21BA50105; 2025CF0532 and 21BA50106; 2025CF0533 and 21BA50107; and 2025CF0534 and 21BA50108.

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph directed to them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of Defendant Sheriff's Office only, Defendant admits that Plaintiff timely dual filed her Charges of Discrimination against it with the IDHR on October 25, 2024, dual filed with the EEOC on November 6, 2024, based on the purported adverse action date of January 8, 2024, but lacks knowledge or information sufficient to form a belief about the truth of the EEOC Charge number for Defendant.

97.     On January 24, 2025, the EEOC issued a Right-to-Sue Letter on Defendant SHERIFF OF COOK COUNTY, THOMAS J. DART.

**ANSWER:** This allegation is directed against "Defendant Sheriff of Cook County, Thomas J. Dart" and all claims against this purported defendant are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph are not ripe for answering, and therefore, no response is made thereto.

98.     On January 24, 2025, the EEOC issued a Right-to-Sue Letter on Defendant THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY.

**ANSWER:** This allegation is directed against "Thomas J. Dart in his Official Capacity as Sheriff of Cook County," and all claims against this purported defendant subject to the pending

62

*Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, this paragraph is not ripe for answering, and therefore, no response is made thereto.

99. On February 27, 2025, the U.S. Department of Justice Civil Rights Division issued a Right-to-Sue against Defendants COOK COUNTY SHERIFF'S OFFICE, et al.

**ANSWER:** Defendant has not received the Right-to-Sue letter as to the Cook County Sheriff's Office from the U.S. Department of Justice, nor has Defendant received a copy from Plaintiff, and therefore, Defendant denies the allegations contained in this paragraph.

100. Plaintiff NICOLE M. PAGANI timely filed her claims against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor for gender discrimination in violation of 42 U.S.C. §2000e-3(a) on or before April 24, 2025, within 90 days of receiving the Right-to-Sue Letters.

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph made against them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. As to Defendant Sheriff's Office only, Defendant has not received a Right to Sue Letter regarding the EEOC Charge that was dual filed against the Cook County Sheriff's Office on November 6, 2024 (dual filed with IDHR Charge No. 2025 CF 0532), and therefore denies the same and denies any remaining allegations in this paragraph.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK

09016\325931651.v1

COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A.    Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B.    Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C.    Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D.    Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

**ANSWER:**    Defendant denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant respectfully requests that this Court reject Plaintiff's allegations and dismiss Plaintiff's Second Amended Complaint with prejudice and for all other relief that is equitable and just.

## COUNT III

## IHRA – SEX DISCRIMINATION

**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY**

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys,

BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violated the Illinois Human Rights Act, (IHRA), 775 ILCS 5/2-102(A) by discriminating against her on the

basis of her sex in the discipline, tenure, terms, privileges, and conditions of employment and states as follows:

**ANSWER:** Defendant denies the allegations contained in the above paragraph.

1-87. Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-88 as Paragraphs 1-88 of Count III against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER:** Defendant hereby restates and reaffirms its answers to paragraphs 1-87.

88. At all times mentioned herein, it was a civil rights violation of 775 ILCS 5/2-102(A) for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful sex discrimination.

**ANSWER:** Defendant denies that it engaged in the conduct described in this paragraph.

89. On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo violated 775 ILCS 5/2-102(A) by discriminating against Plaintiff NICOLE M. PAGANI on the basis of her sex by forcing her transfer and demotion from Squad 4 to Squad 3 and removing her as a Task Force Officer.

09016\325931651.v1

**ANSWER:** Defendant denies the allegations contained in this paragraph, and, further answering, denies the re-assignment of Plaintiff to Squad 3 was a demotion or transfer and denies Plaintiff was ever employed in the position of Task Force Officer.

90. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continue to violate 775 ILCS 5/2-102(A) by discriminating against Plaintiff NICOLE M. PAGANI on the basis of her sex by filing false, pretextual, and a phony OPR Complaint against the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in this paragraph and denies that Peter Lisuzzo filed an OPR Complaint against Plaintiff.

91. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY's sex discrimination in violation of 775 ILCS 5/2-102(A), Plaintiff NICOLE M. PAGANI seek damages pursuant to 775 ILCS 5/8A-104(A) through (J) for the forced transfer and demotion for Squad 4 to Squad 3, removal from the Task Force position with the FBI, lost overtime benefits, false, pretextual, and phony OPR complaint that has had a significant effect on her professional reputation, causing emotional distress flowing directly from the unlawful discrimination, actual and compensatory damages and interest on all her damages.

**ANSWER:** Defendant denies that it committed any of the alleged violations asserted in this paragraph, denies that Squad 4 currently exists, and denies Plaintiff was ever employed by the Sheriff's Office in the position of Task Force Officer with the FBI, denies that Plaintiff is the

09016\325931651.v1

subject of an OPR complaint, denies that Plaintiff is entitled to any relief whatsoever, and denies any remaining allegations contained in this paragraph.

92.     Plaintiff NICOLE M. PAGANI seeks damages under 775 ILCS 5/8A-104(A) through (J), including reinstatement to Squad 4 with lost overtime, fringe benefits, and seniority, as well as reinstatement as a Task Force Officer with lost overtime, earned sick time and personal time off, and other leave she was forced to take or reinstatement into a comparable position from the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for their violations of 775 ILCS 5/2-102(A).

**ANSWER:**     Defendant denies that Plaintiff is entitled to any relief or damages whatsoever and denies all remaining allegations in this paragraph.

93.     As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S sex discrimination against the Plaintiff NICOLE M. PAGANI in violation of 775 ILCS 5/2-102(A) as alleged herein, Plaintiff seeks attorney's fees, expert witness fees, and litigation costs pursuant to 775 ILCS 5/8A-104(A) through (J).

**ANSWER:**     Defendant denies that it committed any of the alleged violations asserted by Plaintiff, denies that Plaintiff is entitled to any relief whatsoever and denies all remaining allegations in this paragraph.

94.     On October 25, 2024, Plaintiff NICOLE M. PAGANI timely filed her Charges of Discrimination against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK

09016\325931651.v1

COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor within 300 days of January 8, 2024.

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph made against them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of Defendant Sheriff's Office only, Defendant admits that Plaintiff timely filed her IHRA Charge against the Sheriff's Office because the Charge was filed within 300 days of January 8, 2024, but only to the extent all adverse actions alleged in the Charge occurred on January 8, 2024.

95.     On November 27, 2024, pursuant to 775 ILCS 7A-102 the Illinois Department of Human Rights issued a Notice of a Right to Commence a Civil Action in a court of competent jurisdiction against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor within 90 days.

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*.  As such, the allegations in this paragraph made against them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of Defendant Sheriff's Office only, Defendant has not received a Notice of Right to Commence a Civil Action from the Illinois Department of Human Rights based on IDHR Charge No. 2025 CF

09016\325931651.v1

0532, nor has Plaintiff provided one, so the allegations in this paragraph are denied, as are any remaining allegations.

96.     On December 30, 2024, within 90 days of receiving the Notice of the Right to Commence a Civil Action, Plaintiff NICOLE M. PAGANI timely filed suit against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor, and each of them for civil right violations of 775 ILCS 5/2-102(A) for gender discrimination.

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph made against them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of Defendant Sheriff's Office only, Defendant admits only that Plaintiff filed a lawsuit on December 30, 2024, but given Defendant has not received a Notice of Right to Commence a Civil Action from the Illinois Department of Human Rights based on IDHR Charge No. 2025 CF 0532, nor has Plaintiff provided a copy, the allegations in this paragraph are denied.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A.      Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

09016\325931651.v1

B.  Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C.  Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D.  Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

**ANSWER:**   Defendant denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant respectfully requests that this Court reject Plaintiff's allegations and enter an order dismissing Plaintiff's Second Amended Complaint with prejudice and for all other relief that is equitable and just.

## COUNT IV

## IHRA – RETALIATION

### SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violated the Illinois Human Rights Act, (IHRA), 775 ILCS 5/6-101(A) and (B), by retaliating against her, and in support thereof, states as follows:

**ANSWER:**   Defendant denies the allegations contained in the above paragraph.

1-96.   Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-96 as Paragraphs 1-96 of Count IV against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK

09016\325931651.v1

COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER:** Defendant hereby restates and reaffirms its answers to paragraphs 1-96.

97. At all times mentioned herein, pursuant to the Illinois Human Rights Act, (IRHA), 775 ILCS 5/6-101(A) it is a civil rights violation for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo to retaliate against Plaintiff NICOLE M. PAGANI because she opposed that which she reasonably and in good faith believed to be an unlawful sex discrimination and harassment in employment by making a charge or filing a complaint by raising sex discrimination and harassment claims against Peter G. Lisuzzo and others with the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, through its management and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

98. At all times mentioned herein, pursuant to the Illinois Human Rights Act, (IHRA), 775 ILCS 5/6-101(B), it was a civil rights violation for two or more managerial or executive employees of the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to aid, abet, or coerce a person to commit any violations of this Act.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

09016\325931651.v1

98 [*sic*]. On or about January 10th and 16th of 2024, and February 6, 2024, Plaintiff NICOLE M. PAGANI engages in protected activities under 775 ILCS 5/6-101(A) by raising sex discrimination and harassment claims against Peter G. Lisuzzo and others with the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, through their managerial and executive employees, including but not limited to Kelly Smeltzer, Employee Relations Manager for the forced transfer and demotion from Squad 4 to Squad 3 and her forced removal from the FBI Task Force Officer position.

**ANSWER:** Defendant denies that Plaintiff engaged in protected activity as alleged in this paragraph, denies that Plaintiff raised sex discrimination and sex harassment claims as alleged in this paragraph, and denies all remaining allegations contained in this paragraph.

99. At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their management and executive employees, including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bradley Curry, Nicholas Scouffas, Helen Burke, Jennifer Black, Kelly Smeltzer and Soo Choi knew or should have known about Plaintiff NICOLE M. PAGANI'S protected activities under 775 ILCS 5/6-101(A).

**ANSWER:** Defendant denies that Plaintiff engaged in protected activity and denies the remaining allegations contained in this paragraph.

100. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees,

including but not limited to Peter G. Lisuzzo retaliates against Plaintiff NICOLE M. PAGANI in violation of 775 ILCS 5/6-101(A) and (B) by filing a pretextual OPR complaint against Plaintiff that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents the Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

      **ANSWER:**   Defendant denies the allegations contained in this paragraph.

      100 [*sic*].   Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continues to retaliate against Plaintiff NICOLE M. PAGANI because of her protected activities under 77 ILCS 5/6-101(A) and (B) by forcing her to defend herself and her career from a false, pretextual, and phony OPR Complaint while Defendants refuse to even state the factual basis for the OPR Complaint, resulting in ongoing emotional distress.

      **ANSWER:**   Defendant denies the allegations contained in this paragraph.

      101.   On or about October 25, 2024, Plaintiff NICOLE M. PAGANI engaged in protected activity under the IHRA, 775 ILCS 5/6-101 by dual filing Charges of Discrimination for sex discrimination and retaliation claims against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, as follows:

    a)     Respondent SHERIFF OF COOK COUNTY, THOMAS J. DART, IDHR Charge No. 2025CF0531, and EEOC Charge No. 21BA50105;

09016\325931651.v1

b)      Respondent COOK COUNTY SHERIFF'S OFFICE, IDHR Charge No. 2023CF0532, and EEOC Charge No. 21BA50106;

c)      Respondent THOMAS J. DART, in his Official Capacity as SHERIFF OF COOK COUNTY, IDHR Charge No. 2025CF0533, and EEOC Charge No. 21BA50107;

d)      Respondent COOK COUNTY, As Indemnitor, IDHR Charge No. 2025CF0534, and EEOC Charge No. 21BA50108

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph made against them are not ripe for answering, and therefore, no response is made thereto. Furthermore, Defendant makes no response to the allegations directed toward Cook County. On behalf of Defendant Sheriff's Office only, Defendant lacks knowledge or information sufficient to form a belief about the truth of whether the EEOC Charge Number above was directed against the Sheriff's Office. and denies the remaining allegations to the extent directed toward the Sheriff's Office.

102. At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial employees, including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bardley Curry, Helen Burke, Jennifer Black, Nicholas Scouffas, Tia Parks, Kelly Smeltzer, and Soo Choi knew or should have known about Plaintiff's protected activity of dual filing Charges with the Illinois Department of Human Rights and the EEOC on or about October 25, 2024.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

09016\325931651.v1

103. On December 30, 2024, Complainant NICOLE M. PAGANI engaged in protected activity under IHRA, 775 ILCS 5/6-101 with respect to Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, by filing a lawsuit 2024 -CV- 13320 in the U.S. District Court for the Northern District of Illinois for sex discrimination and retaliation.

**ANSWER**: Defendant admits Plaintiff filed a lawsuit on December 30, 2024, that included a count entitled "Title VII – sex discrimination" and admits it was filed under the case number and in the venue and district identified above but denies all remaining allegations contained in this paragraph.

104. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial employees, including but not limited to Erica Dillon, Thomas J. Dart, Bradley Curry, Helen Burke, Jennifer Black, Nicholas Scouffas, and Tia Parks, knew or should have known that Plaintiff NICOLE M. PAGANI engaged in protected activity under IHRA, 775 ILCS 5/6-101 against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, by filing a lawsuit 2024 -CV- 13320 in the U.S. District Court for the Northern District of Illinois for sex discrimination and retaliation.

**ANSWER:** Defendant denies the allegations contained in this paragraph as stated.

105. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his

09016\325931651.v1

Official Capacity as SHERIFF OF COOK COUNTY's sex discrimination in violation of 775 ILCS 5/6-101(A) and (B), Plaintiff NICOLE M. PAGANI seek damages pursuant to 775 ILCS 5/8A-104(A) through (J) for the forced transfer and demotion for Squad 4 to Squad 3, removal from the Task Force position with the FBI, lost overtime benefits, false, pretextual, and phony OPR complaint that has had a significant effect on her professional reputation, continued retaliation on or about late November of 2024, through May 12, 2025, causing emotional distress flowing directly from the unlawful discrimination, actual and compensatory damages and interest on all her damages.

**ANSWER:** Defendant denies that it committed any of the alleged violations asserted in this paragraph, denies Plaintiff was ever employed by the Sheriff's Office in the position of Task Force Officer with the FBI, denies that an OPR complaint was filed against her by Lisuzzo, and denies that Plaintiff is entitled to any relief whatsoever, and denies all remaining allegations in this paragraph.

106. Plaintiff NICOLE M. PAGANI seeks damages under 775 ILCS 5/8A-104(A) through (J), including reinstatement to Squad 4 with lost overtime, fringe benefits, and seniority, as well as reinstatement as a Task Force Officer with lost overtime, earned sick time and personal time off, and other leave she was forced to take or reinstatement into a comparable position from the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for their violations of 775 ILCS 5/6-101(A) and (B).

**ANSWER:** Defendant denies that Plaintiff is entitled to any damages whatsoever, and denies any remaining allegations in this paragraph.

107.    As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY'S retaliation against the Plaintiff NICOLE M. PAGANI in violation of 775 ILCS 5/6-101(A) and (B) as alleged herein, Plaintiff seeks attorney's fees, expert witness fees, and litigation costs pursuant to 775 ILCS 5/8A-104(A) through (J).

**ANSWER:**    Defendant denies that it committed any of the alleged violations asserted in this paragraph and denies that Plaintiff is entitled to any relief whatsoever, and denies any remaining allegations in this paragraph.

108.    On October 25, 2024, Plaintiff NICOLE M. PAGANI timely filed her Charges of Discrimination against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor within 300 days of January 8, 2024.

**ANSWER:**    The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph directed to them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of Defendant Sheriff's Office only, Defendant admits that Plaintiff timely dual filed her IDHR Charge of Discrimination against it with the IDHR on October 25, 2024, but only to the extent Plaintiff contends all adverse actions alleged in the Charge occurred on January 8, 2024.

109.    On November 27, 2024, pursuant to 775 ILCS 7A-102 the Illinois Department of Human Rights issued a Notice of a Right to Commence a Civil Action in a court of competent

09016\325931651.v1

jurisdiction against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor within 90 days.

The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph made against them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of Defendant Sheriff's Office only, Defendant not received the Notice of Right to Commence a Civil Action as to IDHR Charge No. 2025 CF 0532, nor has Plaintiff provided a copy; therefore, Defendant denies the allegations contained in this paragraph. 110. On December 30, 2024, within 90 days of receiving the Notice of the Right to Commence a Civil Action, Plaintiff NICOLE M. PAGANI timely filed suit against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor, and each of them for civil right violations of 775 ILCS 5/6-101(A) and (B) for retaliation.

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph made against them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of Defendant Sheriff's Office only, Defendant admits only that Plaintiff filed a lawsuit on December 30, 2024, but lacks knowledge or information sufficient to form a belief about the truth of whether

09016\325931651.v1

Plaintiff received a Notice of Right to Commence a Civil Action as alleged in this paragraph, and t denies any remaining allegations in this paragraph directed against it.

111. On June 6, 2025, Plaintiff NICOLE M. PAGANI timely dual filed her additional Charges of Discrimination against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor within 300 days and/or two years of late November of 2024, through May 12, 2025, with the Illinois Department of Human Rights and the EEOC.

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph made against them are not ripe for answering, and therefore, no response is made thereto. Defendant makes no response to the allegations against Defendant Cook County. On behalf of Defendant Sheriff's Office only, Defendant admits that on June 6, 2025, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights, which appears to have been cross-filed on June 10, 2025, and that June 6, 2025, is within 300 days of late November of 2024 through May 12, 2025, but denies any remaining allegations.

112. On July 2, 2025, pursuant to 775 ILCS 7A-102 the Illinois Department of Human Rights issued a Notices of a Right to Commence a Civil Action in a court of competent jurisdiction against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor within 90 days.

09016\325931651.v1

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph directed to them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of Defendant Sheriff's Office only, Defendant admits only that on July 2, 2025, the Illinois Department of Human Rights issued a Notice of a Right to Commence a Civil Action as to Charge Number 2025 CF 2032, and that Plaintiff filed a Second Amended Complaint on July 22, 2025, but denies any remaining allegations.

113. Within 90 days of receiving the Notice of the Right to Commence a Civil Action, Plaintiff NICOLE M. PAGANI timely filed suit against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY; and COOK COUNTY, as Indemnitor, and each of them for civil right violations of 775 ILCS 5/6-101 for retaliation.

**ANSWER:** The allegations directed against the "Sheriff of Cook County, Thomas J. Dart" and "Thomas J. Dart in his Official Capacity as Sheriff of Cook County" are subject to the pending *Motion to Partially Dismiss Plaintiff's Second Amended Complaint*. As such, the allegations in this paragraph directed to them are not ripe for answering, and therefore, no response is made thereto. Furthermore, no response is made to the allegations against Cook County. On behalf of the Sheriff's Office only, Defendant admits only that Plaintiff filed an Amended Complaint against Defendant that included an alleged civil rights violation under 775 ILCS 5/6-101 for retaliation, and that Plaintiff's Second Amended Complaint was filed on July 22, 2025, but lacks knowledge

09016\325931651.v1

or information sufficient to form a belief as to whether the above referenced Notice was issued, and denies any remaining allegations.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION DOLLARS ($2,000,000.00) including the following:

A. Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B. Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C. Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D. Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant respectfully requests that this Court reject Plaintiff's allegations and enter an order dismissing Plaintiff's Second Amended Complaint with prejudice and for all other relief that is equitable and just.

## COUNT V

## FLSA – RETALIATION

## SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK

09016\325931651.v1

COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violated the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), by retaliating against her, and in support thereof, states as follows:

**ANSWER:** Defendant denies the allegations contained in the above paragraph.

1-96. Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-96 as Paragraphs 1-96 of Count V against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER:** Defendant hereby restates and reaffirms its answers to paragraphs 1-96.

97. At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, are a "person" as the term is defined by 29 U.S.C. §203(a).

**ANSWER:** Defendant admits that the Cook County Sheriff's Office is considered a "person" as defined under the above referenced statute, but otherwise denies the allegations in this paragraph.

97. At all times mentioned herein, pursuant to 29 U.S.C. §215(a)(3) it was unlawful for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to discharge or in any other manner discriminate or retaliate against Plaintiff NICOLE M. PAGANI because she has filed an oral and written complaints or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding.

09016\325931651.v1

**ANSWER:** Defendant denies they engaged in the allegations described above.

99. On or about January 3rd, 4th, and 16th of 2024, the Plaintiff NICOLE M. PAGANI engaged in protected activities under 29 U.S.C. §215(a)(3) disputing Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive agent Peter G. Lisuzzo's decision to refuse to pay her earned overtime.

**ANSWER:** Defendant admits only that Plaintiff submitted an overtime grievance on January 16, 2024, but denies that Plaintiff engaged in protected activity and denies the remaining allegations in this paragraph.

100. Plaintiff NICOLE M. PAGANI engaged in protected activity under 29 U.S.C. §215(a)(3) on January 16, 2204 [*sic*], by filing a grievance against Peter G. Lisuzzo disputing his decision to deny her earned overtime and testified and assisted in the investigations and grievance proceeding and was awarded the disputed overtime.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

101. On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive agents including but not limited to Peter G. Lisuzzo discriminated and retaliated against Plaintiff NICOLE M. PAGANI in violation of 29 U.S.C. §215(a)(3) by retaliating against Plaintiff NICOLE M. PAGANI because of her protected activities by forcing her transfer and demotion from Squad 4 to Squad 3 and removing her as a Task Force Officer.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

09016\325931651.v1

102.    Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo retaliates against Plaintiff NICOLE M. PAGANI in violation of 29 U.S.C. §215(a)(3) because of her protected activities by filing a pretextual OPR complaint against Plaintiff that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents the Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

103.    Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continues to retaliate against Plaintiff NICOLE M. PAGANI because of her protected activities under 29 U.S.C. §215(a)(3) by forcing her to defend herself and her career from a false, pretextual, and phony OPR Complaint while Defendants refuse to even state the factual basis for the OPR Complaint, resulting in ongoing emotional distress.

**ANSWER:**    Defendant denies that Peter Lisuzzo filed an OPR complaint and denies the remaining allegations contained in this paragraph.

104.    On or about December 30, 2024, Plaintiff NICOLE M. PAGANI engaged in protected activity under FLSA, 29 U.S.C. §215(a)(3), because Plaintiff filed a lawsuit 2024-cv-13320 against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for retaliation under the FLSA and is about to testify in in

84

the lawsuit against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, for violating her rights under the FLSA.

**ANSWER**:  Defendant admits only that Plaintiff filed a lawsuit on December 30, 2024, with the above identified case number, but denies the remaining allegations contained in this paragraph.

105.    As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, retaliating against Plaintiff NICOLE M. PAGANI in violation of 29 U.S.C. §215(a)(3), pursuant to 29 U.S.C. §216(b), the Plaintiff seeks all legal and equitable relief as may be appropriate including reinstatement to Squad 4 and reinstatement as a Task Force Officer or reinstatement to any other comparable positions lost wages, overtime, future lost overtime, seniority, lost fringe benefits, and compensatory damages for the emotional pain and suffering, loss of normal life, and damage to her professional reputation and any other pecuniary and non-pecuniary losses with interest and attorney's fees and litigation costs against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, jointly and severally.

**ANSWER:**    Defendant denies it engaged in any retaliation or violations, denies that Plaintiff is entitled to any relief whatsoever and denies any remaining allegations in this paragraph.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF

09016\325931651.v1

COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION

DOLLARS ($2,000,000.00) including the following:

A.    Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B.    Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C.    Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D.    Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

WHEREFORE, Defendant respectfully requests that this Court reject Plaintiff's allegations and

enter an order dismissing Plaintiff's Second Amended Complaint with prejudice and for all other

relief that is equitable and just.

## COUNT VI

## IWPCA – RETALIATION

### SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN

J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK

COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART

in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violated the Illinois

Wage Payment and Collections Act, (IWPCA), 820 ILCS 115/14(c), by retaliating against her, and

in support thereof, states as follows:

**ANSWER:**    Defendant denies the allegations contained in the above paragraph.

09016\325931651.v1

1-96.    Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-96 as Paragraphs 1-96 of Count VI against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER:**    Defendant hereby restates and reaffirms its answers to paragraphs 1-96.

97.    At all times mentioned herein, the Illinois Wage Payment and Collection Act, (IWPCA), 820 ILCS 115/1, et seq., applies to Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

98.    At all times mentioned herein, it was a violation of the IWPCA, 820 ILCS 115/14(c) for the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive agents, including but not limited to Defendant PETER G. LISUZZO discharge or in any other manner discriminate against the Plaintiff NICOLE M. PAGANI because she made a complaint to the Defendants or their authorized representative Defendant PETER G. LISUZZO that she had not been paid her earned overtime wages.

**ANSWER:**    Defendant denies that it engaged in any conduct described above.

99.    On or about January 3rd, 4th, and 16th of 2024, the Plaintiff NICOLE M. PAGANI engaged in protected activities under the IWPCA, 820 ILCS 115/14(c) by disputing Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of

09016\325931651.v1

them, acting through their managerial and executive agent Peter G. Lisuzzo's decision to refuse to pay her earned overtime.

**ANSWER:** Defendant admits only that Plaintiff submitted an overtime grievance on January 16, 2024, but denies that Plaintiff engaged in protected activity and denies the remaining allegations in this paragraph.

100. Plaintiff NICOLE M. PAGANI engaged in protected activity under 820 ILCS 115/14(c) on January 16, 2204 [*sic*], by filing a grievance against Peter G. Lisuzzo disputing his decision to deny her earned overtime and testified and assisted in the investigations and grievance proceeding and was awarded the disputed overtime.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

101. On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive agents including but not limited to Peter G. Lisuzzo discriminated and retaliated against Plaintiff NICOLE M. PAGANI in violation of 820 ILCS 115/14(c) by retaliating against Plaintiff NICOLE M. PAGANI because of her protected activities by forcing her transfer and demotion from Squad 4 to Squad 3 and removing her as a Task Force Officer.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

102. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G., Lisuzzo retaliates against Plaintiff NICOLE M. PAGANI in violation of 820 ILCS 115/14(c) because of her protected activities by filing a pretextual OPR complaint against Plaintiff that could lead to disciplinary action, including suspension,

09016\325931651.v1

disqualification from promotions, damage to her professional reputation, and/or termination and further prevents the Plaintiff from bidding out to other open positions where the bidding process requires no pending disciplinary action.

**ANSWER:** Defendant denies the allegations contained in this paragraph, and denies that Plaintiff engaged in protected conduct and that Peter Lisuzzo filed an OPR complaint against Plaintiff.

103. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo continues to retaliate against Plaintiff NICOLE M. PAGANI because of her protected activities under 820 ILCS 115/14(c) by forcing her to defend herself and her career from a false, pretextual, and phony OPR Complaint while Defendants refuse to even state the factual basis for the OPR Complaint, resulting in ongoing emotional distress.

**ANSWER:** Defendant denies the allegations contained in this paragraph, and denies that Plaintiff engaged in protected conduct and that Peter Lisuzzo filed an OPR complaint against Plaintiff.

104. On or about December 30, 2024, Plaintiff NICOLE M. PAGANI engaged in protected activating [*sic*] under IWPCA, 820 ILCS 115/14(c) by filing a civil action in 2024-cv-13320 against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, and is about to testify against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and

THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, in that legal proceeding.

**ANSWER:** Defendant admits only that Plaintiff filed a lawsuit with the above mentioned case number on the above identified date, but denies all remaining allegations in this paragraph.

105. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, retaliating against Plaintiff NICOLE M. PAGANI in violation of 820 ILCS 115/14(c), pursuant to §14(c), the Plaintiff seeks all legal and equitable relief as may be appropriate including reinstatement to Squad 4 and reinstatement as a Task Force Officer or reinstatement to any other comparable positions lost wages, overtime, future lost overtime, seniority, lost fringe benefits, and compensatory damages for the emotional pain and suffering, loss of normal life, and damage to her professional reputation and any other pecuniary and non-pecuniary losses with interest and attorney's fees and litigation costs against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, jointly and severally.

**ANSWER:** Defendant denies that it committed any of the alleged retaliation and other violations asserted in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF

OF COOK COUNTY and each of them, for all damages allowed in excess of TWO MILLION

DOLLARS ($2,000,000.00) including the following:

    A.    Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

    B.    Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

    C.    Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

    D.    Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant respectfully requests that this Court reject Plaintiff's allegations and enter an order dismissing Plaintiff's Second Amended Complaint with prejudice and for all other relief that is equitable and just.

**COUNT VII**
**ILLINOIS WHISTLEBLOWER ACT**
**SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S**
**OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY.**

NOW COMES the Plaintiff NICOLE M. PAGANI by and through her Attorneys, BRIAN

J GRABER LLC and HAWKS QUINDEL S.C., complaining Defendants, SHERIFF OF COOK

COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART

in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them for retaliating against

her in violation of the Illinois Whistleblower Act, (IWA), 740 ILCS 174/1, et seq., in support

thereof, the Plaintiff states as follows:

    **ANSWER**: Defendant denies all allegations contained in this paragraph.

09016\325931651.v1

1-96. Plaintiff NICOLE M. PAGANI realleges Paragraphs 1-96 as Paragraphs 1-96 of Count VII against Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER**: Defendant realleges its answers to Paragraphs 1-96 as Paragraphs 1-96 and incorporates them herein.

97. At all times mentioned herein, it was a violation of the IWA, 740 ILCS 174/15(b) for the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and their agents and employees to retaliate against Plaintiff NICOLE M. PAGANI for disclosing information to a government or law enforcement agency where she has a reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

**ANSWER**: Defendant denies that Defendant engaged in any misconduct and denies all remaining allegations contained in this paragraph.

98. At all times mentioned herein, it was a violation of the IWA, 740 ILCS 174/20 for Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and their agents and employees to retaliate against Plaintiff NICOLE M. PAGANI for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation.

**ANSWER**: Defendant denies that Defendant engaged in any misconduct and denies all remaining allegations contained in this paragraph.

09016\325931651.v1

99. At all times mentioned herein, Plaintiff NICOLE M. PAGANI engaged in protected activities under the IWA, §15(b), §20, and §20.1, including disclosure of public corruption or wrongdoing.

**ANSWER**:  Defendant denies all allegations contained in this paragraph.

100. At all times mentioned herein, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and their agents and employees knew or should have known about Plaintiff NICOLE M. PAGANI's protected activities under the IWA, §15(b), §20, and §20.1, including disclosure of public corruption or wrongdoing.

ANSWER:  Defendant denies Plaintiff engaged in protected activity and denies the remaining allegations contained in this paragraph.

101. On or about January 8, 2024, Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executives employees, including but not limited to Peter G. Lisuzzo, Thomas J. Dart, Bradley Curry, Helen Burke, Nicholas Scouffas, Jennifer Black, and Erica Dillon violated the IWA, §15(b), §20, and §20.1 by retaliating against Plaintiff NICOLE M. PAGANI for her protected activities and reporting public corruption and wrongdoing by forcing her transfer and demotion from Squad 4 to Squad 3 and removing Plaintiff as a Task Force Officer.

**ANSWER**:  Defendant denies the allegations contained in this paragraph.

102. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including

09016\325931651.v1

but not limited to Peter G. Lisuzzo violated the IWA, §15(b), §20, and §20.1 by retaliating against Plaintiff NICOLE M. PAGANI for her protected activities and reporting public corruption and wrongdoing by filing a false and phony OPR complaint against the Plaintiff that could lead to disciplinary action, including suspension, disqualification from promotions, damage to her professional reputation, and/or termination and further prevents Plaintiff from bidding out to other positions where the bidding process requires no pending disciplinary action.

   **ANSWER**:  Defendant denies the allegations contained in this paragraph.

   103. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo violated the IWA, §15(b), §20, and §20.1 by continuing to retaliate against Plaintiff NICOLE M. PAGANI for her protected activities and reporting public corruption and wrongdoing by forcing her to defend herself and her career from false, pretextual, and phony OPR complaint that Defendants refuse to even state the factual basis for, resulting in ongoing emotional distress.

   **ANSWER**:  Defendant denies the allegations contained in this paragraph.

   104. Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, took the adverse employment action against Plaintiff NICOLE M. PAGANI to stop any further exposure of Cook County Sheriff's employees violating the Illinois and federal laws and public corruption in the Cook County Sheriff's Office.

   **ANSWER**:  Defendant denies the allegations contained in this paragraph.

09016\325931651.v1

105. On or about December 30, 2024, Plaintiff NICOLE M. PAGANI engaged in protected activity under IWA, 740 ILCS 174/15(a) by disclosing information in the U.S. District Court, 2024-cv-13320 where she had reasonable cause to believe that the information disclosed violations of State or federal laws, rules or regulations.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

106. Between December 30, 2024, to present Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; AND THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their managerial and executive employees, including but not limited to Peter G. Lisuzzo, Erica Dillon, Thomas J. Dart, Bardley Curry, Helen Burke, Jennifer Black, Nicholas Scouffas, and Tia Parks knew Plaintiff NICOLE M. PAGANI engaged in protected activity under 740 ILCS 174/15(a) by disclosing information in the U.S. District Court, 2024-cv-13320 where she had reasonable cause to believe that the information disclosed violations of State or federal laws, rules, or regulations.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

107. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, acting through their executive and managerial employees violating the IWA, §15(a), §15(b), §20, and §20.1, pursuant to 740 ILCS 174/30(1) and (2), the Plaintiff NICOLE M. PAGANI seeks an Order requiring the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, to reinstate her to Squad 4 and to the federal Task Force Officer position with the FBI or a comparable position as well as all lost backpay, wages, overtime, and fringe benefits,

09016\325931651.v1

earned medical and paid time off that she was forced to take, plus interest and any equitable relief deemed necessary and proper to clear her professional reputation.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

108. As a direct and proximate cause of Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violating the IWA, §15(a), §15(b), §20, and §20.1, pursuant to 740 ILCS 174/30(3), Plaintiff NICOLE M. PAGANI seeks reasonable attorney's fees, costs, and expert witness fees from Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

109. As a direct and proximate cause of the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF OF COOK COUNTY, and each of them, violating the IWA, §15(a), §15(b), §20, and §20.1, pursuant to 740 ILCS 174/30(3), Plaintiff NICOLE M. PAGANI seeks compensatory damages flowing from the forced transfer/demotion from Squad 4 and the termination of her position with the federal Task Force Officer with the FBI and the emotional distress flowing from the false, pretextual, and phony OPR complaint and the damage to her professional reputation, and from the continued retaliation from late November of 2024, through May 12, 2025.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Plaintiff NICOLE M. PAGANI demands judgement jointly and severally against the Defendants SHERIFF OF COOK COUNTY, THOMAS J. DART; COOK

09016\325931651.v1

COUNTY SHERIFF'S OFFICE; and THOMAS J. DART in his Official Capacity as SHERIFF

OF COOK COUNTY, and each of them, for all damages allowed in excess of TWO MILLION

DOLLARS ($2,000,000.00) including the following:

A.    Backpay, lost wages, overtime, lost fringe benefits, lost earned medical and paid time off, plus interest;

B.    Actual and compensatory damages for the mental and emotional pain and suffering, loss of normal life, and damage to Plaintiff's professional reputation flowing from the discrimination in an amount to be shown at trial;

C.    Equitable relief, including reinstatement to Squad 4 and as a federal Task Force Officer with the FBI with seniority and lost fringe benefits or to a comparable position, and all equitable relief to repair Plaintiff's professional reputation;

D.    Attorney's fees, expert witness fees, litigation costs, pre and post judgment interest, and such additional relief as may be just and warranted in this action.

**ANSWER:**  Defendant denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant respectfully requests that this Court reject Plaintiff's allegations and

enter an order dismissing Plaintiff's Second Amended Complaint with prejudice and for all other

relief that is equitable and just.

**COUNT VIII**
**COOK COUNTY**
**INDEMNIFICATION**

**This count is not directed toward Defendant Sheriff's Office, and therefore Defendant**

**makes no answer to the corresponding allegations.**

WHEREFORE, Defendant respectfully requests that this Court reject Plaintiff's Second Amended

Complaint in its entirety and enter an order dismissing Plaintiff's Second Amended Complaint

with prejudice and for all other relief that is equitable and just.

**<u>AFFIRMATIVE DEFENSES</u>**

1.    **Failure to Exhaust Administrative Remedies 1**. Plaintiff cannot base any retaliation alleged in the Charges of Discrimination filed on June 6, 2025, on purported protected activity alleged in the initial Charges of discrimination filed on October 25, 2024, because such allegations would be outside the scope of the October 25, 2024 Charge, and would require dismissal based on Plaintiff's failure to exhaust administrative remedies.

09016\325931651.v1

2. **Failure to Exhaust Administrative Remedies 2.**  Plaintiff has not received a Right to Sue letter from the EEOC, which is a requirement prior to filing a lawsuit alleging claims under Title VII.  Specifically, Plaintiff has not received a Right to Sue letter from the EEOC as to the EEOC Charge that was dual filed with IDHR Charge No. 2025CF0532 (believed to be EEOC Charge No. 21B-2025-00106).  Furthermore, Plaintiff has not received a Right to Sue letter from the Department of Justice as to the aforementioned EEOC Charge.

3. **Failure to Exhaust Administrative Remedies 3.**  Plaintiff has not received a Notice of Opt Out/Right to File a Civil Action from the Illinois Department of Human Rights (IDHR), which is a requirement prior to filing a lawsuit alleging claims under the Illinois Human Rights Act (IHRA).  Specifically, Plaintiff has not received such Notice regarding IDHR Charge Numbers 2025 CF 0531, 2025 CF 0532, 2025 CF 0533.

4. **Discretionary Immunity**. Given the purported adverse actions alleged by Plaintiff involve discretionary decision-making, immunity shields Defendant from Plaintiff's state claims. A public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

5. **Public Employer Immunity where Employee Not Liable**. To the extent an employee could not be liable for an injury resulting from his act or omission, the Sheriff's Office is not liable for the injury.  745 ILCS 10/1-209.

6. **No Punitive Damages.** A local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party, and a public official is not liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity.  745 ILCS 10/2-102.

7. **Statute of Limitations.** No civil action may be commenced in any court against a local entity or any of its employees for any injury (other than certain actions arising out of patient care) unless it is commenced within one year from the date that the injury was received or the cause of action accrued. 745 ILCS 10/8-101.

8. **Unclean Hands.**  Plaintiff failed to properly investigate, report, document, and preserve records, which contributed and/or perpetuated some of the alleged employee misconduct, which she relies on for her claims of whistleblowing to Sheriff's Office/Executive Director Lisuzzo under the IWA.

## <u>JURY DEMAND</u>

Defendant demands a trial by jury.

09016\325931651.v1

Respectfully Submitted,

/s/  V. Brette Bensinger
One of the attorneys for
Defendant Cook County Sheriff's Office

Counsel for Defendant
Cook County Sheriff's Office
Robert T. Shannon
V. Brette Bensinger
Hinshaw & Culbertson LLP
151 N. Franklin St., Suite 2500
Chicago, IL  60606

09016\325931651.v1